Mónica Balderrama (SBN 196424)
MBalderrama@InitiativeLegal.com
David Cheng (SBN 240926)
DCheng@InitiativeLegal.com
Initiative Legal Group APC
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone:   (310) 556-5637
Facsimile:    (310) 861-9051

Attorneys for All Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIE POPE, et al., | Case No.:  2:10-cv-02807-WBS-KJM |
| Plaintiffs, | Hon. William B. Shubb |
| vs. | **PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| WELLS FARGO BANK, N.A., a Delaware corporation; and DOES 1 through 10, inclusive, | |
| Defendants. | Date:    November 22, 2010<br>Time:    2:00 p.m.<br>Place:   Courtroom 4, 14th Floor |
| | Complaint Filed:    October 1, 2010 |
| | Action Removed:    October 18, 2010 |

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................ 1

II. ARGUMENT ...................................................................................................... 3

    A. The Hon. Percy Anderson's Remand Orders Should Be Followed In This Case ............................................................................. 3

    B. CAFA Diversity Jurisdiction Is Irrelevant To Determining The Existence Of Federal Question Jurisdiction Here .......................... 4

    C. Defendant Has Failed To Show That The Section 17200 Claim Depends Upon Federal Law ................................................................ 5

    D. Federal Defenses Do Not Create Federal Jurisdiction ........................... 8

    E. Removal Must Be Shown Within The Four Corners Of A Pleading .................................................................................................. 9

    F. Defendant's Misrepresentation Of Plaintiffs' Counsel's Statements Does Not Create Federal Jurisdiction .............................. 10

        1. Defendant's Description of the "Meet and Confer" Session Is Inaccurate ................................................................... 10

        2. Parties Cannot Create Jurisdiction by Admission or Estoppel ..................................................................................... 11

    G. Defendant May Not Base Federal Jurisdiction Here On The Fact That Other Wells Fargo Employees Have Filed Actions In Federal Court .................................................................... 12

III. CONCLUSION .................................................................................................. 13

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Brennan v. Southwest Airlines*, 134 F.3d 1405 (9th Cir. 2004) ........................ 6, 7

*Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987) ............................................... 9

*Corning Glass Works v. Brennan*, 417 U.S. 188 (1974)........................................ 9

*Duncan v. Stuetzle*, 76 F.3d 1480 (9th Cir. 1996) .................................................. 7

*Galindo v. Fed. Home Loan Mortg. Corp.*, 2010 U.S. Dist. LEXIS
    105677, 1 (C.D. Cal. Sept. 14, 2010) .............................................................. 6

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S.
    308 (2005)........................................................................................................ 6

*Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689 (9th Cir. 2005)......................... 9

*In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 2010 U.S. Dist.
    LEXIS 3132 (N.D. Cal. Jan. 13, 2010) ("*Mevorah*").............................. *passim*

*Janakes v. United States Postal Service*, 768 F.2d 1091 (9th Cir.
    1985)............................................................................................................... 11

*Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033 (9th Cir. 2003)............. 5, 9

*National Credit Reporting Assn.*, 2004 U.S. Dist. LEXIS 17303..................... 7, 8

*Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165 (1939)................... 11

*People ex rel. Lockyer v. Dynegy Power Marketing*, 375 F.3d 831
    (9th Cir. 2004) ............................................................................................. 6, 7

*Rains v. Criterion Sys.*, 80 F.3d 339 (9th Cir. Cal. 1996)...................................... 5

*Richardson v. United States*, 943 F.2d 1107 (9th Cir. 1991)............................... 11

*Roskind v. Morgan Stanley Dean Witter & Co.*, 165 F. Supp. 2d 1059
    (N.D. Cal. 2001) ............................................................................................. 5

*Taiwan Semiconductor Manufacturing Company, LTD, et al. v.
    Semiconductor Manufacturing International Corporation*, 2004
    U.S. Dist. LEXIS 29717 (N.D. Cal., April 21, 2004) ...................................... 5

*Taylor v. Anderson*, 234 U.S. 74, 58 L. Ed. 1218, 34 S. Ct. 724 (1914) .................................................................................................. 9

*Wiley v. Trendwest Resorts, Inc.*, 2005 U.S. Dist. Lexis 35568 (N.D. Cal., May 3, 2005) ...................................................................... 7, 8

**STATE CASES**

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163 (1999) ................................................................ 7

**FEDERAL STATUTES**

26 U.S.C.S. § 7422(a) ............................................................................... 6

28 U.S.C. § 1331 ...................................................................................... 4

28 U.S.C. § 1367 .................................................................................... 12

Class Action Fairness Act (CAFA) .............................................. *passim*

Fair Labor Standards Act (FLSA) ................................................ *passim*

Economic Espionage Act .......................................................................... 5

Natural Gas Act ......................................................................................... 7

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17200 .................................................. *passim*

Cal. Code Regs. 11040(3)(A) ................................................................ 10

Cal. Code Regs. 11040(3)(B) ................................................................ 10

Cal. Code Regs. 11040(3)(C) ................................................................ 10

Cal. Code Regs. 11040(3)(D) ................................................................ 10

Cal. Lab. Code § 510 ..................................................................... 3, 6, 7, 8

## I. INTRODUCTION

Defendant's Opposition further serves to demonstrate why this case belongs in state court. The bulk of the Opposition presents the flawed argument that because the *In re Wells Fargo Home Mortg. Overtime Pay Litig.*, case number C06-01770 MHP, 2010 U.S. Dist. LEXIS 3132 (N.D. Cal. Jan. 13, 2010) ("*Mevorah")* class action by Wells Fargo employees was removable under CAFA diversity jurisdiction, their individual actions must be removable under *federal question* jurisdiction. However, the analyses of federal jurisdiction under these different theories are distinct and not comparable. In fact, just as it is here, it is generally not the case that a complaint removable in diversity also states a federal question.

Defendant argues that this action is "essentially identical" to the existing *Urso* tag-along actions,[1] which are presently before this Court, so federal jurisdiction must exist here. This characterization and conclusion are not accurate. First, the multiple tag-along actions pending in this Court were initially filed in federal court and each states a stand alone claim for violation of the federal Fair Labor Standards Act ("FLSA"). Plaintiffs bring no such claim here. Second, the "core issue" here is whether Defendants committed the numerous listed violations of the California Labor Code. Federal exemptions, to the extent they matter at all, are affirmative defenses which would not support federal jurisdiction even if they applied to all the state Labor Code violations.

Defendant's remaining arguments are equally misguided. First, Defendant argues that Plaintiffs' counsel somehow "admitted" that Plaintiffs' claim under Section 17200 of the California Business and Professions Code is exclusively based on the FLSA. Plaintiffs' counsel did not "admit" the existence of federal jurisdiction—nor could federal jurisdiction be created by an admission.

---

[1] Caroline Urso was a substitute plaintiff for *Mevorah* and her action continues as an individual under what is left of the class action complaint.

1  Second, Defendant argues that it may remove the Section 17200 claim because it believes it can raise a defense to all of Plaintiffs' state law claims that form the core of that action, leaving only an FLSA claim.  There is no authority for such a procedure.  A defendant cannot gin up federal jurisdiction by deliberately ignoring Plaintiffs' state law claims or seeking what would amount to an advance ruling on potential defenses under state law to those claims.  Moreover, as set forth in greater detail below, Defendant is simply incorrect as to availability of its affirmative defenses under California law.

In short, Defendant's Opposition fails to address the main issue presented, that federal removal jurisdiction is to be narrowly construed, and that courts do not permit removal of a Section 17200 claim, even under the "artful pleading" doctrine, *unless it is not supported by any state law theories*.  To justify federal removal jurisdiction here, Defendant needed to present a clear basis for removal that addressed this precise issue of law, not threadbare accusations of "disguising" federal issues.

The lack of federal question jurisdiction has, in fact, already been determined in four sister cases filed by different plaintiffs in other counties.  This Court should follow the lead of the Hon. Percy Anderson of the Central District of California in remanding four sister cases for lack of federal question jurisdiction.  Judge Anderson remanded *Williams, et al. v. Wells Fargo Bank, N.A.*, Los Angeles Superior Court case number BC438024 (upon removal, U.S. District Court case number CV10-4761 PA (PJWx)) ("*Williams*"), on August 9, 2010; *Sosa, et al. v. Wells Fargo Bank, N.A*, Riverside County Superior Court case number RIC10011491 (upon removal, U.S. District Court case number 5:10-cv-01098 PA (PJWx)) ("*Sosa*"), on September 17, 2010; *McLane, et al. v. Wells Fargo Bank, N.A*, Orange County Superior Court case number 30-2010-00377574-CU-OE-CJC (upon removal, U.S. District Court case number SACV 10-01085 PA (PJWx)) ("*McLane*"), on September 17, 2010; and *Gagliano, et*

*al. v. Wells Fargo Bank, N.A*, San Bernardino County Superior Court case number CIVDS1008071 (upon removal, U.S. District Court case number 5:10-cv-01378 PA (PJWx)) ("*Gagliano*"), on October 1, 2010.  The orders in all four cases are thorough and comprehensive.  There is no reason to reach a different result here, and courts should avoid inconsistent results.  Filed herewith are full copies of the remand orders and the notices of removal in the *Williams*, *Sosa*, *McLan*, and *Gagliano* cases, as well as full copies of the *Williams*, *Sosa*, *McLane* and *Gagliano* complaints, showing that they are nearly identical to this case.  *See* Exhibits 1-12 to the Declaration of Mónica Balderrama ("Balderrama Decl.").  Plaintiffs request that their motion to remand be granted.

## II.     ARGUMENT

### A.     The Hon. Percy Anderson's Remand Orders Should Be Followed In This Case

The complaints in *Williams*, *Sosa*, *McLane* and *Gagliano* were filed on May 20, 2010, June 9, 2010, June 2, 2010 and June 9, 2010, respectively.  The causes of action in all these sister cases are identical to the causes of action in this case—all four cases allege as follows:  (1) Violation of California Labor Code Sections 510 and 1198 (Unpaid Overtime); (2) Violation of California Labor Code Sections 2800 and 2802 (Unpaid Business Expenses); (3) Violation of California Labor Code Sections 201 and 202 (Wages Not Timely Paid Upon Termination); (4) Violation of California Labor Code Section 204 (Wages Not Timely Paid During Employment); (5) Violation of California Labor Code Section 226(a) (Non-compliant Wage Statements); and (6) Violation of California Business & Professions Code Sections 17200, et seq.  *See generally* Exhibits 1-4 to the Balderrama Decl.

The Hon. Percy Anderson's remand orders are determinative because the remanded cases present the same theories and facts as this case.  Judge Anderson reviewed the case law and determined in thorough opinions that each of

*Williams, Sosa, McLane* and *Gagliano* (the "Remand Orders") were improperly removed and should be remanded to state courts for lack of federal jurisdiction. The Remand Orders hold that where, as here, a Section 17200 cause of action "borrowed" violations of both state and federal theories, each was independently actionable and the cause of action could not be said to arise from or depend on federal law. *See* Exhibits 9-12 to the Balderrama Decl. at 3.

The Remand Orders further agree that Defendants' arguments about the applicability of a state-law defense to the claim that employees were improperly classified as "exempt" were not well taken in evaluating whether federal jurisdiction existed. *See* Exhibits 9-12 to the Balderrama Decl. at 3.

Accordingly, this Court should concur in these rulings and remand this case back to state court. There is no cause for inconsistent rulings with respect to this action.

### B. CAFA Diversity Jurisdiction Is Irrelevant To Determining The Existence Of Federal Question Jurisdiction Here

Defendants argue that the removal of the *Mevorah* class action in 2005 means that federal jurisdiction must exist over similar actions by individual plaintiffs. However, the differences between the two actions, and the jurisdictional questions posed by them, is not trivial. The *Mevorah* class action was removed under the Class Action Fairness Act codified at 28 U.S.C. § 1332(d)(2) ("CAFA") which expands *diversity* jurisdiction in class action cases. No federal question need be present; no determination of whether a federal question exists is ever made in such a case. Indeed, the reason for invoking CAFA (with its somewhat complicated amount-in-controversy requirements) is usually that federal question jurisdiction would not otherwise exist.

Here, by contrast, the sole basis for removal was federal question jurisdiction under 28 U.S.C. § 1331, not diversity. *See* Notice of Removal,

1   Docket Entry No. 1.  There is no dispute that the only possible basis for federal
2   question jurisdiction here is a single line in the complaint alleging that the acts
3   that violate state labor laws, for which redress is sought under Section 17200 of
4   the California Business and Professions Code, may also contravene the FLSA.
5   This issue of federal question jurisdiction was not relevant to removing the
6   *Mevorah* class action.

7   **C.     Defendant Has Failed To Show That The Section 17200 Claim**
8   **       Depends Upon Federal Law**

9   As explained in *Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033,
10  1043 (9th Cir. 2003) (citing *Rains v. Criterion Sys.*, 80 F.3d 339, 346 (9th Cir.
11  Cal. 1996) ("[w]hen a claim can be supported by alternative and independent
12  theories - one of which is a state law theory and one of which is a federal law
13  theory - federal question jurisdiction does not attach because federal law is not a
14  necessary element of the claim.")  The *Lippitt* court remanded the action because
15  the federal claim at issue there was not *necessary* to the maintenance of the
16  action under Section 17200.  *See also Roskind v. Morgan Stanley Dean Witter &*
17  *Co.*, 165 F. Supp. 2d 1059, 1067 (N.D. Cal. 2001) (finding that because the
18  unlawful prong of plaintiff's Section 17200 claim could be satisfied by either
19  state or federal law, remand was proper); *Taiwan Semiconductor Manufacturing*
20  *Company, LTD, et al. v. Semiconductor Manufacturing International*
21  *Corporation*, 2004 U.S. Dist. LEXIS 29717, at * 16 (N.D. Cal., April 21, 2004)
22  (finding that although plaintiffs alleged, as part of their Section 17200 claim, that
23  defendant conspired to misappropriate trade secrets in violation of the Federal
24  Economic Espionage Act of 1996, this allegation did not transform the Section
25  17200 claim into a federal cause of action).

26  Throughout Defendant's opposition, Defendant misrepresents Plaintiffs'
27  complaint and argues that Plaintiffs are seeking recovery under the UCL based
28  exclusively on a violation of the FLSA.  The reference to the FLSA, however, is

PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO REMAND; MEMORANDUM OF PS & AS IN SUPPORT THEREOF

insufficient to make a violation of the FLSA *necessary* to obtaining relief under Section 17200.  In fact, the Section 17200 claim seeks recovery based on violations of Sections 510, 1198, 226.7, 512(a), 201, 202, 204, 2800 and 2802 of the California Labor Code, and makes only a single, additional reference to the FLSA.  "Invoking a federal issue or provision is not 'a password opening federal courts to any state action embracing a point of federal law.'" *Galindo v. Fed. Home Loan Mortg. Corp.*, 2010 U.S. Dist. LEXIS 105677, 1-2 (C.D. Cal. Sept. 14, 2010) quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

All of Defendant's authorities for the proposition that a Section 17200 claim can be the basis for federal question jurisdiction consist of cases where issues of federal law were the *only* issues presented.  For example, Defendant cites *Brennan v. Southwest Airlines*, 134 F.3d 1405, 1409 (9th Cir. 2004) and *People ex rel. Lockyer v. Dynegy Power Marketing*, 375 F.3d 831, 841 n.6 (9th Cir. 2004) for the proposition that a federal court should exercise federal jurisdiction over a UCL claim that is based upon an alleged violation of federal law that requires interpretation of that federal law.  In *Brennan*, *supra*, the court found that the express language of 26 U.S.C.S. § 7422(a) established that plaintiff had filed a tax refund suit.  *Brennan*, 134 F.3d at 1409.  Since it was well-established that the federal law, the Internal Revenue Code, provided the exclusive remedy in tax refund suits and preempted state-law claims that seek tax refunds, the court found that federal subject matter jurisdiction existed.  *Id.*  There is no such exclusive remedy for wage and hour lawsuits.  On the contrary, California Labor Code provides various kinds of remedies for wage and hour violations that are different from and not inconsistent with those provided by the FLSA.  There is, in short, no pre emption of the wage and hour field by federal law.

Similarly, in *People ex rel. Lockyer*, *supra*, in finding federal subject

PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO REMAND; MEMORANDUM OF PS & AS IN SUPPORT THEREOF

matter jurisdiction, the federal court found that the complaint presented no independent state law claim and that it was simply an action to enforce federal tariffs. *People ex rel. Lockyer*, 375 F.3d at 840. As in *Brennan*, the federal court in *People ex rel. Lockyer* found jurisdiction because the federal law at issue, the Natural Gas Act, preempted state law so plaintiffs alleged a claim to enforce an obligation that fell within the exclusive jurisdiction of federal courts. Also, in its ruling, the *People ex rel. Lockyer* court properly cites to *Duncan v. Stuetzle*, 76 F.3d 1480, 1486 (9th Cir. 1996), where the court held that "[i]f single state-law based theory of relief can be offered for each of the three causes of action in the complaint, then the exercise of removal jurisdiction was improper." *Id.* at 841. Here, every one of the six causes of action in Plaintiffs' complaint seeks relief based on state law theories, and the face of the complaint does not require resolution of a federal law question.

Thus, these three cases emphasize that to invoke federal subject matter jurisdiction, a Section 17200 claim must rest, be predicated on, and turn entirely upon an interpretation of federal law, which is not the case here. The Section 17200 claim here rests, is predicated on, and turns almost entirely on the interpretation of California state law, which is not altered by an additional reference to violations of sections 206 and 207 of the FLSA. Plaintiffs' reference to FLSA violations in the Sixth Cause of Action alleging a Section 17200 violation, piggybacks on the violations of numerous sections of the California Labor Code such as 510, 1198, 226.7, 512(a), 201, 202, 204, 2800 and 2802, which are the primary source of liability for that cause of action.

Defendant also cites to *National Credit Reporting Assn.*, 2004 U.S. Dist. LEXIS 17303 (N.D. Cal., July 21, 2004), *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 180 (1999), and *Wiley v. Trendwest Resorts, Inc.*, 2005 U.S. Dist. Lexis 35568 (N.D. Cal., May 3, 2005), for the proposition that federal court has subject matter jurisdiction because

Plaintiffs alleged "unfair, unlawful and deceptive" acts that violate federal law as part of a UCL claim.  However, none of these cases are applicable because the plaintiffs in those three cases alleged *only* federal law violations as the bases for Section 17200 claims.  The Court in *National Credit Reporting Assn.*, *supra*, emphasized that "plaintiff's claim for unlawful business practices necessarily rests on questions of federal antitrust law"—a finding that cannot be made here. *National Credit Reporting Assn.*, 2004 U.S. Dist. LEXIS 17303, at *8-9.  In contrast, the Plaintiffs' Section 17200 UCL claim here does not necessarily rest on questions of federal law, but rather is predicated on multiple violations of California state law.

Finally, Defendant argues that *Wiley v. Trendwest Resorts, Inc.*, 2005 U.S. Dist. Lexis 35568 (N.D. Cal., May 3, 2005), stands for the proposition that the motion to remand is proper in an action seeking restitution of overtime under the UCL where a violation of the FLSA was the "unlawful act" borrowed for purposes of the UCL.  However, in *Wiley*, once again remand was proper because the cause of action for violation of Section 17200 was based *only* on a violation of § 207 of the FLSA.  *Id.* at *2.  The plaintiffs in *Wiley* did not allege even one state law violation as an alternative predicate for a Section 17200 UCL claim.  *Id.*

Thus, none of Defendant's authorities justify finding federal subject matter jurisdiction where a complaint pleads violations of sections 510, 1198, 226.7, 512(a), 201, 202, 204, 2800 and 2802 of the California Labor Code as a predicate for a Section 17200 UCL claim.

### D.   Federal Defenses Do Not Create Federal Jurisdiction

In its Opposition, Defendant avers that federal jurisdiction exists because, it argues, the critical issues in this case will be the application of three exemptions under the FLSA. (Def.'s Mem. p. 11.)  This is inaccurate, as will be seen below.  But even if these federal defenses were the only issues here, that

would not create federal jurisdiction.  It is black-letter law that a defendant cannot create federal jurisdiction by alleging affirmative defenses.  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 399 (1987) ("Congress has long since decided that federal defenses do not provide a basis for removal.")  Similarly, it is beyond dispute that the availability of an exemption under the FLSA is an affirmative defense on which a defendant bears the burden of proof.  *See Corning Glass Works v. Brennan*, 417 U.S. 188, 196-197 (1974) ("the application of an exemption under the Fair Labor Standards Act is a matter of affirmative defense on which the employer has the burden of proof.").  Thus, Defendant's averrals concerning potential federal defenses are simply not relevant to the existence of federal question jurisdiction here.

### E. Removal Must Be Shown Within The Four Corners Of A Pleading

As explained in *Lippitt*, 340 F.3d at 1039, the "well-pleaded complaint rule" confines the jurisdictional analysis to the face of the complaint.[2]  Defendant's potential defenses may not be considered in the analysis.  *Lippitt* quoted the Supreme Court as follows:

> Whether a case is one arising under the Constitution or a law or treaty of the United States . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, *unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant might interpose*.

*Lippitt*, 340 F.3d at 1040, quoting *Taylor v. Anderson*, 234 U.S. 74, 75-76, 58 L. Ed. 1218, 34 S. Ct. 724 (1914) (emphasis added).

Accordingly, Defendant cannot assert a state law defense to state law violations—and ask this Court to effectively rule on that defense in its favor—in

---

[2] This rule is not unique to federal question jurisdiction.  The same requirement exists for removal in diversity cases under *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692-693 (9th Cir. 2005).

1 order to jettison the state law bases for the Section 17200 claim.  The well-
2 pleaded complaint rule precludes such a ruling on a motion to remand.
3 Defendant has presented no authority for finding federal subject matter
4 jurisdiction where a defendant avers it might be able to eliminate the state law
5 basis for a Section 17200 claim in the future.

6      Finally, Defendant's assertion that the California "commissioned sales
7 exemption clearly applies" is also a factually and legally flawed argument that
8 ignores key facts of this complaint.  First, the claims for meal and rest breaks
9 would be unaffected by any California "commissioned sales exemption."  *See* 8
10 Cal. Code Regs. § 11040(3)(D) (limiting scope of exemption to 8 Cal. Code
11 Regs. § 11040(3)(A-C)).  Second, many Plaintiffs here had pay periods in which
12 they received only a "draw"—no commissions at all.  The complaint does not
13 allege (much less "admit") that "more than half" the pay of each was in
14 commissions at all times along with pay in excess of 1½ times the minimum
15 wage at all times, which is required before the "commissioned sales exemption"
16 could apply.  *See* 8 Cal. Code Regs. § 11040(3)(D).  Third, the complaint alleges
17 violations of California statutes requiring reimbursement of business expenses
18 and accurate wage statements with no federal counterpart.

19      Defendant cannot simply read valid state law claims and theories out of
20 the complaint to try to create federal jurisdiction.

21      **F.**    **Defendant's Misrepresentation Of Plaintiffs' Counsel's**
22            **Statements Does Not Create Federal Jurisdiction**
23            **1.**    **Defendant's Description of the "Meet and Confer" Session**
24                   **Is Inaccurate**

25      During the parties' "meet and confer" session, Defense counsel asked
26 Plaintiffs' counsel if she would be willing to delete the line in the complaint
27 referring to the alternative theory of violation of the FLSA.  She declined to do
28 so.  Defendant (as it had obviously planned to) seeks to use that answer to argue

that federal subject matter jurisdiction exists in this case. However, this is a non-issue. A "belt-and-suspenders" approach to pleading is just good practice. It was certainly not an admission that the "commissioned sales exemption" applied to any Plaintiff, or, indeed, that any state or federal exemption applied.

In addition, defense counsel's declaration is inaccurate in that it states that Plaintiffs' counsel, Ms. Beneli, represented that the FLSA claim was an "independent" basis for the Section 17200 claim. No such statement was made. The assertion by Defense counsel is belied by the emails exchanged between counsel (confirming and responding). After reading this email exchange, it is obvious that these emails do not refer to such a statement. *See* Declaration of Liana Beneli ("Beneli Decl."), ¶¶ 2-5; *see also* Exhibits 1 and 2 to the Beneli Decl.

### 2. Parties Cannot Create Jurisdiction by Admission or Estoppel

At any rate, even if Plaintiffs' counsel had stated outright that federal jurisdiction existed here, such a statement would not create jurisdiction or affect this Court's inquiry on motion to remand. The parties cannot create jurisdiction by stipulation, waiver, or admission. *See Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 167 (1939) ("The jurisdiction of the federal courts—their power to adjudicate—is a grant of authority to them by Congress and thus beyond the scope of litigants to confer."); *Richardson v. United States*, 943 F.2d 1107, 1112 (9th Cir. 1991) ("Subject matter jurisdiction cannot be conferred upon the courts by the actions of the parties and principles of waiver and estoppel do not apply."); *Janakes v. United States Postal Service*, 768 F.2d 1091, 1095 (9th Cir. 1985) ("parties cannot by stipulation or waiver grant or deny federal subject matter jurisdiction.").

### G. Defendant May Not Base Federal Jurisdiction Here On The Fact That Other Wells Fargo Employees Have Filed Actions In Federal Court

Defendant argues that although the class in *Mevorah* was decertified, federal question jurisdiction still remains for those *claims* that putative class members decided to bring on an individual basis. This argument is misguided. It might have been possible for the federal court to retain jurisdiction under 28 U.S.C. § 1367 (supplemental jurisdiction) over Plaintiff Mevorah's individual action even though the basis for jurisdiction under the Class Action Fairness Act ("CAFA") had been effectively extinguished, but that question has no bearing on any new or different lawsuits by different plaintiffs over which (and over whom) the Court has not already asserted jurisdiction.

Defendant fails to demonstrate (1) that the other cases pending in federal court (filed by different counsel, not Initiative Legal Group) make the same allegations as this complaint or (2) that if they are the same, that federal question jurisdiction exists in those cases. There can be no issue of estoppel or admission here, in that none of the cases for which Initiative Legal Group is counsel were originally filed in federal court (and four cases which Defendant removed have already been remanded to state court).

In fact, in each of the other 29 or so cases pending in federal court with other counsel, the plaintiff alleged a specific cause of action for the violation of the FLSA by itself, a cause of action for which the FLSA is plainly necessary and the exclusive basis. As a result, there is no question in these 29 or so cases that federal subject matter jurisdiction likely exists. (*See* Exhibit 13 to the Balderrama Decl., a representative complaint for one of the plaintiffs that ILG does not represent.) Simply put, where or how other counsel choose to plead and file their cases has no bearing on whether subject matter jurisdiction exists here.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the motion be granted and the case remanded to the Superior Court for the County of Solano or for any other relief that this Court deems just and proper.

Dated:  November 15, 2010               Respectfully submitted,

                                        Initiative Legal Group APC


                                        By: /s/ Mónica Balderrama
                                        Mónica Balderrama
                                        David Cheng

                                        Attorneys for All Plaintiffs