1    Mónica Balderrama (SBN 196424)
     MBalderrama@InitiativeLegal.com
2    David Cheng (SBN 240926)
     DCheng@InitiativeLegal.com
3    Initiative Legal Group APC
     1800 Century Park East, 2nd Floor
4    Los Angeles, California 90067
     Telephone:   (310) 556-5637
5    Facsimile:   (310) 861-9051

6    Attorneys for All Plaintiffs

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   MARIE POPE, et al.,                 | Case No.:  2:10-cv-02807-WBS-KJM

12             Plaintiffs,                | Hon. William B. Shubb

13        vs.                            | **DECLARATION OF MÓNICA
                                           BALDERRAMA IN SUPPORT OF
14   WELLS FARGO BANK, N.A., a            | PLAINTIFFS' REPLY TO
     Delaware corporation; and DOES 1    | DEFENDANT'S OPPOSITION TO
15   through 10, inclusive,               | MOTION TO REMAND**

16             Defendants.               | Date:       November 22, 2010
                                           Time:       2:00 p.m.
17                                         Place:      Courtroom 5, 14th Floor

18                                         Complaint Filed:   October 1, 2010

19                                         Action Removed:  October 18, 2010

20

21

22

23

24

25

26

27

28

*Left margin:* INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

---

DECLARATION OF MÓNICA BALDERRAMA ISO PLAINTIFF'S MOTION TO REMAND

# DECLARATION OF MÓNICA BALDERRAMA

I, Mónica Balderrama, hereby declare:

1.      I am an attorney with Initiative Legal Group APC, counsel to Plaintiffs Pope, et al. in the above-entitled action, and I am a member in good standing of the California State Bar.  I am admitted to practice before the United States District Court, Eastern District of California.  I make this declaration based on my personal knowledge, and if called as a witness, I could and would testify competently to the facts stated therein.  I make this declaration in support of Plaintiffs' reply to Defendant's opposition to motion to remand.

2.      Exhibit 1 is a true and correct copy of the complaint filed in *Williams, et al. v. Wells Fargo Bank, N.A*, Los Angeles Superior Court case number BC438024 (upon removal, U.S. District Court case number CV10-04761 PA (PJWx)) ("*Williams*").

3.      Exhibit 2 is a true and correct copy of the first amended complaint filed in *McLane, et al. v. Wells Fargo Bank, N.A*, Orange County Superior Court case number 30-2010-00377574-CU-OE-CJC (upon removal, U.S. District Court case number SACV 10-01085 PA (PJWx)) ("*McLane*").

4.      Exhibit 3 is a true and correct copy of the first amended complaint filed in *Sosa, et al. v. Wells Fargo Bank, N.A*, Riverside County Superior Court case number RIC10011491 (upon removal, U.S. District Court case number 5:10-cv-01098 PA (PJWx)) ("*Sosa*").

5.      Exhibit 4 is a true and correct copy of the complaint filed in *Gagliano, et al. v. Wells Fargo Bank, N.A*, San Bernardino County Superior Court case number CIVDS1008071 (upon removal, U.S. District Court case number 5:10-cv-01378 PA (PJWx)) ("*Gagliano*").

6.      Exhibit 5 is a true and correct copy of the notice of removal that Defendant filed in *Williams*.

7.      Exhibit 6 is a true and correct copy of the notice of removal that

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1  Defendant filed in *McLane*.

2      8.    Exhibit 7 is a true and correct copy of the notice of removal that

3  Defendant filed in *Sosa*.

4      9.    Exhibit 8 is a true and correct copy of the notice of removal that

5  Defendant filed in *Gagliano*.

6      10.   Exhibit 9 is a true and correct copy of Judge Anderson's Order,

7  dated August 9, 2010, remanding *Williams* to the Superior Court for the County

8  of Los Angeles.

9      11.   Exhibit 10 is a true and correct copy of Judge Anderson's Order,

10  dated September 17, 2010, remanding *McLane* (also known as *Overfield, et al. v.*

11  *Wells Fargo Bank, N.A.*) to the Superior Court for the County of Orange.

12      12.   Exhibit 11 is a true and correct copy of Judge Anderson's Order,

13  dated September 17, 2010, remanding *Sosa* to the Superior Court for the County

14  of Riverside.

15      13.   Exhibit 12 is a true and correct copy of Judge Anderson's Order,

16  dated September 29, 2010 remanding *Gagliano* to the Superior Court for the

17  County of San Bernardino.

18  ///

19  ///

20  ///

21

22

23

24

25

26

27

28

DECLARATION OF MÓNICA BALDERRAMA ISO PLAINTIFF'S MOTION TO REMAND

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    14.    Exhibit 13 is a true and correct copy of a representative complaint

2  originally filed in federal court in about 29 cases by other plaintiff's attorneys.

3  McInerney & Jones and Dostart Clapp Gordon & Coveney, LLP filed this

4  particular case, *Sanchez v. Wells Fargo Bank, N.A.*, case number CV 10-0909

5  MHP, on March 3, 2010.  It is my understanding that the 29 cases have

6  essentially similar complaints, each with the same stand alone FLSA cause of

7  action as a basis for federal jurisdiction.

8    I declare under penalty of perjury under the laws of the United States of

9  America that the foregoing is true and correct.  Executed this 15th day of

10  November, 2010, at Los Angeles, California.

11

12

13

14

15    _____

16    Mónica Balderrama

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF MÓNICA BALDERRAMA ISO PLAINTIFF'S MOTION TO REMAND

# EXHIBIT 1

*Pope, et al. v. Wells Fargo Bank, N.A.*
Case No.: 2:10-cv-02807-WBS-KJM
DECLARATION OF MÓNICA BALDERRAMA IN SUPPORT OF PLAINTIFFS' REPLY TO
DEFENDANT'S OPPOSITION TO MOTION TO REMAND



Mónica Balderrama (SBN 196424)
MBalderrama@InitiativeLegal.com
David Cheng (SBN 240926)
DCheng@@InitiativeLegal.com
Liana Beneli (SBN 256023)
LBeneli@InitiativeLegal.com
Initiative Legal Group APC
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone: (310) 556-5637
Facsimile: (310) 861-9051

Attorneys for All Plaintiffs

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 2 0 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
DOROTHY SWAIN

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

BC438024

DENETRICE WILLIAMS, GREGORY
SCHNEIDER, ALPHONSO RUDOLPH,
DELORICE RICHARDSON, EARL
REASON, MARK HAMILTON,
MATHRO PARYANI, MICHELLE
HAYNES, RODRIGO VIANNA, SANDY
BARRESI, STANLEY SHECHTMAN,
STEVE SHIRZADI, STEVEN FOX,
JONATHAN FAROOK, MICHAEL
ALDAY, JAYSON BIACAN, OCTAVIO
NAVARRO, DENNIS DONOHUE,
JOYCE DRAKE, BRIAN ROBBINS,
DAWN WILEY, JONATHAN SHRUM,
DEBORAH RUSSELL, ERIC HORVAT,
MANUEL ESPARZA, JESSICA
ROBINSON, KARIN BATES
LASKOWSKI, RENAE POWERS,
CARRYNE LATADA, MARIA DE LA
ROSA, CHERYL DOHERTY, DANIEL
ALTON, CONNIE HAFKER, JEFF
HENDERSON, JOSEPH MCGREEVY,
LIDIA MURILLO, LORIE SUNGA,
MARGARET SABINO, NANCY VANNI,
NORMA BUSTOS, PATRICK
ALEXANDER TOY, MATTHEW
SORRENTI, PAMELA JOHNSON,
STEPHEN AGUAYO, THOMAS
SCABARETI, SHANNON
MAGDALENO, BENJAMIN BRYAN,
ARMANDO PADILLA, MARSHA KAYE,
CHER HORRICE, LINDA L. LANE,
LINDA SUMMERS, LEE BOTSFORD,
JACOB SWALWELL, JASVINDER
SINGH, JERRY REIMERS, CEILO
RODRIGUEZ, NAZIM KARIM, WENDY

Case No.

COMPLAINT FOR:

(1)  Violation of California Labor Code
     §§ 510 and 1198 (Unpaid Overtime);
(2)  Violation of California Labor Code
     §§ 2800 and 2802 (Unpaid Business
     Expenses);
(3)  Violation of California Labor Code
     §§ 201 and 202 (Wages Not Timely Paid
     Upon Termination);
(4)  Violation of California Labor Code § 204
     (Wages Not Timely Paid During
     Employment);
(5)  Violation of California Labor Code
     § 226(a) (Non-compliant Wage
     Statements); and
(6)  Violation of California Business &
     Professions Code §§ 17200, et seq.

**Jury Trial Demanded**

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

BY FAX

COMPLAINT

1   POTEET, DAVID COX, JEFFREY
    CEREDA, MICHAEL GOLINI JR., TINA
2   DOVER, YVETTE BONILLA, DIANA
    ANGUIANO, KAREN PIKE, TONI
3   SCHEXNAYDER, TRACY BORJA,
    TRAVIS TRAMEL, KIRK BRIDGES,
4   BENJAMIN HEINRICHS, JASON
    HOPSON, MECIA PADILLA, CHARLES
5   HAWKINS, KATHLEEN MATTHEWS,
    JEFF TARKINGTON, PIA NAKAO,  ELI
6   NOLAN, GARY DAMSEN, ANTONIO
    CHAVEZ, ZARAK AFRIDI, RONALD
7   SEQUEIRA, NORMA CAYWOOD,
    RAYMOND VALITE, JAMES JACKSON
8   JR., MELODY AKHAVAN, NEYDA
    SALAZAR, PANOS MARFAZELIAN,
9   SEAN REESE, TAMERA FIELD, SHANE
    LOGAN, PAUL PERRONE, LUIS
10  NANEZ, SHAISTA KHAN, NORA
    BURRELL, FRANK GORDON, GLORIA
11  GREEN and DEBRA BOBAN, all
    individuals,
12
                    Plaintiffs,
13
            vs.
14
    WELLS FARGO BANK, N.A., a Delaware
15  corporation; and DOES 1 through 10,
    inclusive,
16
                    Defendants.
17
18
19
20
21
22
23
24
25
26
27
28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

COMPLAINT

Page 3

1    Plaintiffs allege as follows:

2                           **JURISDICTION AND VENUE**

3        1.      The monetary damages and restitution sought by Plaintiffs exceed the minimal

4    jurisdiction limits of the Superior Court and will be established according to proof at trial.

5    The amount in controversy for each Plaintiff, including claims for compensatory damages and

6    pro rata share of attorneys' fees, is less than $75,000. The amount in controversy is less than

7    $5,000,000 in the aggregate, including claims for compensatory damages and pro rata share of

8    attorneys' fees.

9        2.      This Court has jurisdiction over this action pursuant to the California

10   Constitution, Article VI, section 10, which grants the Superior Court "original jurisdiction in

11   all causes except those given by statute to other courts." The statutes under which this action

12   is brought do not specify any other basis for jurisdiction.

13       3.      This Court has jurisdiction over all Defendants because, upon information and

14   belief, each party is either a citizen of California, has sufficient minimum contacts in

15   California, or otherwise intentionally avails itself of the California market so as to render the

16   exercise of jurisdiction over it by the California courts consistent with traditional notions of

17   fair play and substantial justice.

18       4.      Venue is proper in this Court because, upon information and belief, one or

19   more of the named Defendants reside, transact business, or have offices in this county and

20   some of the acts and omissions alleged herein took place in this county.

21                              **THE PARTIES**

22       5.      Plaintiffs are residents of the State of California. Plaintiffs were employed by

23   the Defendant WELLS FARGO BANK, N.A., as Home Mortgage Consultants, Loan

24   Originators, Loan Officers, Mortgage Specialists, Reverse Mortgage Specialists, Loan

25   Consultants, collectively referred to as ("HMCs").

26       6.      Defendant WELLS FARGO BANK, N.A. was and is, upon information and

27   belief, a business entity incorporated in Delaware and headquartered in San Francisco,

28   California, and at all times hereinafter mentioned an employer whose employees are engaged

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

Page 1
COMPLAINT

1   throughout this county, the State of California, or the various states of the United States of

2   America. Defendant WELLS FARGO BANK, N.A. operates, as a separate division, an entity

3   headquartered outside of the State of California which sells and originates home mortgages

4   loans. Defendant WELLS FARGO BANK, N.A. employed Plaintiffs in the State of

5   California as HMCs to originate and produce mortgage loans.

6       7.      Plaintiffs are unaware of the true names or capacities of the Defendants sued

7   herein under the fictitious names DOES 1 through 10, but pray for leave to amend and serve

8   such fictitiously named Defendants once their names and capacities become known.

9       8.      Plaintiffs are informed and believe, and thereon allege, that DOES 1 through 10

10   are the partners, agents, owners, shareholders, managers or employees of WELLS FARGO

11   BANK, N.A. and/or WELLS FARGO BANK, N.A. and were acting on behalf of WELLS

12   FARGO BANK, N.A. and/or WELLS FARGO BANK, N.A. at all relevant times.

13       9.      Plaintiffs are informed and believe, and thereon allege, that each and all of the

14   acts and omissions alleged herein was performed by, or is attributable to, WELLS FARGO

15   BANK, N.A. and/or WELLS FARGO BANK, N.A. and DOES 1 through 10 (collectively

16   "Defendants"), each acting as the agent for the other, with legal authority to act on the other's

17   behalf. The acts of any and all Defendants were in accordance with, and represent, the official

18   policy of Defendants.

19       10.     At all relevant times, Defendants, and each of them, ratified each and every act

20   or omission complained of herein. At all relevant times, Defendants, and each of them, aided

21   and abetted the acts and omissions of each and all the other Defendants in proximately causing

22   the damages herein alleged.

23       11.     Plaintiffs are informed and believe, and thereon allege, that each of said

24   Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts,

25   omissions, occurrences, and transactions alleged herein.

26                              **STATEMENT OF FACTS**

27       12.     At all relevant times set forth, Defendants employed Plaintiffs as commission

28   paid employees.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

13.     Defendants have employed Plaintiffs, who began and ended employment on different dates, as "Home Mortgage Consultants," which is a commission paid position, during the period from about February 10, 2001 to the present, at Defendants' multiple locations throughout California.

14.     While employed as HMCs, Plaintiffs were engaged in originating, producing and selling home loans.

15.     Defendants compensated Plaintiffs on a commission sales basis and did not keep records of Plaintiffs' work hours or their activities. Defendants paid Plaintiffs based on the loans that actually closed and recorded. Defendants never paid Plaintiffs any overtime or premium pay despite the fact that the Plaintiff routinely worked in excess of eight (8) hours per day and in excess of (40) hours per week. Rather, Defendants classified Plaintiffs as exempt from overtime compensation.

16.     Defendants continue to employ commission paid employees within California.

### GENERAL ALLEGATIONS

17.     Plaintiffs are informed and believe, and thereon allege that Defendants knew or should have known that Plaintiffs were entitled to receive certain wages for overtime compensation and that they were not receiving certain wages for overtime compensation. Defendants misclassified Plaintiffs as employees exempt from overtime because they received sales commissions.

18.     Plaintiffs are informed and believe, and thereon allege that Defendants knew or should have known that Plaintiffs were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiffs' regular rate of pay when they did not receive a timely uninterrupted meal period.

19.     Plaintiffs are informed and believe, and thereon allege that Defendants knew or should have known that Plaintiffs were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiffs' regular rate of pay when a rest period was missed.

20.     Plaintiffs are informed and believe, and thereon allege that Defendants knew or should have known that Plaintiffs were entitled to receive full reimbursement for all business-

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1   related expenses and costs they incurred during the course and scope of their employment, and

2   that they did not receive full reimbursement of applicable business-related expenses and costs

3   they incurred.

4       21.    Plaintiffs are informed and believe, and thereon allege that Defendants knew or

5   should have known that Plaintiffs were entitled to all commissions due to them, and that they

6   did not receive all commissions due to them.

7       22.    Plaintiffs are informed and believe, and thereon allege that Defendants knew or

8   should have known that Plaintiffs were entitled to receive complete and accurate wage

9   statements in accordance with California law and that they did not receive complete and

10  accurate wage statements that included, among other things, total hours worked and all

11  applicable hourly and overtime rates.

12      23.    Plaintiffs are informed and believe, and thereon allege, that at all times herein

13  mentioned, Defendants knew or should have known that they had a duty to compensate

14  Plaintiffs, and that Defendants had the financial ability to pay such compensation, but

15  willfully, knowingly and intentionally failed to do so, and falsely represented to Plaintiffs that

16  they were properly denied wages, all in order to increase Defendants' profits.

17      24.    California Labor Code section 218 states that nothing in Article 1 of the Labor

18  Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty

19  due to him [or her] under this article."

20  <center>**FIRST CAUSE OF ACTION**</center>

21  <center>**Violation of California Labor Code §§ 510 and 1198**</center>

22  <center>**(Against All Defendants)**</center>

23      25.    Plaintiffs incorporate by reference and re-allege as if fully stated herein the

24  material allegations set out in paragraphs 1 through 24.

25      26.    California Labor Code section 1198 and the applicable Industrial Welfare

26  Commission ("IWC") Wage Order provide that it is unlawful to employ persons without

27  compensating them at a rate of pay either time-and-one-half or two-times that person's regular

28  rate of pay, depending on the number of hours worked by the person on a daily or weekly

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    basis.

2        27.    Specifically, the applicable IWC Wage Order provides that Defendants are and

3    were required to pay Plaintiffs employed by Defendants, and working more than eight (8)

4    hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half

5    for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a

6    workweek.

7        28.    The applicable IWC Wage Order further provides that Defendants are and were

8    required to pay Plaintiffs employed by Defendants, and working more than twelve (12) hours

9    in a day, overtime compensation at a rate of two times their regular rate of pay.

10       29.    California Labor Code section 510 codifies the right to overtime compensation

11   at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours

12   in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day

13   of work, and to overtime compensation at twice the regular hourly rate for hours worked in

14   excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day

15   of work.

16       30.    During the relevant time period, Plaintiffs consistently worked in excess of

17   eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40)

18   hours in a week.

19       31.    During the relevant time period, Defendants willfully failed to pay all overtime

20   wages owed to Plaintiffs.  Plaintiffs were misclassified as exempt from overtime

21   compensation when they should have been paid overtime compensation for time worked in

22   excess of eight (8) hours per day and/or forty (40) hours per week.

23       32.    Defendants' failure to pay Plaintiffs the unpaid balance of overtime

24   compensation, as required by California laws, violates the provisions of California Labor

25   Code sections 510 and 1198, and is therefore unlawful.

26       33.    Pursuant to California Labor Code section 1194, Plaintiffs are entitled to

27   recover their unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

## SECOND CAUSE OF ACTION

### Violation of California Labor Code §§ 2800 and 2802

#### (Against All Defendants)

34.    Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 33.

35.    At all times herein set forth, California Labor Code sections 2800 and 2802 provide that an employer must reimburse employees for all necessary expenditures.

36.    Plaintiffs incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants, including and without limitation, gas, mileage, cell phone expenses, and expenses for client meals, that resulted from their employment with Defendants. Specifically, Defendants had, and continue to have, a policy and practice of requiring employees, including Plaintiffs, to pay for said costs from their own funds. Defendants had, and continue to have, a policy of not reimbursing employees, including Plaintiffs, for said business-related expenses and costs.

37.    Defendants have intentionally and willfully failed to fully reimburse Plaintiffs for necessary business-related expenses and costs.

38.    Plaintiffs are entitled to recover from Defendants their business-related expenses incurred during the course and scope of their employment, plus interest, pursuant to California Labor Code sections 2800 and 2802.

## THIRD CAUSE OF ACTION

### Violation of California Labor Code §§ 201 and 202

#### (Against All Defendants)

39.    Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 38.

40.    At all times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two

COMPLAINT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

Page 9

(72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of
his or her intention to quit, in which case the employee is entitled to his or her wages at the
time of quitting.

41.      During the relevant time period, Defendants willfully failed to pay Plaintiffs
who are no longer employed by Defendants their wages, earned and unpaid, either at the time
of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

42.      Defendants' failure to pay Plaintiffs who are no longer employed by
Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72)
hours of their leaving Defendants' employ, is in violation of California Labor Code sections
201 and 202.

43.      California Labor Code section 203 provides that if an employer willfully fails
to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee
shall continue as a penalty from the due date, and at the same rate until paid or until an action
is commenced; but the wages shall not continue for more than thirty (30) days.

44.      Plaintiffs are entitled to recover from Defendants the statutory penalty wages
for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor
Code section 203.

## FOURTH CAUSE OF ACTION

### Violation of California Labor Code § 204

### (Against All Defendants)

45.      Plaintiffs incorporate by reference and re-allege as if fully stated herein the
material allegations set out in paragraphs 1 through 44.

46.      At all times herein set forth, California Labor Code section 204 provides that
all wages earned by any person in any employment between the 1st and the 15th days,
inclusive, of any calendar month, other than those wages due upon termination of an
employee, are due and payable between the 16th and the 26th day of the month during which
the labor was performed.

47.      At all times herein set forth, California Labor Code section 204 provides that

Page 7

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1   all wages earned by any person in any employment between the 16th and the last day,

2   inclusive, of any calendar month, other than those wages due upon termination of an

3   employee, are due and payable between the 1st and the 10th day of the following month.

4       48.    At all times herein set forth, California Labor Code section 204 provides that

5   all wages earned for labor in excess of the normal work period shall be paid no later than the

6   payday for the next regular payroll period.

7       49.    During the relevant time period, Defendants willfully failed to pay Plaintiffs all

8   wages due to them, within any time period permissible by California Labor Code section 204.

9       50.    Plaintiffs are entitled to recover all remedies available for violations of

10  California Labor Code section 204.

11             **FIFTH CAUSE OF ACTION**

12          **Violation of California Labor Code § 226(a)**

13             **(Against All Defendants)**

14      51.    Plaintiffs incorporate by reference and re-allege as if fully stated herein the

15  material allegations set out in paragraphs 1 through 50.

16      52.    At all material times set forth herein, California Labor Code section 226(a)

17  provides that every employer shall furnish each of his or her employees an accurate itemized

18  wage statement in writing showing nine pieces of information, including all applicable hourly

19  rates, and total hours worked, among other things.

20      53.    Defendants have intentionally and willfully failed to provide employees with

21  complete and accurate wage statements.  The deficiencies include, among other things, the

22  failure to include the total number of hours worked by Plaintiffs and the failure to list all

23  applicable hourly rates.

24      54.    As a result of Defendants' violation of California Labor Code section 226(a),

25  Plaintiffs have suffered injury and damage to their statutorily-protected rights.

26      55.    Specifically, Plaintiffs have been injured by Defendants' intentional violation

27  of California Labor Code section 226(a) because they were denied both their legal right to

28  receive, and their protected interest in receiving, accurate, itemized wage statements under

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    California Labor Code section 226(a).

2         56.    Plaintiffs are entitled to recover from Defendants the greater of their actual

3    damages caused by Defendants' failure to comply with California Labor Code section 226(a),

4    or an aggregate penalty not exceeding four thousand dollars per employee.

5         57.    Plaintiffs are also entitled to injunctive relief to ensure compliance with this

6    section, pursuant to California Labor Code section 226(g).

7                            **SIXTH CAUSE OF ACTION**

8         **Violation of California Business & Professions Code §§ 17200, et seq.**

9                            **(Against All Defendants)**

10        58.    Plaintiffs incorporate by reference and re-allege as if fully stated herein the

11   material allegations set out in paragraphs 1 through 57.

12        59.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

13   unlawful, and harmful to Plaintiffs and to the general public.  Plaintiffs seeks to enforce

14   important rights affecting the public interest within the meaning of Code of Civil Procedure

15   section 1021.5.

16        60.    Defendants' activities, as alleged herein, are violations of California law, and

17   constitute unlawful business acts and practices in violation of California Business &

18   Professions Code sections 17200, et seq.

19        61.    A violation of California Business & Professions Code sections 17200, et seq.

20   may be predicated on the violation of any state or federal law.  In this instant case,

21   Defendants' policies and practices of requiring Plaintiffs, to work overtime without paying

22   them proper compensation violates California Labor Code sections 510 and 1198.

23   Additionally, Defendants' policies and practices of requiring Plaintiffs to work through their

24   meal and rest periods without paying them proper compensation violate California Labor

25   Code sections 226.7 and 512(a).  Defendants' policies and practices of not reimbursing its

26   employees, including Plaintiffs, for business-related expenses and costs violate California

27   Labor Code sections 2800 and 2802.  Defendants' policies and practices of failing to timely

28   pay wages to Plaintiffs violate California Labor Code sections 201, 202 and 204.

COMPLAINT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    Furthermore, Defendants' policies and practices of failing to pay overtime and minimum

2    wages violate Fair Labor Standards Act, 29 U.S.C. sections 206, 207.

3        62.    Plaintiffs have been personally injured by Defendants' unlawful business acts

4    and practices as alleged herein, including but not necessarily limited to the loss of money

5    and/or property.

6        63.    Pursuant to California Business & Professions Code sections 17200, et seq.,

7    Plaintiffs are entitled to restitution of the wages withheld and retained by Defendants during a

8    period from about February 10, 2001 to the present; a permanent injunction requiring

9    Defendants to pay all outstanding wages due to Plaintiffs; an award of attorneys' fees pursuant

10   to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award

11   of costs.

<div align="center">

**REQUEST FOR JURY TRIAL**

</div>

13       Plaintiffs request a trial by jury.

<div align="center">

**PRAYER FOR RELIEF**

</div>

15       Plaintiffs pray for relief and judgment against Defendants of less than $75,000 per

16   Plaintiff and less than $5,000,000 in the aggregate, jointly and severally, as follows:

<div align="center">

**As to the First Cause of Action**

</div>

18       1.     That the Court declare, adjudge and decree that Defendants violated California

19   Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to

20   pay all overtime wages due to Plaintiffs;

21       2.     For general unpaid wages at overtime wage rates and such general and special

22   damages as may be appropriate;

23       3.     For pre-judgment interest on any unpaid overtime compensation commencing

24   from the date such amounts were due;

25       4.     For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

26   California Labor Code section 1194(a); and

27       5.     For such other and further relief as the Court may deem equitable and

28   appropriate.

<div align="center">

Page 10

COMPLAINT

</div>

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90057

**As to the Second Cause of Action**

6.   That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to pay all business-related expenses owed to Plaintiffs;

7.   For unpaid wages and such general and special damages as may be appropriate;

8.   For pre-judgment interest on any unpaid wages from the date such amounts were due;

9.   For all actual, consequential and incidental losses and damages, according to proof; and

10.   For such other and further relief as the Court may deem equitable and appropriate.

**As to the Third Cause of Action**

11.   That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202 and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiffs no longer employed by Defendants.

12.   For all actual, consequential and incidental losses and damages, according to proof;

13.   For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiffs who have left Defendants' employ;

14.   For pre-judgment interest on any unpaid wages from the date such amounts were due; and

15.   For such other and further relief as the Court may deem equitable and appropriate.

**As to the Fourth Cause of Action**

16.   That the Court declare, adjudge and decree that Defendants violated California Labor Code section 204 by willfully failing to pay all compensation owed at the time required by California Labor Code section 204, to Plaintiffs;

17.   For all actual, consequential and incidental losses and damages, according to

Page 11

COMPLAINT

proof;

18.   For pre-judgment interest on any untimely paid compensation, from the date such amounts were due; and

19.   For such other and further relief as the Court may deem equitable and appropriate.

### As to the Fifth Cause of Action

20.   That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiffs, and willfully failed to provide accurate itemized wage statements thereto;

21.   For all actual, consequential and incidental losses and damages, according to proof;

22.   For statutory penalties pursuant to California Labor Code section 226(e);

23.   For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g); and

24.   For such other and further relief as the Court may deem equitable and appropriate.

### As to the Sixth Cause of Action

25.   That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, et seq. by failing to provide Plaintiffs all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiffs, failing to pay for all missed meal and rest periods to Plaintiffs, failing to reimburse Plaintiffs for all business-related expenses, failing to pay at least minimum wages to Plaintiffs, and failing to pay Plaintiffs' wages timely as required by California Labor Code sections 201, 202 and 204;

26.   For restitution of unpaid wages to Plaintiffs and prejudgment interest from the day such amounts were due and payable;

27.   For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by

INITIATIVE LEGAL GROUP APC
1900 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1  Defendants as a result of violations of California Business & Professions Code sections 17200

2  et seq.;

3      28.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

4  California Code of Civil Procedure section 1021.5;

5      29.    For injunctive relief to ensure compliance with this section, pursuant to

6  California Business & Professions Code sections 17200, et seq.; and

7      30.    For such other and further relief as the Court may deem equitable and

8  appropriate.

9

10  Dated:  May 19, 2010                  Respectfully submitted,

11                               Initiative Legal Group APC

12

13                    By:  _____

14                            Mónica Balderrama

                           David Cheng

15                            Liana Beneli

16                            Attorneys for All Plaintiffs

17

18

19

20

21

22

23

24

25

26

27

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

# EXHIBIT 2

*Pope, et al. v. Wells Fargo Bank, N.A.*
Case No.: 2:10-cv-02807-WBS-KJM
DECLARATION OF MÓNICA BALDERRAMA IN SUPPORT OF PLAINTIFFS' REPLY TO
DEFENDANT'S OPPOSITION TO MOTION TO REMAND

1  Mónica Balderrama (SBN 196424)
   MBalderrama@InitiativeLegal.com
2  David Cheng (SBN 240926)
   DCheng@@InitiativeLegal.com
3  Liana Beneli (SBN 256023)
   LBeneli@InitiativeLegal.com
4  Initiative Legal Group APC
   1800 Century Park East, 2nd Floor
5  Los Angeles, California 90067
   Telephone: (310) 556-5637
6  Facsimile: (310) 861-9051

7  Attorneys for All Plaintiffs

8         SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              FOR THE COUNTY OF ORANGE

10

11 ALLISON MCLANE, JOEL ROBLES,        Case No.   30-2010-00377574-CU-OE-CJC
   PAMELA OVERFIELD, NANCY
12 DITTEMORE, LINSEE LEAR, MIKE A.      FIRST AMENDED COMPLAINT FOR:
   DAUDEN, DREAMA BROWN, KRISTIN
13 SCOTT, CANDANCE JONES, ERIC          (1)  Violation of California Labor Code
   GRIFFITHS JR, BENITA BESHOAR,             §§ 510 and 1198 (Unpaid Overtime);
14 JEAN PARADIS, RUSSELL CSONKA,        (2)  Violation of California Labor Code
   CRYSTAL SIRATON, SANDRA LEWIS,            §§ 2800 and 2802 (Unpaid Business
15 DAVID M. MAXON, CONCELA                   Expenses);
   TARVER, NATHAN CORREA,               (3)  Violation of California Labor Code
16 ANTHONY AGUILAR, GUADALUPE                §§ 201 and 202 (Wages Not Timely Paid
   GUZMAN, CARYN ELIZABETH                   Upon Termination);
17 CAMERANO, NICHOLAS P.               (4)  Violation of California Labor Code § 204
   HALAPOFF, DEAN DAMRON, MARTIN             (Wages Not Timely Paid During
18 ROACH, HEIDI M. CACCAMISE,                Employment);
   ALLEN PATCH DAVID, ANH HA,          (5)  Violation of California Labor Code
19 SUMRINA R. AHMED, ANUP ARNE              § 226(a) (Non-compliant Wage
   CHANDIRAM, ARLENE M. VILLARIN-            Statements); and
20 SIMONIAN, WILLIAM R. CATHCART,      (6)  Violation of California Business &
   MIKE LINDEBLAD, JAMES                     Professions Code §§ 17200, et seq.
21 FLANAGAN, TAMMY BYRD, SALLY
   BETANCOURT, DIANA L. BROWN,         Jury Trial Demanded
22 MARIO M. ESTRADA, SOHAIL K.
   MOOSANI, KENNETH R. HOLZ,
23 IMELDA A. BRETADO, DAVID
   VALENCIA, ARLA M. CHALMERS,
24 VALERIE DERRY, PATRICIA BAUER,
   PATRICK D. ZELLAR, JEFFRY LEROY
25 MATHER, MICHAEL A. MADISON,
   ROBIN BROWN, RACHAEL HARTLEY,
26 JASON EDWARD MATH, SUSAN THUY
   MCGUINNESS, SUSAN CORNER,
27 LAURIE ROOS, JAMES HARRINGTON.
   STEPHEN E. WILLIS, VAHID SALEHI,
28 DEANNE RUELAS. FRANCIS MICHAEL

FIRST AMENDED COMPLAINT

1   DULAY, RUBEN AMARO, STACEY
    KATHRYN MONTAGUE, KEVIN T.
2   HSU, DAWN MICHELLE FRIESELL,
    DAVID R. FELLNER, MIGUEL A.
3   VALLE, KAREN WALSH, VICKI J.
    WALSH, CARLOS ALBERTO GOMEZ,
4   KATHERINE RENEE MEZA, ESTEVAN
    CHANTES, JASON ANDREW
5   CORSENTINO, MICHAEL HOLBROOK,
    MARCUS HUGHES, JACK D.
6   CAMPBELL, SUSANNA W. YU,
    CYNTHIA GARCIA, RODNEY L.
7   JACOBSON, MARCO ANTONIO
    VALENZUELA, CHANTE M. IRVIN,
8   DEBRA DELORES BRUTON, NATE
    MAHER HABBAS, SHAHAB MUNIR
9   SIDDIQUI, CORBETT L. LAURIE,
    JIMMY YEE PING HUANG, DAVID
10  GARIBAY, CATHERINE D. CARR,
    JEFFREY T. LIEW, CHARLES B.
11  THOMPSON, INGRID ESCALANTE,
    JAMES HORTON JR., JUNIOR KWON,
12  BARBARA ROBERSON, CLAUDIA
    OCEGUEDA, LINDA COLLIER, PAULA
13  PENA, SHAY KOSTA, ALAN RHEIN,
    ROXANNE JOYCE CASTRO, and PETRA
14  GILMORE, all individuals,

15          Plaintiffs,

16      vs.

17  WELLS FARGO BANK, N.A., a Delaware
    corporation; and DOES 1 through 10,
18  inclusive,

19          Defendants.

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT

Plaintiffs allege as follows:

## JURISDICTION AND VENUE

1.      The monetary damages and restitution sought by Plaintiffs exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. The amount in controversy for each Plaintiff, including claims for compensatory damages and pro rata share of attorneys' fees, is less than $75,000. The amount in controversy is less than $5,000,000 in the aggregate, including claims for compensatory damages and pro rata share of attorneys' fees.

2.      This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, section 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other courts." The statutes under which this action is brought do not specify any other basis for jurisdiction.

3.      This Court has jurisdiction over all Defendants because, upon information and belief, each party is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

4.      Venue is proper in this Court because, upon information and belief, one or more of the named Defendants reside, transact business, or have offices in this county and some of the acts and omissions alleged herein took place in this county.

## THE PARTIES

5.      Plaintiffs are residents of the State of California. Plaintiffs were employed by the Defendant WELLS FARGO BANK, N.A., as Home Mortgage Consultants, Loan Originators, Loan Officers, Mortgage Specialists, Loan Consultants, Mortgage Consultants, Loan Processors, Reverse Mortgage Specialists, collectively referred to as ("HMCs").

6.      Defendant WELLS FARGO BANK, N.A. was and is, upon information and belief, a business entity incorporated in Delaware and headquartered in San Francisco, California, and at all times hereinafter mentioned an employer whose employees are engaged

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

Page 1

FIRST AMENDED COMPLAINT

1  throughout this county, the State of California, or the various states of the United States of

2  America.  Defendant WELLS FARGO BANK, N.A. operates, as a separate division, an entity

3  headquartered outside of the State of California which sells and originates home mortgages

4  loans.  Defendant WELLS FARGO BANK, N.A. employed Plaintiffs in the State of

5  California as HMCs to originate and produce mortgage loans.

6      7.    Plaintiffs are unaware of the true names or capacities of the Defendants sued

7  herein under the fictitious names DOES 1 through 10, but pray for leave to amend and serve

8  such fictitiously named Defendants once their names and capacities become known.

9      8.    Plaintiffs are informed and believe, and thereon allege, that DOES 1 through 10

10  are the partners, agents, owners, shareholders, managers or employees of WELLS FARGO

11  BANK, N.A. and/or WELLS FARGO BANK, N.A. and were acting on behalf of WELLS

12  FARGO BANK, N.A. and/or WELLS FARGO BANK, N.A. at all relevant times.

13      9.    Plaintiffs are informed and believe, and thereon allege, that each and all of the

14  acts and omissions alleged herein was performed by, or is attributable to, WELLS FARGO

15  BANK, N.A. and/or WELLS FARGO BANK, N.A. and DOES 1 through 10 (collectively

16  "Defendants"), each acting as the agent for the other, with legal authority to act on the other's

17  behalf.  The acts of any and all Defendants were in accordance with, and represent, the official

18  policy of Defendants.

19      10.   At all relevant times, Defendants, and each of them, ratified each and every act

20  or omission complained of herein.  At all relevant times, Defendants, and each of them, aided

21  and abetted the acts and omissions of each and all the other Defendants in proximately causing

22  the damages herein alleged.

23      11.   Plaintiffs are informed and believe, and thereon allege, that each of said

24  Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts,

25  omissions, occurrences, and transactions alleged herein.

26              **STATEMENT OF FACTS**

27      12.   At all relevant times set forth, Defendants employed Plaintiffs as commission

28  paid employees.

FIRST AMENDED COMPLAINT

13.     Defendants have employed Plaintiffs, who began and ended employment on different dates, as HMCs, which is a commission paid position, during the period from about February 10, 2001 to the present, at Defendants' multiple locations throughout California.

14.     While employed as HMCs, Plaintiffs were engaged in originating, producing and selling home loans.

15.     Defendants compensated Plaintiffs on a commission sales basis and did not keep records of Plaintiffs' work hours or their activities. Defendants paid Plaintiffs based on the loans that actually closed and recorded. Defendants never paid Plaintiffs any overtime or premium pay despite the fact that the Plaintiff routinely worked in excess of eight (8) hours per day and in excess of (40) hours per week. Rather, Defendants classified Plaintiffs as exempt from overtime compensation.

16.     Defendants continue to employ commission paid employees within California.

### GENERAL ALLEGATIONS

17.     Plaintiffs are informed and believe, and thereon allege that Defendants knew or should have known that Plaintiffs were entitled to receive certain wages for overtime compensation and that they were not receiving certain wages for overtime compensation. Defendants misclassified Plaintiffs as employees exempt from overtime because they received sales commissions.

18.     Plaintiffs are informed and believe, and thereon allege that Defendants knew or should have known that Plaintiffs were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiffs' regular rate of pay when they did not receive a timely uninterrupted meal period.

19.     Plaintiffs are informed and believe, and thereon allege that Defendants knew or should have known that Plaintiffs were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiffs' regular rate of pay when a rest period was missed.

20.     Plaintiffs are informed and believe, and thereon allege that Defendants knew or should have known that Plaintiffs were entitled to receive full reimbursement for all business-related expenses and costs they incurred during the course and scope of their employment, and

FIRST AMENDED COMPLAINT

INITIATIVE LEGAL GROUP APC.
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    that they did not receive full reimbursement of applicable business-related expenses and costs

2    they incurred.

3        21.    Plaintiffs are informed and believe, and thereon allege that Defendants knew or

4    should have known that Plaintiffs were entitled to all commissions due to them, and that they

5    did not receive all commissions due to them.

6        22.    Plaintiffs are informed and believe, and thereon allege that Defendants knew or

7    should have known that Plaintiffs were entitled to receive complete and accurate wage

8    statements in accordance with California law and that they did not receive complete and

9    accurate wage statements that included, among other things, total hours worked and all

10    applicable hourly and overtime rates.

11        23.    Plaintiffs are informed and believe, and thereon allege, that at all times herein

12    mentioned, Defendants knew or should have known that they had a duty to compensate

13    Plaintiffs, and that Defendants had the financial ability to pay such compensation, but

14    willfully, knowingly and intentionally failed to do so, and falsely represented to Plaintiffs that

15    they were properly denied wages, all in order to increase Defendants' profits.

16        24.    California Labor Code section 218 states that nothing in Article 1 of the Labor

17    Code shall limit the right of any wage claimant to "sue directly ... . for any wages or penalty

18    due to him [or her] under this article."

19                          **FIRST CAUSE OF ACTION**

20             **Violation of California Labor Code §§ 510 and 1198**

21                      **(Against All Defendants)**

22        25.    Plaintiffs incorporate by reference and re-allege as if fully stated herein the

23    material allegations set out in paragraphs 1 through 24.

24        26.    California Labor Code section 1198 and the applicable Industrial Welfare

25    Commission ("IWC") Wage Order provide that it is unlawful to employ persons without

26    compensating them at a rate of pay either time-and-one-half or two-times that person's regular

27    rate of pay, depending on the number of hours worked by the person on a daily or weekly

28    basis.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

27. Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiffs employed by Defendants, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

28. The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiffs employed by Defendants, and working more than twelve (12) hours in a day, overtime compensation at a rate of two times their regular rate of pay.

29. California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

30. During the relevant time period, Plaintiffs consistently worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40) hours in a week.

31. During the relevant time period, Defendants willfully failed to pay all overtime wages owed to Plaintiffs. Plaintiffs were misclassified as exempt from overtime compensation when they should have been paid overtime compensation for time worked in excess of eight (8) hours per day and/or forty (40) hours per week.

32. Defendants' failure to pay Plaintiffs the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

33. Pursuant to California Labor Code section 1194, Plaintiffs are entitled to recover their unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

**SECOND CAUSE OF ACTION**

**Violation of California Labor Code §§ 2800 and 2802**

**(Against All Defendants)**

34.   Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 33.

35.   At all times herein set forth, California Labor Code sections 2800 and 2802 provide that an employer must reimburse employees for all necessary expenditures.

36.   Plaintiffs incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants, including and without limitation, gas, mileage, cell phone expenses, and expenses for client meals, that resulted from their employment with Defendants. Specifically, Defendants had, and continue to have, a policy and practice of requiring employees, including Plaintiffs, to pay for said costs from their own funds.  Defendants had, and continue to have, a policy of not reimbursing employees, including Plaintiffs, for said business-related expenses and costs.

37.   Defendants have intentionally and willfully failed to fully reimburse Plaintiffs for necessary business-related expenses and costs.

38.   Plaintiffs are entitled to recover from Defendants their business-related expenses incurred during the course and scope of their employment, plus interest, pursuant to California Labor Code sections 2800 and 2802.

**THIRD CAUSE OF ACTION**

**Violation of California Labor Code §§ 201 and 202**

**(Against All Defendants)**

39.   Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 38.

40.   At all times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two

FIRST AMENDED COMPLAINT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1  (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of

2  his or her intention to quit, in which case the employee is entitled to his or her wages at the

3  time of quitting.

4      41.   During the relevant time period, Defendants willfully failed to pay Plaintiffs

5  who are no longer employed by Defendants their wages, earned and unpaid, either at the time

6  of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

7      42.   Defendants' failure to pay Plaintiffs who are no longer employed by

8  Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72)

9  hours of their leaving Defendants' employ, is in violation of California Labor Code sections

10  201 and 202.

11      43.   California Labor Code section 203 provides that if an employer willfully fails

12  to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee

13  shall continue as a penalty from the due date, and at the same rate until paid or until an action

14  is commenced; but the wages shall not continue for more than thirty (30) days.

15      44.   Plaintiffs are entitled to recover from Defendants the statutory penalty wages

16  for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor

17  Code section 203.

18                 **FOURTH CAUSE OF ACTION**

19           **Violation of California Labor Code § 204**

20                **(Against All Defendants)**

21      45.   Plaintiffs incorporate by reference and re-allege as if fully stated herein the

22  material allegations set out in paragraphs 1 through 44.

23      46.   At all times herein set forth, California Labor Code section 204 provides that

24  all wages earned by any person in any employment between the 1st and the 15th days,

25  inclusive, of any calendar month, other than those wages due upon termination of an

26  employee, are due and payable between the 16th and the 26th day of the month during which

27  the labor was performed.

28      47.   At all times herein set forth, California Labor Code section 204 provides that

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

Page 7

FIRST AMENDED COMPLAINT

1  all wages earned by any person in any employment between the 16th and the last day,

2  inclusive, of any calendar month, other than those wages due upon termination of an

3  employee, are due and payable between the 1st and the 10th day of the following month.

4      48.    At all times herein set forth, California Labor Code section 204 provides that

5  all wages earned for labor in excess of the normal work period shall be paid no later than the

6  payday for the next regular payroll period.

7      49.    During the relevant time period, Defendants willfully failed to pay Plaintiffs all

8  wages due to them, within any time period permissible by California Labor Code section 204.

9      50.    Plaintiffs are entitled to recover all remedies available for violations of

10  California Labor Code section 204.

11                  **FIFTH CAUSE OF ACTION**

12          **Violation of California Labor Code § 226(a)**

13              **(Against All Defendants)**

14      51.    Plaintiffs incorporate by reference and re-allege as if fully stated herein the

15  material allegations set out in paragraphs 1 through 50.

16      52.    At all material times set forth herein, California Labor Code section 226(a)

17  provides that every employer shall furnish each of his or her employees an accurate itemized

18  wage statement in writing showing nine pieces of information, including all applicable hourly

19  rates, and total hours worked, among other things.

20      53.    Defendants have intentionally and willfully failed to provide employees with

21  complete and accurate wage statements. The deficiencies include, among other things, the

22  failure to include the total number of hours worked by Plaintiffs and the failure to list all

23  applicable hourly rates.

24      54.    As a result of Defendants' violation of California Labor Code section 226(a),

25  Plaintiffs have suffered injury and damage to their statutorily-protected rights.

26      55.    Specifically, Plaintiffs have been injured by Defendants' intentional violation

27  of California Labor Code section 226(a) because they were denied both their legal right to

28  receive, and their protected interest in receiving, accurate, itemized wage statements under

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

FIRST AMENDED COMPLAINT

California Labor Code section 226(a).

56.   Plaintiffs are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

57.   Plaintiffs are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g).

### SIXTH CAUSE OF ACTION

### Violation of California Business & Professions Code §§ 17200, et seq.

### (Against All Defendants)

58.   Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 57.

59.   Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiffs and to the general public.  Plaintiffs seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

60.   Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200, et seq.

61.   A violation of California Business & Professions Code sections 17200, et seq. may be predicated on the violation of any state or federal law.  In this instant case, Defendants' policies and practices of requiring Plaintiffs, to work overtime without paying them proper compensation violates California Labor Code sections 510 and 1198. Additionally, Defendants' policies and practices of requiring Plaintiffs to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a).  Defendants' policies and practices of not reimbursing its employees, including Plaintiffs, for business-related expenses and costs violate California Labor Code sections 2800 and 2802.  Defendants' policies and practices of failing to timely pay wages to Plaintiffs violate California Labor Code sections 201, 202 and 204.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1  Furthermore, Defendants' policies and practices of failing to pay overtime and minimum

2  wages violate Fair Labor Standards Act, 29 U.S.C. sections 206, 207.

3      62.    Plaintiffs have been personally injured by Defendants' unlawful business acts

4  and practices as alleged herein, including but not necessarily limited to the loss of money

5  and/or property.

6      63.    Pursuant to California Business & Professions Code sections 17200, et seq.,

7  Plaintiffs are entitled to restitution of the wages withheld and retained by Defendants during a

8  period from about February 10, 2001 to the present; a permanent injunction requiring

9  Defendants to pay all outstanding wages due to Plaintiffs; an award of attorneys' fees pursuant

10  to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award

11  of costs.

<div align="center">**REQUEST FOR JURY TRIAL**</div>

13      Plaintiffs request a trial by jury.

<div align="center">**PRAYER FOR RELIEF**</div>

15      Plaintiffs pray for relief and judgment against Defendants of less than $75,000 per

16  Plaintiff and less than $5,000,000 in the aggregate, jointly and severally, as follows:

<div align="center">**As to the First Cause of Action**</div>

18      1.    That the Court declare, adjudge and decree that Defendants violated California

19  Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to

20  pay all overtime wages due to Plaintiffs;

21      2.    For general unpaid wages at overtime wage rates and such general and special

22  damages as may be appropriate;

23      3.    For pre-judgment interest on any unpaid overtime compensation commencing

24  from the date such amounts were due;

25      4.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

26  California Labor Code section 1194(a); and

27      5.    For such other and further relief as the Court may deem equitable and

28  appropriate.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

**As to the Second Cause of Action**

6.      That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to pay all business-related expenses owed to Plaintiffs;

7.      For unpaid wages and such general and special damages as may be appropriate;

8.      For pre-judgment interest on any unpaid wages from the date such amounts were due;

9.      For all actual, consequential and incidental losses and damages, according to proof; and

10.     For such other and further relief as the Court may deem equitable and appropriate.

**As to the Third Cause of Action**

11.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202 and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiffs no longer employed by Defendants.

12.     For all actual, consequential and incidental losses and damages, according to proof;

13.     For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiffs who have left Defendants' employ;

14.     For pre-judgment interest on any unpaid wages from the date such amounts were due; and

15.     For such other and further relief as the Court may deem equitable and appropriate.

**As to the Fourth Cause of Action**

16.     That the Court declare, adjudge and decree that Defendants violated California Labor Code section 204 by willfully failing to pay all compensation owed at the time required by California Labor Code section 204, to Plaintiffs;

17.     For all actual, consequential and incidental losses and damages, according to

Page 11

FIRST AMENDED COMPLAINT

1   proof;

2       18.     For pre-judgment interest on any untimely paid compensation, from the date

3   such amounts were due; and

4       19.     For such other and further relief as the Court may deem equitable and

5   appropriate.

**As to the Fifth Cause of Action**

7       20.     That the Court declare, adjudge and decree that Defendants violated the record

8   keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders

9   as to Plaintiffs, and willfully failed to provide accurate itemized wage statements thereto;

10      21.     For all actual, consequential and incidental losses and damages, according to

11  proof;

12      22.     For statutory penalties pursuant to California Labor Code section 226(e);

13      23.     For injunctive relief to ensure compliance with this section, pursuant to

14  California Labor Code section 226(g); and

15      24.     For such other and further relief as the Court may deem equitable and

16  appropriate.

**As to the Sixth Cause of Action**

18      25.     That the Court declare, adjudge and decree that Defendants violated California

19  Business and Professions Code sections 17200, et seq. by failing to provide Plaintiffs all

20  overtime compensation due to them, failing to provide all meal and rest periods to Plaintiffs,

21  failing to pay for all missed meal and rest periods to Plaintiffs, failing to reimburse Plaintiffs

22  for all business-related expenses, failing to pay at least minimum wages to Plaintiffs, and

23  failing to pay Plaintiffs' wages timely as required by California Labor Code sections 201, 202

24  and 204;

25      26.     For restitution of unpaid wages to Plaintiffs and prejudgment interest from the

26  day such amounts were due and payable;

27      27.     For the appointment of a receiver to receive, manage and distribute any and all

28  funds disgorged from Defendants and determined to have been wrongfully acquired by

Page 12

FIRST AMENDED COMPLAINT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    Defendants as a result of violations of California Business & Professions Code sections 17200

2    et seq.;

3       28.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to

4    California Code of Civil Procedure section 1021.5;

5       29.     For injunctive relief to ensure compliance with this section, pursuant to

6    California Business & Professions Code sections 17200, et seq.; and

7       30.     For such other and further relief as the Court may deem equitable and

8    appropriate.

9

10   Dated: June 8, 2010                  Respectfully submitted,

11                                     Initiative Legal Group APC

12

13                        By: _Liana Beneli_____

14                          Mónica Balderrama
                                David Cheng

15                          Liana Beneli

16                          Attorneys for All Plaintiffs

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

# EXHIBIT 3

*Pope, et al. v. Wells Fargo Bank, N.A.*
Case No.: 2:10-cv-02807-WBS-KJM
DECLARATION OF MÓNICA BALDERRAMA IN SUPPORT OF PLAINTIFFS' REPLY TO
DEFENDANT'S OPPOSITION TO MOTION TO REMAND

COPY

1  Mónica Balderrama (SBN 196424)
   MBalderrama@InitiativeLegal.com
2  David Cheng (SBN 240926)
   DCheng@@InitiativeLegal.com
3  Liana Beneli (SBN 256023)
   LBeneli@InitiativeLegal.com
4  Initiative Legal Group APC
   1800 Century Park East, 2nd Floor
5  Los Angeles, California 90067
   Telephone:    (310) 556-5637
6  Facsimile:     (310) 861-9051



FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JUN 18 2010

A. Sanchez

7  Attorneys for All Plaintiffs

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              FOR THE COUNTY OF RIVERSIDE

10

11  SHARON Y. SOSA, BARBARA          Case No.: **RIC10011491**
    BOUKATHER, ANITA CALVILLO,
12  SHUWEN ZOU, LAWRENCE LIEN,       FIRST AMENDED COMPLAINT FOR:
    EDMOND H. LEE, ROBERT CONRAD
13  TROMMLER, ERMINIA SEDILLO,       (1) Violation of California Labor Code
    NATALIE HENDERSON, LISSETTE           §§ 510 and 1198 (Unpaid Overtime);
14  GONZALEZ, CHRISTOPHER S. ROSS,   (2) Violation of California Labor Code
    CHRISTINA PENG, ANTHONY R.            §§ 2800 and 2802 (Unpaid Business
15  WILLIAMS, PATRICK EARL                Expenses);
    STEWART, JENNIFER MARIE          (3) Violation of California Labor Code
16  JIMENEZ, RYAN CHRISTPHER HOLTZ,       §§ 201 and 202 (Wages Not Timely Paid
    ABBY IZURIETA, ALBERTO J.             Upon Termination);
17  IZURIETA, EILEEN MCCRACKEN,      (4) Violation of California Labor Code § 204
    MARGARET GARCIA MORENO,               (Wages Not Timely Paid During
18  BARBARA R. POTTER, STEPHEN R.         Employment);
    METZ II, VIELKA ALVARADO         (5) Violation of California Labor Code
19  WIGGINS, BILL VANG, MELANIE L.        § 226(a) (Non-compliant Wage
    BUFFINGTON, TODD S. BELL, ANKUR       Statements); and
20  BAISHYA, DIANE O. SANTOS, IRINA  (6) Violation of California Business &
    BARBAROV, DENISE SCHULTZ,             Professions Code §§ 17200, et seq.
21  LINNET CONLEY, VADIM DANILIN,
    DEBORAH L. MARCOUX, HANAN O.     **Jury Trial Demanded**
22  HADDAD, ALOYSIUS CASANAS,
    ERNEST P. PAGE, MELISSA ESCOBAR,
23  ALLISON VITUG, CURTIS C.
    GARRETT, RICHARD W. BARRERA,
24  ROBERT ALLEN BURKE, ALEJANDRO
    RODRIGUEZ, CHRIS HOWELL, EDGAR
25  ALFREDO ROSALES, SUSAN LESLIE
    PADFIELD, JOSE REYES MOLINA,
26  EVERADO GODOY JR., TRACI
    SCHRAM, LYNNETTE SHAUL,
27  LIZABETH MARIE HILL, DAN
    SHACKELFORD, BETH ANN SLOVAK,
28  MARTIN S. GREENMAN, SAIDA G.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

AVALOS, KATRINA MARIE BARRY,
ROBERT WESTON COLLINS, JULIE
ANN DONALD, ESMERALDA
ARRIZON, BRYAN JOHN GENER,
PIYARESTH TANGCHAIDEE, DUSTIN
M. HOLZHAUSEN, JOHN KELLY,
EVELYN D. CHAVEZ, JAVIER
TREVIZO, KRISTOFFER R.
THOMPSON, ERICK SOSA, ROBERT
CHIUPPI, WILLIAM GILBERT
HERNANDEZ, DENINE FADELL,
KEVEL NICHELLE AVILA, NATALIE
DALIAH BARRANTES, DARREN
WILLIAM MANSON, SUE E. LARGE,
BONNIE LOIS PERRY, ROY WEST II,
DEXTER MCLEAN, VICKY J. LOPEZ,
GIUSEPPE F. VISCONTI, IRENE
BETANCOURT, NATHANIEL ADAM
PRICE, JOHN P. LANG, CHRISTOPHER
R. CACAL, RICHARD M. FAUST,
CATHERINE F. RANGEL, BRADLEY
MARK BEAUDETTE, BRADFORD
PAUL SANBORN, WILLIAM REED,
BARBARA G. BRIGHT, CHAD JAMES
MATTHEWS, DAUN MONROE, RAJ K.
DITTA, HEATHER LEE PRESHA,
HAROLD BROUGHTON, KATHLEEN
LOUISE LEWIS, CYNTHIA C. YEE,
BILL YING LI, WELDON R. HOWLETT,
and DANIEL QUINTIN MCMORROW, all
individuals,

Plaintiffs,

vs.

WELLS FARGO BANK, N.A., a Delaware
corporation; and DOES 1 through 10,
inclusive,

Defendants.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    Plaintiffs allege as follows:

2                    **JURISDICTION AND VENUE**

3        1.    The monetary damages and restitution sought by Plaintiffs exceed the minimal

4    jurisdiction limits of the Superior Court and will be established according to proof at trial.

5    The amount in controversy for each Plaintiff, including claims for compensatory damages and

6    pro rata share of attorneys' fees, is less than $75,000. The amount in controversy is less than

7    $5,000,000 in the aggregate, including claims for compensatory damages and pro rata share of

8    attorneys' fees.

9        2.    This Court has jurisdiction over this action pursuant to the California

10   Constitution, Article VI, section 10, which grants the Superior Court "original jurisdiction in

11   all causes except those given by statute to other courts." The statutes under which this action

12   is brought do not specify any other basis for jurisdiction.

13       3.    This Court has jurisdiction over all Defendants because, upon information and

14   belief, each party is either a citizen of California, has sufficient minimum contacts in

15   California, or otherwise intentionally avails itself of the California market so as to render the

16   exercise of jurisdiction over it by the California courts consistent with traditional notions of

17   fair play and substantial justice.

18       4.    Venue is proper in this Court because, upon information and belief, one or

19   more of the named Defendants reside, transact business, or have offices in this county and

20   some of the acts and omissions alleged herein took place in this county.

21                        **THE PARTIES**

22       5.    Plaintiffs are residents of the State of California. Plaintiffs were employed by

23   the Defendant WELLS FARGO BANK, N.A., as Home Mortgage Consultants, Loan

24   Originators, Loan Officers, Mortgage Specialists, Loan Consultants, Mortgage Consultants,

25   Loan Processors, Reverse Mortgage Specialists, collectively referred to as ("HMCs").

26       6.    Defendant WELLS FARGO BANK, N.A. was and is, upon information and

27   belief, a business entity incorporated in Delaware and headquartered in San Francisco,

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

Page 1
FIRST AMENDED COMPLAINT

1   California, and at all times hereinafter mentioned an employer whose employees are engaged

2   throughout this county, the State of California, or the various states of the United States of

3   America. Defendant WELLS FARGO BANK, N.A. operates, as a separate division, an entity

4   headquartered outside of the State of California which sells and originates home mortgages

5   loans. Defendant WELLS FARGO BANK, N.A. employed Plaintiffs in the State of

6   California as HMCs to originate and produce mortgage loans.

7          7.      Plaintiffs are unaware of the true names or capacities of the Defendants sued

8   herein under the fictitious names DOES 1 through 10, but pray for leave to amend and serve

9   such fictitiously named Defendants once their names and capacities become known.

10         8.      Plaintiffs are informed and believe, and thereon allege, that DOES 1 through 10

11  are the partners, agents, owners, shareholders, managers or employees of WELLS FARGO

12  BANK, N. A. and/or WELLS FARGO BANK, N. A. and were acting on behalf of WELLS

13  FARGO BANK, N. A. and/or WELLS FARGO BANK, N. A. at all relevant times.

14         9.      Plaintiffs are informed and believe, and thereon allege, that each and all of the

15  acts and omissions alleged herein was performed by, or is attributable to, WELLS FARGO

16  BANK, N. A. and/or WELLS FARGO BANK, N. A.and DOES 1 through 10 (collectively

17  "Defendants"), each acting as the agent for the other, with legal authority to act on the other's

18  behalf. The acts of any and all Defendants were in accordance with, and represent, the official

19  policy of Defendants.

20         10.     At all relevant times, Defendants, and each of them, ratified each and every act

21  or omission complained of herein. At all relevant times, Defendants, and each of them, aided

22  and abetted the acts and omissions of each and all the other Defendants in proximately causing

23  the damages herein alleged.

24         11.     Plaintiffs are informed and believe, and thereon allege, that each of said

25  Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts,

26  omissions, occurrences, and transactions alleged herein.

27                              **STATEMENT OF FACTS**

28

FIRST AMENDED COMPLAINT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1     12.    At all relevant times set forth, Defendants employed Plaintiffs as commission

2    paid employees.

3     13.    Defendants have employed Plaintiffs, who began and ended employment on

4    different dates, as HMCs, which is a commission paid position, during the period from about

5    February 10, 2001 to the present, at Defendants' multiple locations throughout California.

6     14.    While employed as HMCs, Plaintiffs were engaged in originating, producing

7    and selling home loans.

8     15.    Defendants compensated Plaintiffs on a commission sales basis and did not

9    keep records of Plaintiffs' work hours or their activities.  Defendants paid Plaintiffs based on

10    the loans that actually closed and recorded.  Defendants never paid Plaintiffs any overtime or

11    premium pay despite the fact that the Plaintiff routinely worked in excess of eight (8) hours

12    per day and in excess of (40) hours per week.  Rather, Defendants classified Plaintiffs as

13    exempt from overtime compensation.

14     16.    Defendants continue to employ commission paid employees within California.

15                  **GENERAL ALLEGATIONS**

16     17.    Plaintiffs are informed and believe, and thereon allege that Defendants knew or

17    should have known that Plaintiffs were entitled to receive certain wages for overtime

18    compensation and that they were not receiving certain wages for overtime compensation.

19    Defendants misclassified Plaintiffs as employees exempt from overtime because they received

20    sales commissions.

21     18.    Plaintiffs are informed and believe, and thereon allege that Defendants knew or

22    should have known that Plaintiffs were entitled to receive all meal periods or payment of one

23    additional hour of pay at Plaintiffs' regular rate of pay when they did not receive a timely

24    uninterrupted meal period.

25     19.    Plaintiffs are informed and believe, and thereon allege that Defendants knew or

26    should have known that Plaintiffs were entitled to receive all rest periods or payment of one

27    additional hour of pay at Plaintiffs' regular rate of pay when a rest period was missed.

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

Page 3

FIRST AMENDED COMPLAINT

1    20.    Plaintiffs are informed and believe, and thereon allege that Defendants knew or

2    should have known that Plaintiffs were entitled to receive full reimbursement for all business-

3    related expenses and costs they incurred during the course and scope of their employment, and

4    that they did not receive full reimbursement of applicable business-related expenses and costs

5    they incurred.

6    21.    Plaintiffs are informed and believe, and thereon allege that Defendants knew or

7    should have known that Plaintiffs were entitled to all commissions due to them, and that they

8    did not receive all commissions due to them.

9    22.    Plaintiffs are informed and believe, and thereon allege that Defendants knew or

10   should have known that Plaintiffs were entitled to receive complete and accurate wage

11   statements in accordance with California law and that they did not receive complete and

12   accurate wage statements that included, among other things, total hours worked and all

13   applicable hourly and overtime rates.

14   23.    Plaintiffs are informed and believe, and thereon allege, that at all times herein

15   mentioned, Defendants knew or should have known that they had a duty to compensate

16   Plaintiffs, and that Defendants had the financial ability to pay such compensation, but

17   willfully, knowingly and intentionally failed to do so, and falsely represented to Plaintiffs that

18   they were properly denied wages, all in order to increase Defendants' profits.

19   24.    California Labor Code section 218 states that nothing in Article 1 of the Labor

20   Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty

21   due to him [or her] under this article."

22                           **FIRST CAUSE OF ACTION**

23                **Violation of California Labor Code §§ 510 and 1198**

24                              **(Against All Defendants)**

25   25.    Plaintiffs incorporate by reference and re-allege as if fully stated herein the

26   material allegations set out in paragraphs 1 through 24.

27   26.    California Labor Code section 1198 and the applicable Industrial Welfare

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1  Commission ("IWC") Wage Order provide that it is unlawful to employ persons without

2  compensating them at a rate of pay either time-and-one-half or two-times that person's regular

3  rate of pay, depending on the number of hours worked by the person on a daily or weekly

4  basis.

5       27.    Specifically, the applicable IWC Wage Order provides that Defendants are and

6  were required to pay Plaintiffs employed by Defendants, and working more than eight (8)

7  hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half

8  for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a

9  workweek.

10       28.    The applicable IWC Wage Order further provides that Defendants are and were

11  required to pay Plaintiffs employed by Defendants, and working more than twelve (12) hours

12  in a day, overtime compensation at a rate of two times their regular rate of pay.

13       29.    California Labor Code section 510 codifies the right to overtime compensation

14  at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours

15  in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day

16  of work, and to overtime compensation at twice the regular hourly rate for hours worked in

17  excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day

18  of work.

19       30.    During the relevant time period, Plaintiffs consistently worked in excess of

20  eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40)

21  hours in a week.

22       31.    During the relevant time period, Defendants willfully failed to pay all overtime

23  wages owed to Plaintiffs.  Plaintiffs were misclassified as exempt from overtime

24  compensation when they should have been paid overtime compensation for time worked in

25  excess of eight (8) hours per day and/or forty (40) hours per week.

26       32.    Defendants' failure to pay Plaintiffs the unpaid balance of overtime

27  compensation, as required by California laws, violates the provisions of California Labor

28

FIRST AMENDED COMPLAINT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1   Code sections 510 and 1198, and is therefore unlawful.

2     33. Pursuant to California Labor Code section 1194, Plaintiffs are entitled to

3   recover their unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

4   <div align="center">**SECOND CAUSE OF ACTION**</div>

5   <div align="center">**Violation of California Labor Code §§ 2800 and 2802**</div>

6   <div align="center">**(Against All Defendants)**</div>

7     34. Plaintiffs incorporate by reference and re-allege as if fully stated herein the

8   material allegations set out in paragraphs 1 through 33.

9     35. At all times herein set forth, California Labor Code sections 2800 and 2802

10  provide that an employer must reimburse employees for all necessary expenditures.

11    36. Plaintiffs incurred necessary business-related expenses and costs that were not

12  fully reimbursed by Defendants, including and without limitation, gas, mileage, cell phone

13  expenses, and expenses for client meals, that resulted from their employment with Defendants.

14  Specifically, Defendants had, and continue to have, a policy and practice of requiring

15  employees, including Plaintiffs, to pay for said costs from their own funds.  Defendants had,

16  and continue to have, a policy of not reimbursing employees, including Plaintiffs, for said

17  business-related expenses and costs.

18    37. Defendants have intentionally and willfully failed to fully reimburse Plaintiffs

19  for necessary business-related expenses and costs.

20    38. Plaintiffs are entitled to recover from Defendants their business-related

21  expenses incurred during the course and scope of their employment, plus interest, pursuant to

22  California Labor Code sections 2800 and 2802.

23  <div align="center">**THIRD CAUSE OF ACTION**</div>

24  <div align="center">**Violation of California Labor Code §§ 201 and 202**</div>

25  <div align="center">**(Against All Defendants)**</div>

26    39. Plaintiffs incorporate by reference and re-allege as if fully stated herein the

27  material allegations set out in paragraphs 1 through 38.

28

<div align="left">INITIATIVE LEGAL GROUP APC<br>1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067</div>

<div align="center">Page 6</div>

<div align="center">FIRST AMENDED COMPLAINT</div>

40.     At all times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

41.     During the relevant time period, Defendants willfully failed to pay Plaintiffs who are no longer employed by Defendants their wages, earned and unpaid, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

42.     Defendants' failure to pay Plaintiffs who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

43.     California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

44.     Plaintiffs are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

## FOURTH CAUSE OF ACTION

### Violation of California Labor Code § 204

### (Against All Defendants)

45.     Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 44.

46.     At all times herein set forth, California Labor Code section 204 provides that

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1   all wages earned by any person in any employment between the 1st and the 15th days,

2   inclusive, of any calendar month, other than those wages due upon termination of an

3   employee, are due and payable between the 16th and the 26th day of the month during which

4   the labor was performed.

5          47.    At all times herein set forth, California Labor Code section 204 provides that

6   all wages earned by any person in any employment between the 16th and the last day,

7   inclusive, of any calendar month, other than those wages due upon termination of an

8   employee, are due and payable between the 1st and the 10th day of the following month.

9          48.    At all times herein set forth, California Labor Code section 204 provides that

10  all wages earned for labor in excess of the normal work period shall be paid no later than the

11  payday for the next regular payroll period.

12         49.    During the relevant time period, Defendants willfully failed to pay Plaintiffs all

13  wages due to them, within any time period permissible by California Labor Code section 204.

14         50.    Plaintiffs are entitled to recover all remedies available for violations of

15  California Labor Code section 204.

16                          **FIFTH CAUSE OF ACTION**

17                 **Violation of California Labor Code § 226(a)**

18                          **(Against All Defendants)**

19         51.    Plaintiffs incorporate by reference and re-allege as if fully stated herein the

20  material allegations set out in paragraphs 1 through 50.

21         52.    At all material times set forth herein, California Labor Code section 226(a)

22  provides that every employer shall furnish each of his or her employees an accurate itemized

23  wage statement in writing showing nine pieces of information, including all applicable hourly

24  rates, and total hours worked, among other things.

25         53.    Defendants have intentionally and willfully failed to provide employees with

26  complete and accurate wage statements.  The deficiencies include, among other things, the

27  failure to include the total number of hours worked by Plaintiffs and the failure to list all

28

1    applicable hourly rates.

2        54.    As a result of Defendants' violation of California Labor Code section 226(a),

3    Plaintiffs have suffered injury and damage to their statutorily-protected rights.

4        55.    Specifically, Plaintiffs have been injured by Defendants' intentional violation

5    of California Labor Code section 226(a) because they were denied both their legal right to

6    receive, and their protected interest in receiving, accurate, itemized wage statements under

7    California Labor Code section 226(a).

8        56.    Plaintiffs are entitled to recover from Defendants the greater of their actual

9    damages caused by Defendants' failure to comply with California Labor Code section 226(a),

10    or an aggregate penalty not exceeding four thousand dollars per employee.

11        57.    Plaintiffs are also entitled to injunctive relief to ensure compliance with this

12    section, pursuant to California Labor Code section 226(g).

13                          **SIXTH CAUSE OF ACTION**

14          **Violation of California Business & Professions Code §§ 17200, et seq.**

15                          **(Against All Defendants)**

16        58.    Plaintiffs incorporate by reference and re-allege as if fully stated herein the

17    material allegations set out in paragraphs 1 through 57.

18        59.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

19    unlawful, and harmful to Plaintiffs and to the general public. Plaintiffs seeks to enforce

20    important rights affecting the public interest within the meaning of Code of Civil Procedure

21    section 1021.5.

22        60.    Defendants' activities, as alleged herein, are violations of California law, and

23    constitute unlawful business acts and practices in violation of California Business &

24    Professions Code sections 17200, et seq.

25        61.    A violation of California Business & Professions Code sections 17200, et seq.

26    may be predicated on the violation of any state or federal law. In this instant case,

27    Defendants' policies and practices of requiring Plaintiffs, to work overtime without paying

28

FIRST AMENDED COMPLAINT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1  them proper compensation violates California Labor Code sections 510 and 1198.

2  Additionally, Defendants' policies and practices of requiring Plaintiffs to work through their

3  meal and rest periods without paying them proper compensation violate California Labor

4  Code sections 226.7 and 512(a). Defendants' policies and practices of not reimbursing its

5  employees, including Plaintiffs, for business-related expenses and costs violate California

6  Labor Code sections 2800 and 2802. Defendants' policies and practices of failing to timely

7  pay wages to Plaintiffs violate California Labor Code sections 201, 202 and 204.

8  Furthermore, Defendants' policies and practices of failing to pay overtime and minimum

9  wages violate Fair Labor Standards Act, 29 U.S.C. sections 206, 207.

10      62.     Plaintiffs have been personally injured by Defendants' unlawful business acts

11  and practices as alleged herein, including but not necessarily limited to the loss of money

12  and/or property.

13      63.     Pursuant to California Business & Professions Code sections 17200, et seq.,

14  Plaintiffs are entitled to restitution of the wages withheld and retained by Defendants during a

15  period from about February 10, 2001 to the present; a permanent injunction requiring

16  Defendants to pay all outstanding wages due to Plaintiffs; an award of attorneys' fees pursuant

17  to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award

18  of costs.

19                    **REQUEST FOR JURY TRIAL**

20      Plaintiffs request a trial by jury.

21                    **PRAYER FOR RELIEF**

22      Plaintiffs pray for relief and judgment against Defendants of less than $75,000 per

23  Plaintiff and less than $5,000,000 in the aggregate, jointly and severally, as follows:

24                    **As to the First Cause of Action**

25      1.     That the Court declare, adjudge and decree that Defendants violated California

26  Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to

27  pay all overtime wages due to Plaintiffs;

28

INITIATIVE LEGAL GROUP APC
1820 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

FIRST AMENDED COMPLAINT

2.      For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

3.      For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

4.      For reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a); and

5.      For such other and further relief as the Court may deem equitable and appropriate.

**As to the Second Cause of Action**

6.      That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to pay all business-related expenses owed to Plaintiffs;

7.      For unpaid wages and such general and special damages as may be appropriate;

8.      For pre-judgment interest on any unpaid wages from the date such amounts were due;

9.      For all actual, consequential and incidental losses and damages, according to proof; and

10.     For such other and further relief as the Court may deem equitable and appropriate.

**As to the Third Cause of Action**

11.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202 and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiffs no longer employed by Defendants.

12.     For all actual, consequential and incidental losses and damages, according to proof;

13.     For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiffs who have left Defendants' employ;

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

FIRST AMENDED COMPLAINT

1      14.    For pre-judgment interest on any unpaid wages from the date such amounts

2  were due; and

3      15.    For such other and further relief as the Court may deem equitable and

4  appropriate.

5                  **As to the Fourth Cause of Action**

6      16.    That the Court declare, adjudge and decree that Defendants violated California

7  Labor Code section 204 by willfully failing to pay all compensation owed at the time required

8  by California Labor Code section 204, to Plaintiffs;

9      17.    For all actual, consequential and incidental losses and damages, according to

10  proof;

11      18.    For pre-judgment interest on any untimely paid compensation, from the date

12  such amounts were due; and

13      19.    For such other and further relief as the Court may deem equitable and

14  appropriate.

15                  **As to the Fifth Cause of Action**

16      20.    That the Court declare, adjudge and decree that Defendants violated the record-

17  keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders

18  as to Plaintiffs, and willfully failed to provide accurate itemized wage statements thereto;

19      21.    For all actual, consequential and incidental losses and damages, according to

20  proof;

21      22.    For statutory penalties pursuant to California Labor Code section 226(e);

22      23.    For injunctive relief to ensure compliance with this section, pursuant to

23  California Labor Code section 226(g); and

24      24.    For such other and further relief as the Court may deem equitable and

25  appropriate.

26                  **As to the Sixth Cause of Action**

27      25.    That the Court declare, adjudge and decree that Defendants violated California

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

Page 12

FIRST AMENDED COMPLAINT

1  Business and Professions Code sections 17200, et seq. by failing to provide Plaintiffs all

2  overtime compensation due to them, failing to provide all meal and rest periods to Plaintiffs,

3  failing to pay for all missed meal and rest periods to Plaintiffs, failing to reimburse Plaintiffs

4  for all business-related expenses, failing to pay at least minimum wages to Plaintiffs, and

5  failing to pay Plaintiffs' wages timely as required by California Labor Code sections 201, 202

6  and 204;

7      26.    For restitution of unpaid wages to Plaintiffs and prejudgment interest from the

8  day such amounts were due and payable;

9      27.    For the appointment of a receiver to receive, manage and distribute any and all

10  funds disgorged from Defendants and determined to have been wrongfully acquired by

11  Defendants as a result of violations of California Business & Professions Code sections 17200

12  et seq.;

13      28.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

14  California Code of Civil Procedure section 1021.5;

15      29.    For injunctive relief to ensure compliance with this section, pursuant to

16  California Business & Professions Code sections 17200, et seq.; and

17      30.    For such other and further relief as the Court may deem equitable and

18  appropriate.

19

20  Dated: June 18, 2010                  Respectfully submitted,

21                                        Initiative Legal Group APC

22

23  By: _____
                                          Mónica Balderrama
24                                        David Cheng
                                          Liana Beneli
25
                                          Attorneys for All Plaintiffs
26

27

28

FIRST AMENDED COMPLAINT

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

# EXHIBIT 4

*Pope, et al. v. Wells Fargo Bank, N.A.*
Case No.: 2:10-cv-02807-WBS-KJM
DECLARATION OF MÓNICA BALDERRAMA IN SUPPORT OF PLAINTIFFS' REPLY TO
DEFENDANT'S OPPOSITION TO MOTION TO REMAND

COPY

Mónica Balderrama (SBN 196424)
MBalderrama@InitiativeLegal.com
David Cheng (SBN 240926)
DCheng@@InitiativeLegal.com
Liana Beneli (SBN 256023)
LBeneli@InitiativeLegal.com
Initiative Legal Group APC
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone: (310) 556-5637
Facsimile: (310) 861-9051

Attorneys for Plaintiffs

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUN 0 9 2010

By _____
                    Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN BERNARDINO

| | |
|---|---|
| RENEE GAGLIANO, JEANNE WELLS, and RICHARD PHIPPS, individuals, | Case No.  **CIVDS 1 0 0 8 0 7 1** |
| Plaintiffs, | COMPLAINT FOR: |
| vs. | (1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime); |
| WELLS FARGO BANK, N.A., a Delaware corporation; and DOES 1 through 10, inclusive, | (2) Violation of California Labor Code §§ 2800 and 2802 (Unpaid Business Expenses); |
| Defendants. | (3) Violation of California Labor Code §§ 201 and 202 (Wages Not Timely Paid Upon Termination); |
| | (4) Violation of California Labor Code § 204 (Wages Not Timely Paid During Employment); |
| | (5) Violation of California Labor Code § 226(a) (Non-compliant Wage Statements); and |
| | (6) Violation of California Business & Professions Code §§ 17200, et seq. |
| | **Jury Trial Demanded** |

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

COMPLAINT

1  Plaintiffs allege as follows:

2                              **JURISDICTION AND VENUE**

3      1.     The monetary damages and restitution sought by Plaintiffs exceed the minimal

4  jurisdiction limits of the Superior Court and will be established according to proof at trial.

5  The amount in controversy for each Plaintiff, including claims for compensatory damages and

6  pro rata share of attorneys' fees, is less than $75,000.  The amount in controversy is less than

7  $5,000,000 in the aggregate, including claims for compensatory damages and pro rata share of

8  attorneys' fees.

9      2.     This Court has jurisdiction over this action pursuant to the California

10  Constitution, Article VI, section 10, which grants the Superior Court "original jurisdiction in

11  all causes except those given by statute to other courts."  The statutes under which this action

12  is brought do not specify any other basis for jurisdiction.

13      3.     This Court has jurisdiction over all Defendants because, upon information and

14  belief, each party is either a citizen of California, has sufficient minimum contacts in

15  California, or otherwise intentionally avails itself of the California market so as to render the

16  exercise of jurisdiction over it by the California courts consistent with traditional notions of

17  fair play and substantial justice.

18      4.     Venue is proper in this Court because, upon information and belief, one or

19  more of the named Defendants reside, transact business, or have offices in this county and

20  some of the acts and omissions alleged herein took place in this county.

21                                    **THE PARTIES**

22      5.     Plaintiffs are residents of the State of California.  Plaintiffs were employed by

23  the Defendant WELLS FARGO BANK, N.A., as Home Mortgage Consultants, Loan

24  Originators, Loan Officers, Mortgage Specialists, Loan Consultants, Mortgage Consultants,

25  Loan Processors, collectively referred to as ("HMCs").

26      6.     Defendant WELLS FARGO BANK, N.A. was and is, upon information and

27  belief, a business entity incorporated in Delaware and headquartered in San Francisco,

28  California, and at all times hereinafter mentioned an employer whose employees are engaged

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1   throughout this county, the State of California, or the various states of the United States of

2   America. Defendant WELLS FARGO BANK, N.A. operates, as a separate division, an entity

3   headquartered outside of the State of California which sells and originates home mortgages

4   loans. Defendant WELLS FARGO BANK, N.A. employed Plaintiffs in the State of

5   California as HMCs to originate and produce mortgage loans.

6          7.      Plaintiffs are unaware of the true names or capacities of the Defendants sued

7   herein under the fictitious names DOES 1 through 10, but pray for leave to amend and serve

8   such fictitiously named Defendants once their names and capacities become known.

9          8.      Plaintiffs are informed and believe, and thereon allege, that DOES 1 through 10

10  are the partners, agents, owners, shareholders, managers or employees of WELLS FARGO

11  BANK, N.A. and/or WELLS FARGO BANK, N.A. and were acting on behalf of WELLS

12  FARGO BANK, N.A. and/or WELLS FARGO BANK, N.A. at all relevant times.

13         9.      Plaintiffs are informed and believe, and thereon allege, that each and all of the

14  acts and omissions alleged herein was performed by, or is attributable to, WELLS FARGO

15  BANK, N.A. and/or WELLS FARGO BANK, N.A. and DOES 1 through 10 (collectively

16  "Defendants"), each acting as the agent for the other, with legal authority to act on the other's

17  behalf. The acts of any and all Defendants were in accordance with, and represent, the official

18  policy of Defendants.

19         10.     At all relevant times, Defendants, and each of them, ratified each and every act

20  or omission complained of herein. At all relevant times, Defendants, and each of them, aided

21  and abetted the acts and omissions of each and all the other Defendants in proximately causing

22  the damages herein alleged.

23         11.     Plaintiffs are informed and believe, and thereon allege, that each of said

24  Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts,

25  omissions, occurrences, and transactions alleged herein.

26                         **STATEMENT OF FACTS**

27         12.     At all relevant times set forth, Defendants employed Plaintiffs as commission

28  paid employees.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

13.    Defendants have employed Plaintiffs, who began and ended employment on different dates, as HMCs, which is a commission paid position, during the period from about February 10, 2001 to the present, at Defendants' multiple locations throughout California.

14.    While employed as HMCs, Plaintiffs were engaged in originating, producing and selling home loans.

15.    Defendants compensated Plaintiffs on a commission sales basis and did not keep records of Plaintiffs' work hours or their activities. Defendants paid Plaintiffs based on the loans that actually closed and recorded. Defendants never paid Plaintiffs any overtime or premium pay despite the fact that the Plaintiff routinely worked in excess of eight (8) hours per day and in excess of (40) hours per week. Rather, Defendants classified Plaintiffs as exempt from overtime compensation.

16.    Defendants continue to employ commission paid employees within California.

### GENERAL ALLEGATIONS

17.    Plaintiffs are informed and believe, and thereon allege that Defendants knew or should have known that Plaintiffs were entitled to receive certain wages for overtime compensation and that they were not receiving certain wages for overtime compensation. Defendants misclassified Plaintiffs as employees exempt from overtime because they received sales commissions.

18.    Plaintiffs are informed and believe, and thereon allege that Defendants knew or should have known that Plaintiffs were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiffs' regular rate of pay when they did not receive a timely uninterrupted meal period.

19.    Plaintiffs are informed and believe, and thereon allege that Defendants knew or should have known that Plaintiffs were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiffs' regular rate of pay when a rest period was missed.

20.    Plaintiffs are informed and believe, and thereon allege that Defendants knew or should have known that Plaintiffs were entitled to receive full reimbursement for all business-related expenses and costs they incurred during the course and scope of their employment, and

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    that they did not receive full reimbursement of applicable business-related expenses and costs

2    they incurred.

3        21.    Plaintiffs are informed and believe, and thereon allege that Defendants knew or

4    should have known that Plaintiffs were entitled to all commissions due to them, and that they

5    did not receive all commissions due to them.

6        22.    Plaintiffs are informed and believe, and thereon allege that Defendants knew or

7    should have known that Plaintiffs were entitled to receive complete and accurate wage

8    statements in accordance with California law and that they did not receive complete and

9    accurate wage statements that included, among other things, total hours worked and all

10   applicable hourly and overtime rates.

11       23.    Plaintiffs are informed and believe, and thereon allege, that at all times herein

12   mentioned, Defendants knew or should have known that they had a duty to compensate

13   Plaintiffs, and that Defendants had the financial ability to pay such compensation, but

14   willfully, knowingly and intentionally failed to do so, and falsely represented to Plaintiffs that

15   they were properly denied wages, all in order to increase Defendants' profits.

16       24.    California Labor Code section 218 states that nothing in Article 1 of the Labor

17   Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty

18   due to him [or her] under this article."

19                            **FIRST CAUSE OF ACTION**

20                **Violation of California Labor Code §§ 510 and 1198**

21                            **(Against All Defendants)**

22       25.    Plaintiffs incorporate by reference and re-allege as if fully stated herein the

23   material allegations set out in paragraphs 1 through 24.

24       26.    California Labor Code section 1198 and the applicable Industrial Welfare

25   Commission ("IWC") Wage Order provide that it is unlawful to employ persons without

26   compensating them at a rate of pay either time-and-one-half or two-times that person's regular

27   rate of pay, depending on the number of hours worked by the person on a daily or weekly

28   basis.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

27.     Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiffs employed by Defendants, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

28.     The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiffs employed by Defendants, and working more than twelve (12) hours in a day, overtime compensation at a rate of two times their regular rate of pay.

29.     California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

30.     During the relevant time period, Plaintiffs consistently worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40) hours in a week.

31.     During the relevant time period, Defendants willfully failed to pay all overtime wages owed to Plaintiffs. Plaintiffs were misclassified as exempt from overtime compensation when they should have been paid overtime compensation for time worked in excess of eight (8) hours per day and/or forty (40) hours per week.

32.     Defendants' failure to pay Plaintiffs the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

33.     Pursuant to California Labor Code section 1194, Plaintiffs are entitled to recover their unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

**SECOND CAUSE OF ACTION**

**Violation of California Labor Code §§ 2800 and 2802**

**(Against All Defendants)**

34.     Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 33.

35.     At all times herein set forth, California Labor Code sections 2800 and 2802 provide that an employer must reimburse employees for all necessary expenditures.

36.     Plaintiffs incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants, including and without limitation, gas, mileage, cell phone expenses, and expenses for client meals, that resulted from their employment with Defendants. Specifically, Defendants had, and continue to have, a policy and practice of requiring employees, including Plaintiffs, to pay for said costs from their own funds. Defendants had, and continue to have, a policy of not reimbursing employees, including Plaintiffs, for said business-related expenses and costs.

37.     Defendants have intentionally and willfully failed to fully reimburse Plaintiffs for necessary business-related expenses and costs.

38.     Plaintiffs are entitled to recover from Defendants their business-related expenses incurred during the course and scope of their employment, plus interest, pursuant to California Labor Code sections 2800 and 2802.

**THIRD CAUSE OF ACTION**

**Violation of California Labor Code §§ 201 and 202**

**(Against All Defendants)**

39.     Plaintiffs incorporate by reference and re-allege as if fully stated herein the material allegations set out in paragraphs 1 through 38.

40.     At all times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two

1   (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of

2   his or her intention to quit, in which case the employee is entitled to his or her wages at the

3   time of quitting.

4       41.   During the relevant time period, Defendants willfully failed to pay Plaintiffs

5   who are no longer employed by Defendants their wages, earned and unpaid, either at the time

6   of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

7       42.   Defendants' failure to pay Plaintiffs who are no longer employed by

8   Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72)

9   hours of their leaving Defendants' employ, is in violation of California Labor Code sections

10   201 and 202.

11       43.   California Labor Code section 203 provides that if an employer willfully fails

12   to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee

13   shall continue as a penalty from the due date, and at the same rate until paid or until an action

14   is commenced; but the wages shall not continue for more than thirty (30) days.

15       44.   Plaintiffs are entitled to recover from Defendants the statutory penalty wages

16   for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor

17   Code section 203.

18                   **FOURTH CAUSE OF ACTION**

19                 **Violation of California Labor Code § 204**

20                     **(Against All Defendants)**

21       45.   Plaintiffs incorporate by reference and re-allege as if fully stated herein the

22   material allegations set out in paragraphs 1 through 44.

23       46.   At all times herein set forth, California Labor Code section 204 provides that

24   all wages earned by any person in any employment between the 1st and the 15th days,

25   inclusive, of any calendar month, other than those wages due upon termination of an

26   employee, are due and payable between the 16th and the 26th day of the month during which

27   the labor was performed.

28       47.   At all times herein set forth, California Labor Code section 204 provides that

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

COMPLAINT

1   all wages earned by any person in any employment between the 16th and the last day,

2   inclusive, of any calendar month, other than those wages due upon termination of an

3   employee, are due and payable between the 1st and the 10th day of the following month.

4       48.    At all times herein set forth, California Labor Code section 204 provides that

5   all wages earned for labor in excess of the normal work period shall be paid no later than the

6   payday for the next regular payroll period.

7       49.    During the relevant time period, Defendants willfully failed to pay Plaintiffs all

8   wages due to them, within any time period permissible by California Labor Code section 204.

9       50.    Plaintiffs are entitled to recover all remedies available for violations of

10   California Labor Code section 204.

11                    **FIFTH CAUSE OF ACTION**

12             **Violation of California Labor Code § 226(a)**

13                    **(Against All Defendants)**

14       51.    Plaintiffs incorporate by reference and re-allege as if fully stated herein the

15   material allegations set out in paragraphs 1 through 50.

16       52.    At all material times set forth herein, California Labor Code section 226(a)

17   provides that every employer shall furnish each of his or her employees an accurate itemized

18   wage statement in writing showing nine pieces of information, including all applicable hourly

19   rates, and total hours worked, among other things.

20       53.    Defendants have intentionally and willfully failed to provide employees with

21   complete and accurate wage statements.  The deficiencies include, among other things, the

22   failure to include the total number of hours worked by Plaintiffs and the failure to list all

23   applicable hourly rates.

24       54.    As a result of Defendants' violation of California Labor Code section 226(a),

25   Plaintiffs have suffered injury and damage to their statutorily-protected rights.

26       55.    Specifically, Plaintiffs have been injured by Defendants' intentional violation

27   of California Labor Code section 226(a) because they were denied both their legal right to

28   receive, and their protected interest in receiving, accurate, itemized wage statements under

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

COMPLAINT

1　California Labor Code section 226(a).

2　　　56.　Plaintiffs are entitled to recover from Defendants the greater of their actual

3　damages caused by Defendants' failure to comply with California Labor Code section 226(a),

4　or an aggregate penalty not exceeding four thousand dollars per employee.

5　　　57.　Plaintiffs are also entitled to injunctive relief to ensure compliance with this

6　section, pursuant to California Labor Code section 226(g).

7　　　　　　　　　　　　　**SIXTH CAUSE OF ACTION**

8　　　**Violation of California Business & Professions Code §§ 17200, et seq.**

9　　　　　　　　　　　　**(Against All Defendants)**

10　　　58.　Plaintiffs incorporate by reference and re-allege as if fully stated herein the

11　material allegations set out in paragraphs 1 through 57.

12　　　59.　Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

13　unlawful, and harmful to Plaintiffs and to the general public. Plaintiffs seeks to enforce

14　important rights affecting the public interest within the meaning of Code of Civil Procedure

15　section 1021.5.

16　　　60.　Defendants' activities, as alleged herein, are violations of California law, and

17　constitute unlawful business acts and practices in violation of California Business &

18　Professions Code sections 17200, et seq.

19　　　61.　A violation of California Business & Professions Code sections 17200, et seq.

20　may be predicated on the violation of any state or federal law. In this instant case,

21　Defendants' policies and practices of requiring Plaintiffs, to work overtime without paying

22　them proper compensation violates California Labor Code sections 510 and 1198.

23　Additionally, Defendants' policies and practices of requiring Plaintiffs to work through their

24　meal and rest periods without paying them proper compensation violate California Labor

25　Code sections 226.7 and 512(a). Defendants' policies and practices of not reimbursing its

26　employees, including Plaintiffs, for business-related expenses and costs violate California

27　Labor Code sections 2800 and 2802. Defendants' policies and practices of failing to timely

28　pay wages to Plaintiffs violate California Labor Code sections 201, 202 and 204.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    Furthermore, Defendants' policies and practices of failing to pay overtime and minimum

2    wages violate Fair Labor Standards Act, 29 U.S.C. sections 206, 207.

3         62.    Plaintiffs have been personally injured by Defendants' unlawful business acts

4    and practices as alleged herein, including but not necessarily limited to the loss of money

5    and/or property.

6         63.    Pursuant to California Business & Professions Code sections 17200, et seq.,

7    Plaintiffs are entitled to restitution of the wages withheld and retained by Defendants during a

8    period from about February 10, 2001 to the present; a permanent injunction requiring

9    Defendants to pay all outstanding wages due to Plaintiffs; an award of attorneys' fees pursuant

10   to California Code of Civil Procedure section 1021.5 and other applicable laws; and an award

11   of costs.

12                        **REQUEST FOR JURY TRIAL**

13   Plaintiffs request a trial by jury.

14                          **PRAYER FOR RELIEF**

15   Plaintiffs pray for relief and judgment against Defendants of less than $75,000 per

16   Plaintiff and less than $5,000,000 in the aggregate, jointly and severally, as follows:

17                     **As to the First Cause of Action**

18        1.    That the Court declare, adjudge and decree that Defendants violated California

19   Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to

20   pay all overtime wages due to Plaintiffs;

21        2.    For general unpaid wages at overtime wage rates and such general and special

22   damages as may be appropriate;

23        3.    For pre-judgment interest on any unpaid overtime compensation commencing

24   from the date such amounts were due;

25        4.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

26   California Labor Code section 1194(a); and

27        5.    For such other and further relief as the Court may deem equitable and

28   appropriate.

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1           **As to the Second Cause of Action**

2       6.     That the Court declare, adjudge and decree that Defendants violated California

3 Labor Code sections 2800 and 2802 by willfully failing to pay all business-related expenses

4 owed to Plaintiffs;

5       7.     For unpaid wages and such general and special damages as may be appropriate;

6       8.     For pre-judgment interest on any unpaid wages from the date such amounts

7 were due;

8       9.     For all actual, consequential and incidental losses and damages, according to

9 proof; and

10      10.     For such other and further relief as the Court may deem equitable and

11 appropriate.

12           **As to the Third Cause of Action**

13      11.     That the Court declare, adjudge and decree that Defendants violated California

14 Labor Code sections 201, 202 and 203 by willfully failing to pay all compensation owed at the

15 time of termination of the employment of Plaintiffs no longer employed by Defendants.

16      12.     For all actual, consequential and incidental losses and damages, according to

17 proof;

18      13.     For statutory wage penalties pursuant to California Labor Code section 203 for

19 Plaintiffs who have left Defendants' employ;

20      14.     For pre-judgment interest on any unpaid wages from the date such amounts

21 were due; and

22      15.     For such other and further relief as the Court may deem equitable and

23 appropriate.

24           **As to the Fourth Cause of Action**

25      16.     That the Court declare, adjudge and decree that Defendants violated California

26 Labor Code section 204 by willfully failing to pay all compensation owed at the time required

27 by California Labor Code section 204, to Plaintiffs;

28      17.     For all actual, consequential and incidental losses and damages, according to

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90057

Page 11

COMPLAINT

1 | proof;

2 |   18. For pre-judgment interest on any untimely paid compensation, from the date

3 | such amounts were due; and

4 |   19. For such other and further relief as the Court may deem equitable and

5 | appropriate.

6 | <center>**As to the Fifth Cause of Action**</center>

7 |   20. That the Court declare, adjudge and decree that Defendants violated the record

8 | keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders

9 | as to Plaintiffs, and willfully failed to provide accurate itemized wage statements thereto;

10 |   21. For all actual, consequential and incidental losses and damages, according to

11 | proof;

12 |   22. For statutory penalties pursuant to California Labor Code section 226(e);

13 |   23. For injunctive relief to ensure compliance with this section, pursuant to

14 | California Labor Code section 226(g); and

15 |   24. For such other and further relief as the Court may deem equitable and

16 | appropriate.

17 | <center>**As to the Sixth Cause of Action**</center>

18 |   25. That the Court declare, adjudge and decree that Defendants violated California

19 | Business and Professions Code sections 17200, et seq. by failing to provide Plaintiffs all

20 | overtime compensation due to them, failing to provide all meal and rest periods to Plaintiffs,

21 | failing to pay for all missed meal and rest periods to Plaintiffs, failing to reimburse Plaintiffs

22 | for all business-related expenses, failing to pay at least minimum wages to Plaintiffs, and

23 | failing to pay Plaintiffs' wages timely as required by California Labor Code sections 201, 202

24 | and 204;

25 |   26. For restitution of unpaid wages to Plaintiffs and prejudgment interest from the

26 | day such amounts were due and payable;

27 |   27. For the appointment of a receiver to receive, manage and distribute any and all

28 | funds disgorged from Defendants and determined to have been wrongfully acquired by

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

1    Defendants as a result of violations of California Business & Professions Code sections 17200

2    et seq.;

3        28.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to

4    California Code of Civil Procedure section 1021.5;

5        29.     For injunctive relief to ensure compliance with this section, pursuant to

6    California Business & Professions Code sections 17200, et seq.; and

7        30.     For such other and further relief as the Court may deem equitable and

8    appropriate.

9

10    Dated: June 8, 2010                      Respectfully submitted,

11                                       Initiative Legal Group APC

12

13                      By: _____

14                                   Monica Balderrama

15                                   David Cheng
                                       Liana Beneli

16                                   Attorneys for Plaintiffs

17

18

19

20

21

22

23

24

25

26

27

28

INITIATIVE LEGAL GROUP APC
1800 CENTURY PARK EAST, SECOND FLOOR, LOS ANGELES, CALIFORNIA 90067

Page 13

COMPLAINT

# EXHIBIT 5

*Pope, et al. v. Wells Fargo Bank, N.A.*
Case No.: 2:10-cv-02807-WBS-KJM
DECLARATION OF MÓNICA BALDERRAMA IN SUPPORT OF PLAINTIFFS' REPLY TO
DEFENDANT'S OPPOSITION TO MOTION TO REMAND

1   LINDBERGH PORTER, JR., CA Bar No. 100091
    lporter@littler.com
2   RICHARD H. RAHM, CA Bar No. 130728
    rrahm@littler.com
3   ALISON S. HIGHTOWER, CA Bar No. 112429
    ahightower@littler.com
4   LITTLER MENDELSON, P.C.
    650 California Street, 20th Floor
5   San Francisco, California  94108.2693
    Telephone:  415.433.1940
6   Fax No.:   415.399.8490

7   Attorneys for Defendant
    WELLS FARGO BANK, N.A.

8

9                    UNITED STATES DISTRICT COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11

12   | DENETRICE WILLIAMS, GREGORY          | Case No.   **CV10 -4761 RSWL (PJWx)** |
     | SCHNEIDER, ALPHONSO RUDOLPH,         |                                    |
13   | DELORICE RICHARDSON, EARL            | **NOTICE OF REMOVAL OF CIVIL**     |
     | REASON, MARK HAMILTON,               | **ACTION TO FEDERAL COURT**        |
14   | MATHRO PARYANI, MICHELLE             |
     | HAYNES, RODRIGO VIANNA,              |
15   | SANDY BARRESI, STANLEY               |
     | SHECHTMAN, STEVE SHIRZADI,           |
16   | STEVEN FOX, JONATHAN FAROOK,         |
     | MICHAEL ALDAY, JAYSON                |
17   | BIACAN, OCTAVIO NAVARRO,             |
     | DENNIS DONOHUE, JOYCE DRAKE,         |
18   | BRIAN ROBBINS, DAWN WILEY,           |
     | JONATHAN SHRUM, DEBORAH              |
19   | RUSSELL, ERIC HORVAT, MANUEL         |
     | ESPARZA, JESSICA ROBINSON,           |
20   | KARIN BATES LASKOWSKI, RENAE         |
     | POWERS, CARRYNE LATADA,              |
21   | MARIA DE LA ROSA, CHERYL             |
     | DOHERTY, DANIEL ALTON, CONNIE        |
22   | HAFKER, JEFF HENDERSON,              |
     | JOSEPH MCGREEVY, LIDIA               |
23   | MURILLO, LORIE SUNGA,                |
     | MARGARET SABINO, NANCY               |
24   | VANNI, NORMA BUSTOS, PATRICK         |
     | ALEXANDER TOY, MATTHEW               |
25   | SORRENTI, PAMELA JOHNSON,            |
     | STEPHEN AGUAYO, THOMAS               |
26   | SCABARETI, SHANNON                   |
     | MAGDALENO, BENJAMIN BRYAN,           |
27   | ARMANDO PADILLA, MARSHA              |
     | KAYE, CHER HORRICE, LINDA L.         |
     | LANE, LINDA SUMMERS, LEE             |

28   NOTICE OF REMOVAL OF
     CIVIL ACTION TO FEDERAL
     COURT

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108-2693
United States
415.433.1940

1  BOTSFORD, JACOB SWALWELL,
   JASVINDER SINGH, JERRY
2  REIMERS, CEILO RODRIGUEZ.
   NAZIM KARIM. WENDY POTEET,
3  DAVID COX, JEFFREY CEREDA,
   MICHAEL GOLINI JR., TINA DOVER,
4  YVETTE BONILLA, DIANA
   ANGUIANO, KAREN PIKE, TONI
5  SCHEXNAYDER, TRACY BORJA,
   TRAVIS TRAMEL, KIRK BRIDGES,
6  BENJAMIN HEINRICHS, JASON
   HOPSON, MECIA PADILLA,
7  CHARLES HAWKINS, KATHLEEN
   MATTHEWS, JEFF TARKINGTON,
8  PIA NAKAO, ELI NOLAN, GARY
   DAMSEN, ANTONIO CHÁVEZ,
9  ZARAK AFRIDI, RONALD
   SEQUEIRA, NORMA CAYWOOD, RA
10 YMOND VALITE, JAMES JACKSON
   JR., MELODY AKHAVAN, NEYDA
11 SALAZAR, PANOS MARFAZELIAN,
   SEAN REESE, TAMERA FIELD,
12 SHANE LOGAN, PAUL PERRONE,
   LUIS NANEZ, SHAISTA KHAN,
13 NORA BURRELL, FRANK GORDON,
   GLORIA GREEN and DEBRA BOBAN,
14 all individuals,

15             Plaintiffs,

16       v.

17 WELLS FARGO BANK, N.A., a
   Delaware corporation; and DOES 1
18 through 10, inclusive,

19             Defendants.

20

21       TO THE CLERK OF THE UNITED STATES DISTRICT COURT,

22 CENTRAL DISTRICT OF CALIFORNIA:

23       PLEASE TAKE NOTICE that Defendant WELLS FARGO BANK,

24 NATIONAL ASSOCIATION ("Defendant"), hereby removes this action from the

25 Superior Court of California for the County of Los Angeles to the United States

26 District Court for the Central District of California. This removal is based on federal

27 question jurisdiction, 28 U.S.C. §§ 1331, 1337(a), 1367 and 1441.

28 NOTICE OF REMOVAL OF
   CIVIL ACTION TO FEDERAL          -2-
   COURT

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
United States
415.433.1940

## I.   TIMELINESS OF REMOVAL

1.   Following decertification of their overtime class action by the United States District Court in *In re Wells Fargo Home Mortgage Overtime Pay Litigation*, 2010 U.S. Dist. Lexis 3132 (N.D. Cal. Jan. 13, 2010), certain Plaintiffs on May 20, 2010, filed in Los Angeles County Superior Court, and on May 27, 2010, served on Wells Fargo, the instant Summons and Complaint entitled Denetrice Williams, *et al*, all individuals vs. Wells Fargo Bank, National Association, and Does 1 through 10, inclusive, case number BC 438024 ("Complaint"). The Complaint alleges the following eight purported causes of action against Defendant: (1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime); (2) Violation of California Labor Code §§ 2800 and 2802 (Unpaid Business Expenses); (3) Violation of California Labor Code §§ 201 and 202 (Wages Not Timely Paid Upon Termination); (4) Violation of California Labor Code § 204 (Wages Not Timely Paid During Employment); (5) Violation of California Labor Code § 226(a) (Non-compliant Wage Statements); and (6) Violation of California Business & Professions Code §§ 17200, *et seq.*, predicated upon policies and practices that allegedly violate the Fair Labor Standards Act, 29 U.S.C. §§ 206 and 207 ("FLSA"). The Complaint is the initial pleading setting forth the claim for relief upon which this action is based and may be removed. This Notice of Removal is being filed within thirty (30) days after service of the initial pleading and is timely filed pursuant to 28 U.S.C. § 1446(b) and Federal Rules of Civil Procedure, Rule 6(a).

2.   Every process, pleading, and order served in this case is attached as Exhibit "1" hereto, as required by 28 U.S.C. § 1446(a).

## II.   ORIGINAL JURISDICTION

3.   This is a civil action over which this Court has original jurisdiction under 28 U.S.C. §§ 1331, 1337(a), 1367 and 1441(a) or (b). Defendant may remove this action because it arises "under the Constitution, laws or treaties of the United States"

NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL          -3-
COURT

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
United States
415.433.1940

1   (28 U.S.C. § 1331); and/or it arises under "any Act of Congress regulating commerce

2   or protecting trade and commerce ..." (28 U.S.C. § 1337(a)); and it is a "civil action

3   brought in a State Court of which the district courts of the United States have original

4   jurisdiction ..." (28 U.S.C. § 1441 (a)); and/or it is a "civil action of which the district

5   courts have original jurisdiction founded on a claim or right arising under the

6   Constitution, laws or treaties of the United States ..." (28 U.S.C. § 1441(b)).

7       4.      Plaintiffs' Sixth Cause of Action for restitution of overtime pay is based

8   in part on an alleged violation of the federal FLSA. *Complaint* ¶ 61. Plaintiffs allege

9   that "Defendants' policies and practices of failing to pay overtime and minimum

10  wages violate Fair Labor Standards Act, 29 U.S.C. sections 206, 207." *Id.*, ¶ 61.

11  Plaintiffs also specifically allege that Defendant improperly classified persons

12  employed as home mortgage consultants, loan originators, loan officers, mortgage

13  specialists, reverse mortgage specialists and loan consultants as exempt from overtime

14  pay. *Complaint* ¶¶ 15, 17. Plaintiffs "incorporate by reference and reallege" such

15  claims in their Sixth Cause of Action. *Id.* ¶ 58.

16      5.      Defendant may remove this action to this Court because it has

17  jurisdiction over this matter pursuant to 29 U.S.C. section 216(b).  *Breuer v. Jim's*

18  *Concrete of Brevard, Inc.*, 538 U.S. 691, 699-700. (2003).  As the Supreme Court

19  unanimously held, an employer sued in state court for alleged violations of the FLSA

20  has the right, despite objections from the plaintiff, to have the case removed. *Id.*

21  Because Plaintiffs' Complaint seeks relief based on an alleged violation of the FLSA,

22  subject matter jurisdiction is specifically vested in this Court and the case may be

23  removed. *See Sparta Surgical Corporation v. NASD, Inc.*, 159 F.3d 1209, 1211-1212

24  (9th Cir. 1998) (complaint alleging state causes of action but seeking relief based in

25  part upon NASD rules was properly removed to federal court because subject matter

26  jurisdiction specifically vested in federal court). Plaintiffs' Complaint presents a

27  "substantial, disputed question of federal law" as an essential element of their first and

28  NOTICE OF REMOVAL OF
    CIVIL ACTION TO FEDERAL        -4-
    COURT

LITTLER MENDELSON, P.C.
850 California Street
20th Floor
San Francisco, CA 94108-2693
United States
415.433.1940

1  eighth causes of action. *Franchise Tax Bd. of California v. Construction Laborers*
2  *Vacation Trust*, 463 U.S. I, 13 (1983).

3      **6.**    Furthermore, both the Ninth Circuit and this Court have recognized that a
4  federal court may exercise jurisdiction over a Section 17200 cause of action if a
5  "substantial, disputed question of federal law is a necessary element" of the claim.
6  *See, e.g., Brennan v. Southwest Airlines*, 134 F.3d 1405, 1409 (9th Cir. 2004)
7  (removal jurisdiction upheld when Section 17200 claim rested on interpretation of
8  federal tax code); *People ex rel. Lockyer v. Dynegy Power Marketing*, 375 F.3d
9  831,838 (9th Cir. 2004) (removal jurisdiction upheld for Section 17200 claim which
10  "turn[ed], entirely, upon the defendant's compliance with a federal [energy]
11  regulation"); *Nat 'l Credit Reporting Assn v. Experian Information Solutions*, No. C
12  04-01661WHA, 2004 U.S. Dist. LEXIS 17303, at * 10 (N.D. Cal., July 21, 2004)
13  (Section 17200 claim which was predicated on violation of federal antitrust claim held
14  removable to federal court; "even if § 17200 provides for a separate remedy for a
15  violation of the borrowed federal law, the 'unlawful' prong of § 17200 necessarily
16  requires a determination that the borrowed federal law was violated").[1] Because
17  Plaintiffs' Complaint requires resolution of a substantial, disputed federal question,
18  the case may be removed to this Court.

19      **7.**    Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction
20  over Plaintiffs' remaining causes of action because they are substantially related to
21  their sixth cause of action. Because these causes of action arise from the same nucleus
22  of operative facts as do the sixth cause of action, all should be tried in one action.
23  *Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 714 (9th Cir. 1990).
24  Considerations of convenience, judicial economy and fairness to the litigants strongly
25  favor this Court exercising jurisdiction over Plaintiffs' entire Complaint. *United Mine*
26  *Workers v. Gibbs*, 383 U.S. 715, 725-26 (1966).

27
28  [1] This case is attached to the declaration of Lindbergh Porter, Jr., filed herewith.
NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL    -5-
COURT

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108-2693
United States
415.433.1940

## III.   VENUE

    **8.**    Venue lies in the Central District of California pursuant to 28 U.S.C. §§ 1441 and 1446(a). This action originally was brought in the Superior Court of California, County of Los Angeles.

## IV.   NOTICE OF REMOVAL

    **9.**    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to counsel for the Plaintiffs, and a copy of the Notice of Removal will be filed with the Clerk of the Superior Court for the County of Los Angeles.

    WHEREFORE, Defendant respectfully requests this action be duly removed to this Court, and that it proceed herein.

Dated:    June 24, 2010

                               Lindbergh Porter, Jr.
                               Richard H. Rahm
                               Alison S. Hightower
                               LITTLER MENDELSON, P.C.

                               Attorneys for Defendant
                               Wells Fargo Bank, N.A.

FIRMWIDE:95867236.1 051995.1024

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

-6-

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
United States
415.433.1940

# EXHIBIT 6

*Pope, et al. v. Wells Fargo Bank, N.A.*
Case No.: 2:10-cv-02807-WBS-KJM
DECLARATION OF MÓNICA BALDERRAMA IN SUPPORT OF PLAINTIFFS' REPLY TO
DEFENDANT'S OPPOSITION TO MOTION TO REMAND

1  LINDBERGH PORTER, JR., CA Bar No. 100091
   lporter@littler.com
2  RICHARD H. RAHM, CA Bar No. 130728
   rrahm@littler.com
3  ALISON S. HIGHTOWER, CA Bar No. 112429
   ahightower@littler.com
4  LITTLER MENDELSON, P.C.
   650 California Street
5  20th Floor
   San Francisco, California  94108.2693
6  Telephone:  415.433.1940
   Fax No.:     415.399.8490
7
   Attorneys for Defendant
8  Wells Fargo Bank, N.A.

9

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12  ALLISON MCLANE, JOEL ROBLES,        Case No. SACV10-01085 DOC (RNBx)
    PAMELA OVERFIELD, NANCY
13  DITTEMORE, LINSEE LEAR, MIKE A.     NOTICE OF REMOVAL OF CIVIL
    DAUDEN, DREAMA BROWN,               ACTION TO FEDERAL COURT
14  KRISTIN SCOTT, CANDANCE JONES,
    ERIC GRIFFITHS JR., BENITA
15  BESHOAR, JEAN PARADIS,
    RUSSELL CSONKA, CRYSTAL
16  SIRATON, SANDRA LEWIS, DAVID
    M. MAXON, CONCELA TARVER,
17  NATHAN CORREA, ANTHONY
    AGUILAR, GUADALUPE GUZMAN,
18  CARYN ELIZABETH CAMERANO,
    NICHOLAS P. HALAPOFF, DEAN
19  DAMRON, MARTIN ROACH, HEIDI
    M. CACCAMISE, ALLEN PATCH
20  DAVID, ANH HA, SUMRINA R.
    AHMED, ANUP ARNE CHANDIRAM,
21  ARLENE M. VILLARIN-SIMONIAN,
    WILLIAM R. CATHCART, MIKE
22  LINDEBLAD, JAMES FLANAGAN,
    TAMMY BYRD, SALLY
23  BETANCOURT, DIANA L. BROWN,
    MARIO M. ESTRADA, SOHAIL K.
24  MOOSANI, KENNETH R. HOLZ,
    IMELDA A. BRETADO, DAVID
25  VALENCIA, ARLA M. CHALMERS,
    VALERIE DERRY, PATRICIA BAUER,
26  PATRICK D. ZELLAR, JEFFRY
    LEROY MATHER, MICHAEL A.
27  MADISON, ROBIN BROWN,

28  NOTICE OF REMOVAL OF
    CIVIL ACTION TO FEDERAL
    COURT



1   RACHAEL HARTLEY, JASON
    EDWARD MATH, SUSAN THUY
2   MCGUINNESS, SUSAN CORNER,
    LAURIE ROOS, JAMES
3   HARRINGTON, STEPHEN E. WILLIS,
    VAHID SALEHI, DEANNE RUELAS,
4   FRANCIS MICHAEL DULAY, RUBEN
    AMARO, STACEY KATHRYN
5   MONTAGUE, KEVIN T. HSU, DAWN
    MICHELLE FRIESELL, DAVID R.
6   FELLNER, MIGUEL A. VALLE,
    KAREN WALSH, VICKI J. WALSH,
7   CARLOS ALBERTO GOMEZ,
    KATHERINE RENEE MEZA,
8   ESTEVAN CHANTES, JASON
    ANDREW CORSENTINO, MICHAEL
9   HOLBROOK, MARCUS HUGHES,
    JACK D. CAMPBELL, SUSANNA W.
10  YU, CYNTHIA GARCIA,  RODNEY L.
    JACOBSON, MARCO ANTONIO
11  VALENZUELA, CHANTE M. IRVIN,
    DEBRA DELORES BRUTON, NATE
12  MAHER HABBAS, SHAHAB MUNIR
    SIDDIQUI, CORBETT L. LAURIE,
13  JIMMY YEE PING HUANG, DAVID
    GARIBAY, CATHERINE D. CARR,
14  JEFFREY T. LIEW, CHARLES B.
    THOMPSON, INGRID ESCALANTE,
15  JAMES HORTON JR., JUNIOR KWON,
    BARBARA ROBERSON, CLAUDIA
16  OCEGUEDA, LINDA COLLIER,
    PAULA PENA, SHAY KOSTA, ALAN
17  RHEIN, ROXANNE JOYCE CASTRO,
    and PETRA GILMORE, all individuals,

18
                Plaintiffs,
19
            v.
20
    WELLS FARGO BANK, N.A., a
21  Delaware corporation; and DOES 1
    through 10, inclusive,
22
                Defendants.
23

24

25

26

27

28  NOTICE OF REMOVAL OF
    CIVIL ACTION TO FEDERAL
    COURT

ITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108-2693
United States
415.433.1940

1   TO THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL

2   DISTRICT OF CALIFORNIA:

3         PLEASE TAKE NOTICE that Defendant WELLS FARGO BANK,

4   NATIONAL ASSOCIATION ("Defendant"), hereby removes this action from the

5   Superior Court of California for the County of Orange to the United States District

6   Court for the Central District of California. This removal is based on federal question

7   jurisdiction, 28 U.S.C. §§ 1331, 1337(a), 1367 and 1441.

8   **I.     TIMELINESS OF REMOVAL**

9         1.           Following decertification of their overtime class action by the

10   United States District Court in *In re Wells Fargo Home Mortgage Overtime Pay*

11   *Litigation*, 2010 U.S. Dist. Lexis 3132 (N.D. Cal. Jan. 13, 2010), certain Plaintiffs on

12   June 2, 2010, and June 8, 2010, filed in Orange County Superior Court, respectively,

13   their complaint and first amended complaint, and on June 16, 2010, served on Wells

14   Fargo, the instant Summons and Complaint entitled Allison McLane, *et al*, all

15   individuals vs. Wells Fargo Bank, National Association, and Does 1 through 10,

16   inclusive, case number 30-2010-00377574-CU-OE-CJC ("Complaint"). The

17   Complaint alleges the following six purported causes of action against Defendant: (1)

18   Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime); (2)

19   Violation of California Labor Code §§ 2800 and 2802 (Unpaid Business Expenses);

20   (3) Violation of California Labor Code §§ 201 and 202 (Wages Not Timely Paid

21   Upon Termination); (4) Violation of California Labor Code § 204 (Wages Not Timely

22   Paid During Employment); (5) Violation of California Labor Code § 226(a) (Non-

23   compliant Wage Statements); and (6) Violation of California Business & Professions

24   Code §§ 17200, *et seq.*, alleged violation of the Federal Fair Labor Standards Act, 29

25   U.S.C. §§ 206 and 207 ("FLSA"). The Complaint is the initial pleading setting forth

26   the claim for relief upon which this action is based and may be removed. This Notice

27   of Removal is being filed within thirty (30) days after service of the initial pleading

28   NOTICE OF REMOVAL OF
     CIVIL ACTION TO FEDERAL          -1-
     COURT

JTTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
United States
415.433.1940

1   and is timely filed pursuant to 28 U.S.C. § 1446(b) and Federal Rules of Civil

2   Procedure, Rule 6(a).

3        2.          Every process, pleading, and order served in this case is attached

4   as Exhibit "1" hereto, as required by 28 U.S.C. § 1446(a).

5   **II.    ORIGINAL JURISDICTION**

6       **A.    This Court Has Jurisdiction.**

7        3.          This Court has original jurisdiction under 28 U.S.C. §§ 1331,

8   1337(a), 1367 and 1441(a) or (b) over Plaintiffs' Sixth Cause of Action because it

9   arises "under the Constitution, laws or treaties of the United States" (28 U.S.C. §

10   1331); and/or it arises under "any Act of Congress regulating commerce or protecting

11   trade and commerce ..." (28 U.S.C. § 1337(a)); and it is a "civil action brought in a

12   State Court of which the district courts of the United States have original jurisdiction

13   ..." (28 U.S.C. § 1441 (a)); and/or it is a "civil action of which the district courts have

14   original jurisdiction founded on a claim or right arising under the Constitution, laws or

15   treaties of the United States ..." 28 U.S.C. § 1441(b).

16        4.          Plaintiff's Sixth Cause of Action alleges that "Defendants' policies

17   and practices of failing to pay overtime and minimum wages violate Fair Labor

18   Standards Act, 29 U.S.C. sections 206, 207." *Id.,* ¶ 61. Plaintiffs also specifically

19   allege that Defendant improperly classified persons employed as home mortgage

20   consultants, loan originators, loan officers, mortgage specialists, reverse mortgage

21   specialists and loan consultants as exempt from overtime pay. *Complaint* §§ 15, 17.

22   Plaintiffs "incorporate by reference and reallege" such claims in their Sixth Cause of

23   Action. *Id.* § 58.

24        5.          Plaintiffs' procedural use of California Unfair Competition Law

25   (Business and Professions Code Section 17200) does not convert their federal claim to

26

27

28   NOTICE OF REMOVAL OF

ITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108-2693
United States
415.433.1940

CIVIL ACTION TO FEDERAL     -2-
COURT

1    a state claim.[1]  The Ninth Circuit and several district courts have recognized that a

2    federal court should exercise federal question jurisdiction over a section 17200 claim

3    that is based upon an alleged violation of federal law that requires interpretation of

4    that federal law. *Brennan v. Southwest Airlines*, 134 F.3d 1405, 1409 (9th Cir. 2004)

5    (federal jurisdiction upheld when Section 17200 claim in its essence required

6    interpretation of federal tax codes) and *People ex rel. Lockyer v. Dynegy Power*

7    *Marketing*, 375 F.3d 831, 841 n.6 (9th Cir. 2004) (since "the reference to and

8    necessity of relying upon federal law is unavoidable" to determine whether the

9    plaintiffs acted "unlawfully" or "unfairly" under section 17200, federal jurisdiction

10    upheld).

11         6.        In *National Credit Reporting Association, Inc. v. Experian*

12    *Information Solutions, Inc.*, 2004 U.S. Dist. Lexis 17303 (N.D. Cal. 2004), the

13    plaintiff included no cause of action labeled violation of the Sherman Act.  But

14    Plaintiff did allege a UCL claim, based upon "unlawful" conduct that "violates state

15    and federal antitrust laws ...." *Id.* at *3.  Noting that "'Section 17200 borrows

16    violations of other laws and treats them as unlawful practices that the unfair

17    competition law makes independently actionable'", the court found that Plaintiff

18    squarely alleged a violation of federal antitrust laws by its reliance on those federal

19    laws as the "unfair, unlawful and deceptive" acts to state its UCL claim. *Id.* at *8,

20    quoting *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20

21    Cal.4th 163, 180 (1999).  As the district court explained:

22                      As the master of its complaint, plaintiff could have avoided
                        any issue of federal question and, instead, could have simply
23                      borrowed state antitrust laws.  But it did not.  **Rather,
                        plaintiff's claim for unlawful business practices**
24                      **necessarily rests on questions of federal antitrust law.**

25    *Id.* at *8-9 (emphasis supplied).

26

27    _____
      [1] Further, the "Artful Pleading Doctrine" lays bare Plaintiffs' claim to reveal its true substance as a
      federal claim.  See ¶¶ 10-13, *infra.*

28    NOTICE OF REMOVAL OF
ITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108-2693
United States
415.433.1940
      CIVIL ACTION TO FEDERAL                -3-
      COURT

1    7.    Relying on *National Credit Reporting Ass'n*, another California

2  district court also denied a motion to remand an action seeking restitution of overtime

3  under section 17200 where a violation of the FLSA was the "unlawful act" borrowed

4  for purposes of the UCL. *Wiley v. Trendwest Resorts, Inc.*, 2005 U.S. Dist. Lexis

5  35568 (N.D. Cal. May 3, 2005). The court noted that plaintiffs did not refute that he

6  was pursuing his federal claim for overtime under the FLSA and the analysis of

7  whether Defendant's sales personnel fall within the FLSA's "inside salesperson"

8  exemption. **"is precisely this analysis that establishes federal question**

9  **jurisdiction."** *Id.* at *7-8 (emphasis supplied). .

10    8.    Plaintiffs here—like the Plaintiffs in *Wiley*—allege a Section

11  17200 claim that borrows purported violations of the FLSA as the asserted "unfair,

12  unlawful and deceptive" acts. Plaintiffs allege that "Defendants' policies and

13  practices of failing to pay overtime and minimum wages violate Fair Labor Standards

14  Act, 29 U.S.C. sections 206, 207." Complaint, ¶ 61. Plaintiffs also specifically allege

15  that Defendant improperly classified persons employed as home mortgage consultants,

16  loan originators, loan officers, mortgage specialists, reverse mortgage specialists and

17  loan consultants as exempt from overtime pay. *Id.* ¶¶ 15, 17. Plaintiffs "incorporate

18  by reference and reallege" such claims in their Sixth Cause of Action. *Id.* ¶ 58.

19    9.    Since Plaintiffs' UCL claim necessarily rests on questions of

20  federal wage and hour law that must be resolved to determine whether they are

21  entitled to restitution of overtime to prevail in their Section 17200 claim, Plaintiffs

22  have raised a substantial federal question and by so doing, have granted this federal

23  court jurisdiction to resolve these federal questions. *Id.*

24    **B.    The "Artful Pleading" Doctrine Would Apply.**

25    10.    When a plaintiff does not plead a claim on its face based on federal

26  law, a federal court may nevertheless exercise removal under the "artful pleading"

27  doctrine. *Arco Environmental Remediation, LLC v. Dep't of Health & Environ. Qual.*

28  NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL    -4-
COURT

ITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108-2693
United States
415.433.1940

1   *Of the State of Montana*, 213 F.3d 1108, 1114 (9th Cir. 2000).  As the Ninth Circuit

2   explained, "[a] plaintiff may not avoid federal jurisdiction by omitting from the

3   complaint federal law essential to his or her claim or by casting in state terms a claim

4   that can be made only under federal law." *Sparta Surgical Corp. v. National Assoc. of*

5   *Sec. Dealers*, 159 F.3d 1209, 1212 (9th Cir. 1998); *accord, Franchise Tax Bd. Of*

6   *Calif. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 22, 103 S. Ct. 2841 (1983).

7   The artful pleading doctrine requires courts to "delve beyond the face of the state

8   court complaint and find federal question jurisdiction" by "recharacterizing a

9   plaintiff's state-law claim as a federal claim." *Lippitt v. Raymond James Fin. Serv.,*

10   *Inc.*, 350 F.3d 1033, 1040 (9th Cir. 2003).

11         11.      The artful pleading doctrine applies when "some substantial,

12   disputed question of federal law is a necessary element of one of the well –pleaded

13   state claims. *Franchise Tax Bd of California*, 463 U.S. at 13; *Skelly Oil Co. v.*

14   *Phillips Petroleum Co.*, 339 U.S. 667, 673, 70 S. Ct. 876 (1950); *Brennan v.*

15   *Southwest Airlines Co.*, 134 F.3d 1405, 1409 (9th Cir. 1998).  As a corollary, the artful

16   pleading doctrine also requires removal when the right to relief depends on the

17   resolution of a substantial, disputed federal question.  *ARCO Environmental*

18   *Remediation, LLC. v. Dept of Health & Environmental Quality of State of Montana,*

19   213 F.3d 1108, 1114 (9th Cir. 2000).

20         **C.**    **This Court Has Supplemental Jurisdiction.**

21         12.      Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental

22   jurisdiction over Plaintiffs' remaining causes of action because they are substantially

23   related to their sixth cause of action.  Because these causes of action arise from the

24   same nucleus of operative facts as do the sixth cause of action, all should be tried in

25   one action. *Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 714 (9th Cir.

26   1990).  Considerations of convenience, judicial economy and fairness to the litigants

27   strongly favor this Court exercising jurisdiction over Plaintiffs' entire Complaint.

28   NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL     -5-
COURT

ITTLER MENDELSON, P.C.
850 California Street
20th Floor
San Francisco, CA  94108-2693
United States
415.433.1940

1 | *United Mine Workers v. Gibbs*, 383 U.S. 715, 725-26 (1966).

2 | **III.   VENUE**

3 | 13.          Venue lies in the Central District of California pursuant to 28

4 | U.S.C. §§ 1441 and 1446(a). This action originally was brought in the Superior Court

5 | of California, County of Orange.

6 | **IV.   NOTICE OF REMOVAL**

7 | 14.          Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this

8 | Notice of Removal will be given to counsel for the Plaintiffs, and a copy of the Notice

9 | of Removal will be filed with the Clerk of the Superior Court for the County of

10 | Orange.

11 | WHEREFORE, Defendant respectfully requests this action be duly removed to

12 | this Court, and that it proceed herein.

13 | Dated:          July 15, 2010

14 |

15 | Lindbergh Porter, Jr.

16 | Richard H. Rahm
Alison S. Hightower
LITTLER MENDELSON, P.C.

17 |

18 | Attorneys for Defendant
Wells Fargo Bank, N.A.

19 |

20 |

21 | Firmwide:96388310.1 051995.1022

22 |

23 |

24 |

25 |

26 |

27 |

28 | NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL          -6-
COURT

# EXHIBIT 7

*Pope, et al. v. Wells Fargo Bank, N.A.*
Case No.: 2:10-cv-02807-WBS-KJM
DECLARATION OF MÓNICA BALDERRAMA IN SUPPORT OF PLAINTIFFS' REPLY TO
DEFENDANT'S OPPOSITION TO MOTION TO REMAND



1   LINDBERGH PORTER, JR., CA Bar No. 100091
    lporter@littler.com
2   RICHARD H. RAHM, CA Bar No. 130728
    rrahm@littler.com
3   ALISON S. HIGHTOWER, CA Bar No. 112429
    ahightower@littler.com
4   LITTLER MENDELSON, P.C.
    650 California Street
5   20th Floor
    San Francisco, California 94108.2693
6   Telephone: 415.433.1940
    Fax No.:   415.399.8490
7
    Attorneys for Defendant
8   Wells Fargo Bank, N.A.

9

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12   SHARON Y. SOSA, BARBARA            Case No.   EDCV10-1098 VAP(Ex)
     BOUKATHER, ANITA CALVILLO,
13   SHUWEN ZOU, LAWRENCE LIEN,         NOTICE OF REMOVAL OF CIVIL
     EDMOND H. LEE, ROBERT CONRAD       ACTION TO FEDERAL COURT
14   TROMMLER, ERMINIA SEDILLO,
     NATALIE HENDERSON, LISSETTE
15   GONZALEZ, CHRISTOPHER S. ROSS,
     CHRISTINA PENG, ANTHONY R.
16   WILLIAMS, PATRICK EARL
     STEWART, JENNIFER MARIES
17   JUMENEZ, RYAN CHRISTPHER
     HOLTZ, ABBY IZURIETA, ALBERTO
18   J. IZURIETA, EILEEN MCCRACKEN,
     MARGARET GARCIA MORENO,
19   BARBARA R. POTTER, STEPHEN R.
     METZ II, VIELKA ALVARADO
20   WIGGINS, BILL VANG, MELANIE L.
     BUFFINGTON, TODD S. BELL,
21   ANKUR BAISHYA, DIANE O.
     SANTOS, IRINA BARBAROV, DENIS
22   SCHULTZ, LINNET CONLEY, VADIM
     DANILIN, DEBORAH L. MARCOUX,
23   HANAN O. HADDAD, ALOYSIUS
     CASANAS, ERNEST P. PAGE,
24   MELISSA ESCOBAR, ALLISON
     VITUG, CURTIS C. GARRETT,
25   RICHARD W. BARRERA, ROBERT
     ALLEN BURKE, ALEJANDRO
26   RODRIGUEZ, CHRIS HOWELL,
     EDGAR ALFREDO ROSALES, SUSAN
27   LESLIE PADFIELD, JOSE REYES
     MOLINA EVERADO GODOY JR.,
28   TRACI SCHRAM, LYNNETTE

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

NOTICE OF REMOVAL

1    SHAUL, LIZABETH MARIE HILL,
     DAN SHACKELFORD, BETH ANN
2    SLOVAK, MARTIN S. GREENMAN,
     SAIDA G., AVALOS, KATRINA
3    MARIE BARRY, ROBERT WESTON
     COLLINS, JULIE ANN DONALD,
4    ESMERALDA ARRIZON, BRYAN
     JOHN GENER, PIYARESTH
5    TANGCHAIDEE, DUSTIN M.
     HOLZHAUSEN, JOHN KELLY,
6    EVELYN D. CHAVEZ, JAVIER
     TREVIZO, KRISTOFFER R.
7    THOMPSON, ERICK SOSA, ROBERT
     CHIUPPI, WILLIAM GILBERT
8    HERNANDEZ, DENINE FADELL,
     KEVEL NICHELLE AVILA, NATALIE
9    DALIAH BARRANTES, DARREN
     WILLIAM MANSON, SUE E. LARGE,
10   BONNIE LOIS PERRY, ROY WEST II,
     DEXTER MCLEAN, VICKY J. LOPEZ,
11   GIUSEPPE F. VISCONTI, IRENE
     BETANCOURT, NATHANIEL ADAM
12   PRICE, JOHN P. LANG,
     CHRISTOPHER R. CACAL, RICHARD
13   M. FAUST, CATHERINE F. RANGEL,
     BRADLEY MARK BEAUDETTE,
14   BRADFORD PAUL SANBORN,
     WILLIAM REED, BARBARA G.
15   BRIGHT, CHAD JAMES MATTHEWS,
     DAUN MONROE, RAJ K. DITTA,
16   HEATHER LEE PRESHA, HAROLD
     BROUGHTON, KATHLEEN LOUISE
17   LEWIS, CYNTHIA C. YEE, BILL YING
     LI, WELDON R. HOWLETT, and
18   DANIEL QUINTIN MCMORROW, all
     individuals,
19
                    Plaintiffs,
20
            v.
21
     WELLS FARGO BANK, N.A., a
22   Delaware corporation; and DOES 1
     through 10, inclusive,
23
                    Defendants.
24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415 433.1940

NOTICE OF REMOVAL

1             TO THE CLERK OF THE UNITED STATES DISTRICT COURT,

2 CENTRAL DISTRICT OF CALIFORNIA:

3             PLEASE TAKE NOTICE that Defendant WELLS FARGO BANK,

4 NATIONAL ASSOCIATION ("Defendant"), hereby removes this action from the

5 Superior Court of California for the County of Riverside to the United States District

6 Court for the Central District of California. This removal is based on federal question

7 jurisdiction, 28 U.S.C. §§ 1331, 1337(a), 1367 and 1441.

8 **I.    TIMELINESS OF REMOVAL**

9          1.     Following decertification of their overtime class action by the

10 United States District Court in *In re Wells Fargo Home Mortgage Overtime Pay*

11 *Litigation*, 2010 U.S. Dist. Lexis 3132 (N.D. Cal. Jan. 13, 2010), certain Plaintiffs on

12 June 9, 2010, and June 18, 2010, filed in Riverside County Superior Court, their

13 complaint and first amended complaint, and on June 25, 2010, served on Wells Fargo,

14 the instant Summons and Complaint entitled Sharon Y. Sosa, *et al*, all individuals vs.

15 Wells Fargo Bank, National Association, and Does 1 through 10, inclusive, case

16 number RIC10011491 ("Complaint"). The Complaint alleges the following six

17 purported causes of action against Defendant: (1) Violation of California Labor Code

18 §§ 510 and 1198 (Unpaid Overtime); (2) Violation of California Labor Code §§ 2800

19 and 2802 (Unpaid Business Expenses); (3) Violation of California Labor Code §§ 201

20 and 202 (Wages Not Timely Paid Upon Termination); (4) Violation of California

21 Labor Code § 204 (Wages Not Timely Paid During Employment); (5) Violation of

22 California Labor Code § 226(a) (Non-compliant Wage Statements); and (6) Violation

23 of California Business & Professions Code §§ 17200, *et seq.*, alleged violation of the

24 Federal Fair Labor Standards Act, 29 U.S.C. §§ 206 and 207 ("FLSA"). The

25 Complaint is the initial pleading setting forth the claim for relief upon which this

26 action is based and may be removed. This Notice of Removal is being filed within

27 thirty (30) days after service of the initial pleading and is timely filed pursuant to 28

28 U.S.C. § 1446(b) and Federal Rules of Civil Procedure, Rule 6(a).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

NOTICE OF REMOVAL          -1-

1          2.    Every process, pleading, and order served in this case is attached

2    as Exhibit "1" hereto, as required by 28 U.S.C. § 1446(a).

3    **II.    ORIGINAL JURISDICTION**

4          **A.    This Court Has Jurisdiction.**

5          3.    This Court has original jurisdiction under 28 U.S.C. §§ 1331,

6    1337(a), 1367 and 1441(a) or (b) over Plaintiffs' Sixth Cause of Action because it

7    arises "under the Constitution, laws or treaties of the United States" (28 U.S.C. §

8    1331); and/or it arises under "any Act of Congress regulating commerce or protecting

9    trade and commerce ..." (28 U.S.C. § 1337(a)); and it is a "civil action brought in a

10   State Court of which the district courts of the United States have original jurisdiction

11   ..." (28 U.S.C. § 1441 (a)); and/or it is a "civil action of which the district courts have

12   original jurisdiction founded on a claim or right arising under the Constitution, laws or

13   treaties of the United States ..." 28 U.S.C. § 1441(b).

14         4.    Plaintiff's Sixth Cause of Action alleges that "Defendants' policies

15   and practices of failing to pay overtime and minimum wages violate Fair Labor

16   Standards Act, 29 U.S.C. sections 206, 207." *Id.,* ¶ 61. Those sections of the FLSA

17   are the basic requirements for payment of minimum wage and overtime unless certain

18   exemptions apply, e.g., 29 U.S.C. § 219(a); 29 C.F.R. § 541.2 (outside sales persons).

19   Plaintiffs also specifically allege that Defendant improperly classified persons

20   employed as home mortgage consultants, loan originators, loan officers, mortgage

21   specialists, reverse mortgage specialists and loan consultants as exempt from overtime

22   pay. *Complaint* §§ 15, 17. Plaintiffs "incorporate by reference and reallege" such

23   claims in their Sixth Cause of Action. *Id.* § 58.

24         5.    Plaintiffs' procedural use of California Unfair Competition Law

25   (Business and Professions Code Section 17200) does not convert their federal claim to

26   a state claim.[1]   The Ninth Circuit and several district courts have recognized that a

27   _____

28   [1] Further, the "Artful Pleading Doctrine" lays bare Plaintiffs' claim to reveal its true substance as a
     federal claim. See ¶¶ 10-13, *infra.*

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL                    -2-

1   federal court should exercise federal question jurisdiction over a section 17200 claim

2   that is based upon an alleged violation of federal law that requires interpretation of

3   that federal law. *Brennan v. Southwest Airlines*, 134 F.3d 1405, 1409 (9th Cir. 2004)

4   (federal jurisdiction upheld when Section 17200 claim in its essence required

5   interpretation of federal tax codes) and *People ex rel. Lockyer v. Dynegy Power*

6   *Marketing*, 375 F.3d 831, 841 n.6 (9th Cir. 2004) (since "the reference to and

7   necessity of relying upon federal law is unavoidable" to determine whether the

8   plaintiffs acted "unlawfully" or "unfairly" under section 17200, federal jurisdiction

9   upheld).

10          6.     In *National Credit Reporting Association, Inc. v. Experian*

11   *Information Solutions, Inc.*, 2004 U.S. Dist. Lexis 17303 (N.D. Cal. 2004), the

12   plaintiff included no cause of action labeled violation of the Sherman Act.   But

13   Plaintiff did allege a UCL claim, based upon "unlawful" conduct that "violates state

14   and federal antitrust laws ...."  *Id.* at *3.  Noting that "'Section 17200 borrows

15   violations of other laws and treats them as unlawful practices that the unfair

16   competition law makes independently actionable'", the court found that Plaintiff

17   squarely alleged a violation of federal antitrust laws by its reliance on those federal

18   laws as the "unfair, unlawful and deceptive" acts to state its UCL claim. *Id.* at *8,

19   quoting *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20

20   Cal.4th 163, 180 (1999). As the district court explained:

21          As the master of its complaint, plaintiff could have avoided
              any issue of federal question and, instead, could have simply
22          borrowed state antitrust laws.  But it did not.  **Rather,**
              **plaintiff's claim for unlawful business practices**
23          **necessarily rests on questions of federal antitrust law.**

24   *Id.* at *8-9 (emphasis supplied).

25          7.     Relying on *National Credit Reporting Ass'n*, another California

26   district court also denied a motion to remand an action seeking restitution of overtime

27   under section 17200 where a violation of the FLSA was the "unlawful act" borrowed

28   for purposes of the UCL.  *Wiley v. Trendwest Resorts, Inc.*, 2005 U.S. Dist. Lexis

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

NOTICE OF REMOVAL                    -3-

1   35568 (N.D. Cal. May 3, 2005). The court noted that plaintiffs did not refute that he

2   was pursuing his federal claim for overtime under the FLSA and the analysis of

3   whether Defendant's sales personnel fall within the FLSA's "inside salesperson"

4   exemption. **"is precisely this analysis that establishes federal question**

5   **jurisdiction."** *Id.* at *7-8 (emphasis supplied). .

6          8.     Plaintiffs here—like the Plaintiffs in *Wiley*—allege a Section

7   17200 claim that borrows purported violations of the FLSA as the asserted "unfair,

8   unlawful and deceptive" acts. Plaintiffs allege that "Defendants' policies and

9   practices of failing to pay overtime and minimum wages violate Fair Labor Standards

10  Act, 29 U.S.C. sections 206, 207." Complaint, ¶ 61. Plaintiffs also specifically allege

11  that Defendant improperly classified persons employed as home mortgage consultants,

12  loan originators, loan officers, mortgage specialists, reverse mortgage specialists and

13  loan consultants as exempt from overtime pay. *Id.* ¶¶ 15, 17. Plaintiffs "incorporate

14  by reference and reallege" such claims in their Sixth Cause of Action. *Id.* ¶ 58.

15         9.     Since Plaintiffs' UCL claim necessarily rests on questions of

16  federal wage and hour law that must be resolved to determine whether they are

17  entitled to restitution of overtime to prevail in their Section 17200 claim, Plaintiffs

18  have raised a substantial federal question and by so doing, have granted this federal

19  court jurisdiction to resolve these federal questions. *Id.*

20      **B.     The "Artful Pleading" Doctrine Would Apply.**

21         10.    When a plaintiff does not plead a claim on its face based on federal

22  law, a federal court may nevertheless exercise removal under the "artful pleading"

23  doctrine. *Arco Environmental Remediation, LLC v. Dep't of Health & Environ. Qual.*

24  *Of the State of Montana*, 213 F.3d 1108, 1114 (9th Cir. 2000). As the Ninth Circuit

25  explained, "[a] plaintiff may not avoid federal jurisdiction by omitting from the

26  complaint federal law essential to his or her claim or by casting in state terms a claim

27  that can be made only under federal law." *Sparta Surgical Corp. v. National Assoc. of*

28  *Sec. Dealers*, 159 F.3d 1209, 1212 (9th Cir. 1998); *accord, Franchise Tax Bd. Of*

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL          -4-

Page 86

1    *Calif. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 22, 103 S. Ct. 2841 (1983).

2    The artful pleading doctrine requires courts to "delve beyond the face of the state

3    court complaint and find federal question jurisdiction" by "recharacterizing a

4    plaintiff's state-law claim as a federal claim." *Lippitt v. Raymond James Fin. Serv.,*

5    *Inc.*, 350 F.3d 1033, 1040 (9th Cir. 2003).

6          11.   The artful pleading doctrine applies when "some substantial,

7    disputed question of federal law is a necessary element of one of the well –pleaded

8    state claims. *Franchise Tax Bd of California*, 463 U.S. at 13; *Skelly Oil Co. v.*

9    *Phillips Petroleum Co.*, 339 U.S. 667, 673, 70 S. Ct. 876 (1950); *Brennan v.*

10   *Southwest Airlines Co.*, 134 F.3d 1405, 1409 (9th Cir. 1998). As a corollary, the artful

11   pleading doctrine also requires removal when the right to relief depends on the

12   resolution of a substantial, disputed federal question.    *ARCO Environmental*

13   *Remediation, LLC. v. Dept of Health & Environmental Quality of State of Montana,*

14   213 F.3d 1108, 1114 (9th Cir. 2000).

15            **C.    This Court Has Supplemental Jurisdiction.**

16          12.   Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental

17   jurisdiction over Plaintiffs' remaining causes of action because they are substantially

18   related to their sixth cause of action. Because these causes of action arise from the

19   same nucleus of operative facts as do the sixth cause of action, all should be tried in

20   one action. *Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 714 (9th Cir.

21   1990). Considerations of convenience, judicial economy and fairness to the litigants

22   strongly favor this Court exercising jurisdiction over Plaintiffs' entire Complaint.

23   *United Mine Workers v. Gibbs*, 383 U.S. 715, 725-26 (1966).

24   **III.   VENUE**

25          13.   Venue lies in the Central District of California pursuant to 28

26   U.S.C. §§ 1441 and 1446(a). This action originally was brought in the Superior Court

27   of California, County of Riverside.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108-2693
415.433.1940
NOTICE OF REMOVAL                    -5-

1    IV.   NOTICE OF REMOVAL

2          14.   Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this

3    Notice of Removal will be given to counsel for the Plaintiffs, and a copy of the Notice

4    of Removal will be filed with the Clerk of the Superior Court for the County of

5    Riverside.

6          WHEREFORE, Defendant respectfully requests this action be duly removed to

7    this Court, and that it proceed herein.

8    Dated:     July 26, 2010

9

10                                    *Alan Hightower*
                                      Lindbergh Porter, Jr.
11                                    LITTLER MENDELSON, P.C.
                                      Attorneys for Defendant
12                                    Wells Fargo Bank, N.A.

13

14   Firmwide:96532575.1 051995.1026

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940   NOTICE OF REMOVAL          -6-

# EXHIBIT 8

*Pope, et al. v. Wells Fargo Bank, N.A.*
Case No.: 2:10-cv-02807-WBS-KJM
DECLARATION OF MÓNICA BALDERRAMA IN SUPPORT OF PLAINTIFFS' REPLY TO
DEFENDANT'S OPPOSITION TO MOTION TO REMAND

FILED

COPY

1   LINDBERGH PORTER, Bar No. 100091
    RICHARD H. RAHM, Bar No. 130728          10 SEP 10  PM 12:48
2   ALISON S. HIGHTOWER, Bar No. 112429
    LITTLER MENDELSON                        CLERK, U.S. DISTRICT COURT
3   A Professional Corporation               CENTRAL DIST. OF CALIF.
    650 California Street                          RIVERSIDE
4   20th Floor                               BY _____
    San Francisco, CA  94108.2693
5   Telephone: 415.433.1940
    Facsimile: 415.399.8490
6   E-mail: lporter@littler.com

7   Attorneys for Defendant
    WELLS FARGO BANK, N.A.

8

9                    UNITED STATES DISTRICT COURT

10               CENTRAL DISTRICT OF CALIFORNIA
                        ED CV 10 - 01378
11  RENEE GAGLIANO, JEANNE-          Case No.
    WELLS, and RICHARD PHIPPS,
12      INDIVIDUALS                  NOTICE OF REMOVAL OF CIVIL
            Plaintiffs,              ACTION TO FEDERAL COURT
13
14  v.

15  WELLS FARGO BANK, N.A., a
    Delaware corporation; and DOES  1
16  through 10, inclusive,

17          Defendants.

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON       NOTICE OF REMOVAL OF CIVIL                CASE NO. _____
A Professional Corporation   ACTION TO FEDERAL COURT
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

1  TO THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL

2  DISTRICT OF CALIFORNIA:

3              PLEASE TAKE NOTICE that Defendant WELLS FARGO BANK,

4  NATIONAL ASSOCIATION ("Defendant"), hereby removes this action from the

5  Superior Court of California for the County of San Bernardino to the United States

6  District Court for the Central District of California. This removal is based on federal

7  question jurisdiction, 28 U.S.C. §§ 1331, 1337(a), 1367 and 1441.

8  **I.    TIMELINESS OF REMOVAL**

9              1.    Following decertification of their overtime class action by the

10  United States District Court in *In re Wells Fargo Home Mortgage Overtime Pay*

11  *Litigation*, 2010 U.S. Dist. Lexis 3132 (N.D. Cal. Jan. 13, 2010), certain Plaintiffs on

12  June 9, 2010, filed in San Bernardino County Superior Court, their complaint, and on

13  August 26, 2010, served on Wells Fargo, the instant Summons and Complaint entitled

14  Renee Gagliano, et al, all individuals vs. Wells Fargo Bank, National Association, and

15  Does 1 through 10, inclusive, case number CIVDS 1008071 ("Complaint"). The

16  Complaint alleges the following six purported causes of action against Defendant: (1)

17  Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime); (2)

18  Violation of California Labor Code §§ 2800 and 2802 (Unpaid Business Expenses);

19  (3) Violation of California Labor Code §§ 201 and 202 (Wages Not Timely Paid

20  Upon Termination); (4) Violation of California Labor Code § 204 (Wages Not Timely

21  Paid During Employment); (5) Violation of California Labor Code § 226(a) (Non-

22  compliant Wage Statements); and (6) Violation of California Business & Professions

23  Code §§ 17200, et seq., including an alleged violation of the Federal Fair Labor

24  Standards Act, 29 U.S.C. §§ 206 and 207 ("FLSA"). The Complaint is the initial

25  pleading setting forth the claim for relief upon which this action is based and may be

26  removed. This Notice of Removal is being filed within thirty (30) days after service

27  of the initial pleading and is timely filed pursuant to 28 U.S.C. § 1446(b) and Federal

28  Rules of Civil Procedure, Rule 6(a).

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT

CASE NO. _____

1     2.     Every process, pleading, and order served in this case is attached

2  as Exhibit "1" hereto, as required by 28 U.S.C. § 1446(a).

3  **II.     ORIGINAL JURISDICTION**

4     **A.     This Court Has Jurisdiction.**

5     3.     This Court has original jurisdiction under 28 U.S.C. §§ 1331,

6  1337(a), 1367 and 1441(a) or (b) over Plaintiffs' Sixth Cause of Action because it

7  arises "under the Constitution, laws or treaties of the United States" (28 U.S.C. §

8  1331); and/or it arises under "any Act of Congress regulating commerce or protecting

9  trade and commerce ..." (28 U.S.C. § 1337(a)); and it is a "civil action brought in a

10  State Court of which the district courts of the United States have original jurisdiction

11  ..." (28 U.S.C. § 1441 (a)); and/or it is a "civil action of which the district courts have

12  original jurisdiction founded on a claim or right arising under the Constitution, laws or

13  treaties of the United States ..." 28 U.S.C. § 1441(b).

14     4.     Plaintiff's Sixth Cause of Action alleges that "Defendants' policies

15  and practices of failing to pay overtime and minimum wages violate Fair Labor

16  Standards Act, 29 U.S.C. sections 206, 207." Complaint, ¶ 61. Those sections of the

17  FLSA are the basic requirements for payment of minimum wage and overtime unless

18  certain exemptions apply, e.g., 29 U.S.C. § 219(a); 29 C.F.R. § 541.2 (exemption for

19  outside sales persons). Plaintiffs also specifically allege that Defendant improperly

20  classified persons employed as home mortgage consultants, loan originators, loan

21  officers, mortgage specialists, reverse mortgage specialists and loan consultants as

22  exempt from overtime pay. Complaint ¶¶ 15, 17. Plaintiffs "incorporate by reference

23  and reallege" such claims in their Sixth Cause of Action. *Id.* ¶ 58.

24     5.     Plaintiffs' procedural use of California Unfair Competition Law

25  (Business and Professions Code Section 17200) does not convert their federal claim to

26  a state claim.   The Ninth Circuit and several district courts have recognized that a

27  federal court should exercise federal question jurisdiction over a section 17200 claim

28  that is based upon an alleged violation of federal law that requires interpretation of

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT         2.                          CASE NO. _____

1    that federal law. *Brennan v. Southwest Airlines*, 134 F.3d 1405, 1409 (9th Cir. 2004)

2    (federal jurisdiction upheld when Section 17200 claim in its essence required

3    interpretation of federal tax codes) and *People ex rel. Lockyer v. Dynegy Power*

4    *Marketing*, 375 F.3d 831, 841 n.6 (9th Cir. 2004) (since "the reference to and

5    necessity of relying upon federal law is unavoidable" to determine whether the

6    plaintiffs acted "unlawfully" or "unfairly" under section 17200, federal jurisdiction

7    upheld).

8              6.      In *National Credit Reporting Association, Inc. v. Experian*

9    *Information Solutions, Inc.*, 2004 U.S. Dist. Lexis 17303 (N.D. Cal. 2004), the

10   plaintiff included no cause of action labeled "violation of the Sherman Act." But

11   Plaintiff did allege a UCL claim, based upon "unlawful" conduct that "violates state

12   and federal antitrust laws ...." *Id.* at *3. Noting that "'Section 17200 borrows

13   violations of other laws and treats them as unlawful practices that the unfair

14   competition law makes independently actionable'", the court found that Plaintiff

15   squarely alleged a violation of federal antitrust laws by its reliance on those federal

16   laws as the "unfair, unlawful and deceptive" acts to state its UCL claim. *Id.* at *8,

17   *quoting Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20

18   Cal.4th 163, 180 (1999). As the district court explained:

19              As the master of its complaint, plaintiff could have avoided
              any issue of federal question and, instead, could have simply
20              borrowed state antitrust laws. But it did not. Rather,
              plaintiff's claim for unlawful business practices necessarily
21              rests on questions of federal antitrust law.

22   *Id.* at *8-9 (emphasis supplied).

23              7.      Relying on *National Credit Reporting Ass'n*, another California

24   district court also denied a motion to remand an action seeking restitution of overtime

25   under section 17200 where a violation of the FLSA was the "unlawful act" borrowed

26   for purposes of the UCL. *Wiley v. Trendwest Resorts, Inc.*, 2005 U.S. Dist. Lexis

27   35568 (N.D. Cal. May 3, 2005). The court noted that plaintiff did not refute that he

28   was pursuing his federal claim for overtime under the FLSA and the analysis of

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT

3.

CASE NO. _____

Page 93

1 whether Defendant's sales personnel fall within the FLSA's "inside salesperson"

2 exemption. "is precisely this analysis that establishes federal question jurisdiction."

3 *Id.* at *7-8 (emphasis supplied). .

4   8. Plaintiffs here—like the Plaintiffs in *Wiley*—allege a Section

5 17200 claim that borrows purported violations of the FLSA as the asserted "unfair,

6 unlawful and deceptive" acts. Plaintiffs allege that "Defendants' policies and

7 practices of failing to pay overtime and minimum wages violate Fair Labor Standards

8 Act, 29 U.S.C. sections 206, 207." Complaint, ¶ 61. Plaintiffs also specifically allege

9 that Defendant improperly classified persons employed as home mortgage consultants,

10 loan originators, loan officers, mortgage specialists, reverse mortgage specialists and

11 loan consultants as exempt from overtime pay. *Id.* ¶¶ 15, 17. Plaintiffs "incorporate

12 by reference and reallege" such claims in their Sixth Cause of Action seeking relief

13 based on the FLSA. *Id.* ¶ 58.

14   9. Since Plaintiffs' UCL claim necessarily rests on questions of

15 federal wage and hour law that must be resolved to determine whether they are

16 entitled to restitution of overtime to prevail in their Section 17200 claim, Plaintiffs

17 have raised a substantial federal question and by so doing, have granted this federal

18 court jurisdiction to resolve these federal questions. *Id.*

19  **B.** **The "Artful Pleading" Doctrine Would Apply.**

20   10. When a plaintiff does not plead a claim on its face based on federal

21 law, a federal court may nevertheless exercise removal under the "artful pleading"

22 doctrine. *Arco Environmental Remediation, LLC v. Dep't of Health & Environ. Qual.*

23 *Of the State of Montana*, 213 F.3d 1108, 1114 (9th Cir. 2000). As the Ninth Circuit

24 explained, "[a] plaintiff may not avoid federal jurisdiction by omitting from the

25 complaint federal law essential to his or her claim or by casting in state terms a claim

26 that can be made only under federal law." *Sparta Surgical Corp. v. National Assoc. of*

27 *Sec. Dealers*, 159 F.3d 1209, 1212 (9th Cir. 1998); *accord, Franchise Tax Bd. Of*

28 *Calif. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 22, 103 S. Ct. 2841 (1983).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL   4.   CASE NO. _____
ACTION TO FEDERAL COURT

1   The artful pleading doctrine requires courts to "delve beyond the face of the state

2   court complaint and find federal question jurisdiction" by "recharacterizing a

3   plaintiff's state-law claim as a federal claim." *Lippitt v. Raymond James Fin. Serv.,*

4   *Inc.*, 350 F.3d 1033, 1040 (9th Cir. 2003).

5         11.   The artful pleading doctrine applies when "some substantial,

6   disputed question of federal law is a necessary element of one of the well –pleaded

7   state claims. *Franchise Tax Bd. of California*, 463 U.S. at 13; *Skelly Oil Co. v.*

8   *Phillips Petroleum Co.*, 339 U.S. 667, 673, 70 S. Ct. 876 (1950); *Brennan v.*

9   *Southwest Airlines Co.*, 134 F.3d 1405, 1409 (9th Cir. 1998). As a corollary, the

10   artful pleading doctrine also requires removal when the right to relief depends on the

11   resolution of a substantial, disputed federal question. *ARCO Environmental*

12   *Remediation, LLC. v. Dept of Health & Environmental Quality of State of Montana,*

13   213 F.3d 1108, 1114 (9th Cir. 2000).

14         12.   In one of the seven cases Plaintiffs' counsel has filed, Judge Percy

15   Anderson's opinion in remanding *Williams v. Wells Fargo Bank* (formerly USDC

16   Case No. 2:10-cv-04761-PA-PJW), misreads Plaintiffs' complaint and the governing

17   law, stating "there is no indication in the complaint that this misclassification is based

18   on exemptions set forth in federal law, as opposed to California law." (Opinion at p.

19   3) Respectfully, we note that Plaintiffs unambiguously plead in *Williams* and here

20   that "Defendants' policies and practices of failing to pay overtime and minimum

21   wages violate Fair Labor Standards Act, 29 U.S.C. sections 206, 207." Complaint, ¶

22   61. By so alleging, federal overtime exemptions necessarily are placed at issue, since

23   the FLSA specifically states in section 213, "[t]he provisions of section 206 ... and

24   section 207 of this title shall not apply with respect to [various overtime exemptions]."

25         13.   Judge Anderson also believed mistakenly, we submit, that *National*

26   *Credit Reporting* and *Wiley* are inapposite. He believed plaintiffs there did not allege

27   both a state and federal law violation under their UCL claims. That was error.

28   Plaintiff in *National Credit* did allege a single cause of action under the UCL.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT                5.                      CASE NO. _____

Page 95

1    Plaintiff stated  "Defendants' wrongful conduct described above (i) violates both state

2    and federal antitrust laws...." (emphasis added) 2004 U.S. Dist. Lexis 17303 at

3    *3. The Plaintiff's *National Credit* claim was indistinguishable from Plaintiffs' claims

4    here, which allege overtime as both a state law and FLSA violation.

5        14.    Further, the tactic of including a state law claim within a UCL

6    claim must not be allowed to circumvent federal question jurisdiction where as here a

7    substantive federal law claim also is included in the same UCL claim.  Here, for

8    example, if Plaintiffs prevail on their state law-based UCL claim for restitution for

9    unreimbursed business expenses, such a ruling would not resolve their claim for

10   overtime and minimum wage under the FLSA. To resolve Plaintiffs' FLSA overtime

11   claim, the FLSA must be interpreted, regardless of what state laws they also allege

12   under the UCL.

13       **C.    This Court Has Supplemental Jurisdiction.**

14       15.    Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental

15   jurisdiction over Plaintiffs' remaining causes of action because they are substantially

16   related to their sixth cause of action.  Because these causes of action arise from the

17   same nucleus of operative facts as do the sixth cause of action, all should be tried in

18   one action. *Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 714 (9th Cir.

19   1990).  Considerations of convenience, judicial economy and fairness to the litigants

20   strongly favor this Court exercising jurisdiction over Plaintiffs' entire Complaint.

21   *United Mine Workers v. Gibbs*, 383 U.S. 715, 725-26 (1966).

22   **III.    VENUE**

23       16.    Venue lies in the Central District of California pursuant to 28

24   U.S.C. §§ 1441 and 1446(a).  This action originally was brought in the Superior Court

25   of California, County of San Bernardino.

26   **IV.    NOTICE OF REMOVAL**

27       17.    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this

28   Notice of Removal will be given to counsel for the Plaintiffs, and a copy of the Notice

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL
ACTION TO FEDERAL COURT             6.                    CASE NO. _____

Page 96

1    of Removal will be filed with the Clerk of the Superior Court for the County of San

2    Bernardino.

3              WHEREFORE, Defendant respectfully requests this action be duly

4    removed to this Court, and that it proceed herein.

5    Dated:    September 10, 2010

6

7

8                                              _____
                                               LINDBERGH PORTER, JR.
9                                              RICHARD H. RAHM
                                               ALISON S. HIGHTOWER
10                                             LITTLER MENDELSON
                                               A Professional Corporation
11                                             Attorneys for Defendant
                                               WELLS FARGO BANK, N.A.

12   Firmwide:97234415.1 051995.1029

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL OF CIVIL                    7.                    CASE NO. _____
ACTION TO FEDERAL COURT

# EXHIBIT 9

*Pope, et al. v. Wells Fargo Bank, N.A.*
Case No.: 2:10-cv-02807-WBS-KJM
DECLARATION OF MÓNICA BALDERRAMA IN SUPPORT OF PLAINTIFFS' REPLY TO
DEFENDANT'S OPPOSITION TO MOTION TO REMAND

**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4761 PA (PJWx) | Date | August 9, 2010 |
|---|---|---|---|

| Title | Denetrice Williams, et al. v. Wells Fargo Bank, N.A. | | |
|---|---|---|---|

Present: The
Honorable         PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:         Attorneys Present for Defendants:

None                                         None

**Proceedings:**         IN CHAMBERS - COURT ORDER

 Before the Court is a Motion to Remand (Docket No. 14) filed by plaintiffs Michael Alday, Daniel Alton, Diana Anguiano, Sandy Barresi, Jayson Biacan, Debra Boban, Yvette Bonilla, Tracy Borja, Lee Botsford, Kirk Bridges, Benjamin Bryan, Nora Burrell, Norma Bustos, Norma Caywood, Jeffrey Cereda, Antonio Chavez, David Cox, DOES, Gary Damsen, Maria De La Rosa, Cheryl Doherty, Dennis Donohue, Tina Dover, Joyce Drake, Manuel Esparza, Jonathan Farook, Tamera Field, Steven Fox, Michael Golini, Jr, Frank Gordon, Gloria Green, Connie Hafker, Mark Hamilton, Charles Hawkins, Michelle Haynes, Benjamin Heinrichs, Jeff Henderson, Jason Hopson, Cher Horrice, Eric Horvat, James Jackson, Jr, Pamela Johnson, Nazim Karim, Marsha Kaye, Shaista Khan, Linda L. Lane, Karin Bates Laskowski, Carryne Latada, Sean Logan, Shannon Magdaleno, Panos Marfazelian, Kathleen Matthews, Joseph McGreevy, Lidia Murillo, Pia Nakao, Luis Nanez, Octavio Navarro, Eli Nolan, Armando Padilla, Mecia Padilla, Mathro Paryani, Paul Perrone, Karen Pike, Wendy Poteet, Renae Powers, Earl Reason, Sean Reese, Jerry Reimers, Delorice Richardson, Brian Robbins, Jessica Robinson, Ceilo Rodriguez, Alfonso Rudolph, Deborah Russell, Margaret Sabino, Neyda Salazar, Thomas Scabareti, Toni Schexnayder, Gregory Schneider, Ronald Sequeira, Stanley Shechtman, Steve Shirzadi, Jonathan Shrum, Jasvinder Singh, Matthew Sorrenti, Linda Summers, Lorie Sunga, Jacob Swalwell, Jeff Tarkington, Patrick Alexander Toy, Travis Tramel, Raymond Valite, Nancy Vanni, Rodrigo Vianna, Dawn Wiley, Denetrice Williams ("Plaintiffs"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing scheduled for August 9, 2010 is vacated, and the matter taken off calendar.

 This action arises out of Plaintiffs' allegations that defendant Wells Fargo Bank, N.A. ("Defendant") misclassified them as exempt from overtime and failed to pay wages for overtime compensation. Plaintiffs were employed by Defendant as "Home Mortgage Consultants" sometime between February 10, 2001 and the present. During that time, Plaintiffs were paid on a commission sales basis and were never paid any overtime or premium pay. On May 30, 2010, Plaintiffs brought this action against Defendant in the Superior Court for the County of Los Angeles, alleging (1) violation California Labor Code §§ 510 and 1198 for unpaid overtime; (2) violation of California Labor Code §§ 2800 and 2802 for unpaid business expenses; (3) violation California Labor Code §§ 201 and 202 for

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-4761 PA (PJWx) | Date | August 9, 2010 |
|---|---|---|---|

| Title | Denetrice Williams, et al. v. Wells Fargo Bank, N.A. | |

wages not timely paid upon termination; (4) violation California Labor Code § 204 for wages not timely paid during employment; (5) violation California Labor Code § 226(a) for non-compliant wage statements; and (6) violation of California Business & Professions Code §§ 17200, et seq.

Defendant filed a Notice of Removal on June 28, 2010, alleging that this Court has federal question jurisdiction over this matter. (Docket No. 1.) Plaintiffs maintain that they have only alleged state law claims, and thus there is no basis for subject matter jurisdiction. The Court agrees.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, a removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). The plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If a plaintiff can maintain his claim on both state and federal grounds, he may ignore the federal question and assert only a state law claim and thereby defeat removal. Hunter v. United Van Lines, 746 F.2d 635, 641 (9th Cir. 1984). A narrow exception to this general principle exists where a plaintiff uses "artful pleading" to disguise a federal claim as a state claim. Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987). However, the "artful pleading" doctrine is invoked "only in exceptional circumstances as it raises difficult issues of state and federal relationships and often yields unsatisfactory results." Salveson v. Western States Bankcard Association, 731 F.2d 1423, 1427 (9th Cir. 1984).

Defendant contends that federal jurisdiction exists here because federal law creates the cause of action and Plaintiffs' right to relief depends upon the resolution of a substantial question of federal law.

First, Defendant seems to argue that Plaintiffs have effectively alleged a separate federal claim by alleging violation of the UCL based on violation of a federal law. However, this argument fails. California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq., prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "By proscribing 'any unlawful' business practices, section 17200 'borrows' violations of other laws and

Page 100

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4761 PA (PJWx) | Date | August 9, 2010 |
| --- | --- | --- | --- |

| Title | Denetrice Williams, et al. v. Wells Fargo Bank, N.A. | | |
| --- | --- | --- | --- |

treats them as unlawful practices that the unfair competition law makes independently actionable." Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., 20 Cal.4th 163, 180 (1999) (internal quotations and citations omitted). As such, the "unlawful" prong of the UCL effectively turns a violation of the underlying law into a per se violation of the UCL. Id.

By contending that Plaintiffs have alleged a federal claim insofar as their UCL claim is based on FLSA, Defendant is asking that this Court treat UCL claims and the violations upon which they are based as one and the same. However, Defendant has not cited, and the Court has not found, any authority which supports this position. Indeed, Defendant's view seems to directly contradict the California Supreme Court's characterization of the UCL as a statute that "borrows" violations of other laws and makes them "independently actionable." Accordingly, the Court does not find that Plaintiffs have somehow alleged a federal cause of action by basing their UCL claim in part on Defendant's alleged violation of FLSA.

Defendant also argues that Plaintiffs' right to relief depends upon the resolution of a substantial question of federal law. More specifically, Defendant contends that because most of Plaintiffs' claims stem from their allegations that Defendant misclassified them as exempt from overtime compensation, and Plaintiffs' overtime claim is entirely dependent on an interpretation of the FLSA, the resolution of Plaintiffs' claims depends upon the resolution of whether Defendant violated the FLSA.

Defendant's argument is not persuasive. Although Defendant is correct in noting that most of Plaintiffs' claims stem from allegations that Defendant improperly classified them as exempt, there is no indication in the complaint that this misclassification is based on exemptions set forth in federal law, as opposed to California law. Further, the cases that Defendant cites in support of its argument are inapposite. Defendant cites to several cases in which courts have found that there was federal question jurisdiction over a UCL claim based upon an alleged violation of federal law. See, e.g., Brennan v. Southwest Airlines, 134 F.3d 1405, 1409 (9th Cir. 2004); People ex rel. Lockyer v. Dynegy Power Marketing, 375 F.3d 831, 846 n. 6 (9th Cir. 2004); Nat'l Credit Reporting Assn. v. Perian Information Solutions, Inc., 2004 U.S. Dist. LEXIS 17303 (N.D. Cal. July 21, 2004); Wiley v. Trendwest Resorts, Inc., 2005 U.S. Dist. LEXIS 35568 (N.D. Cal. May 3, 2005). However, each of these cases is distinguishable because they address UCL claims based on either the violation of a federal statute over which the federal courts have exclusive jurisdiction, or the violation of a single federal statute, with no allegations of state law violations. See Brennan, 134 F.3d at 1409-10 (finding that plaintiffs' action was actually a tax refund suit for which only the Internal Revenue Code could provide a remedy); Dynegy, 375 F.3d at 839-40 (finding that complaint was an attempt to enforce federal tariffs over which district courts have exclusive jurisdiction under the Federal Power Act); Nat'l Credit Reporting, 2004 U.S. Dist. LEXIS 17303 at *7 (finding that UCL claim required interpretation of the Sherman Act, which grants exclusive jurisdiction to the federal courts); Wiley, 2005 U.S. Dist. LEXIS 35568 at *6 (finding UCL claim gave rise to federal question jurisdiction because it was "premised solely on Plaintiffs' ability to prove that Defendant violated the FLSA").

| CV-90 (06/04) | CIVIL MINUTES - GENERAL | Page 3 of 4 |
| --- | --- | --- |

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4761 PA (PJWx) | Date | August 9, 2010 |
|---|---|---|---|

| Title | Denetrice Williams, et al. v. Wells Fargo Bank, N.A. |
|---|---|

Where a plaintiff has alleged a UCL claim based on both the violation of state and federal law, courts have found that federal question jurisdiction does not exist. See, e.g., Holliman v. Kaiser Foundation Health Plan, 2006 U.S. Dist. LEXIS 14627 at *13 (N.D. Cal. March 14, 2006) (finding no federal question jurisdiction where UCL claim was based on violations of California Labor Code and FLSA); Roskind v. Morgan Stanley Dean Witter & Co., 165 F.Supp.2d 1059, 1067 (N.D. Cal. April 11, 2001) (finding no federal question jurisdiction where UCL claim was based on "unfair" misrepresentations and violation of the National Association of Securities Dealers rules); Castro v. Providian Nat'l Bank, 2000 U.S. Dist. LEXIS 19062 at *8-9 (N.D. Cal. Dec. 29, 2000) (finding that even if plaintiffs were basing UCL claim on violation of federal Truth in Lending Act ("TILA") in addition to violations of California law, claim did not depend on question of federal law because jury could find violation of section 17200 without finding violation of TILA).

Here, Plaintiffs have alleged a UCL claim based on a number of "unlawful" acts, which include two FLSA violations in addition to nine violations of the California Labor Code. Because a single unlawful business practice may give rise to liability under the UCL, a jury could very well find that Defendant violated section 17200 without also finding that it violated the FLSA. As such, Plaintiffs' UCL claim does not depend upon the resolution of a question of federal law.

For the foregoing reasons, the Court grants Plaintiffs' Motion and remands this action to Los Angeles County Superior Court, Case No. BC438024 for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c). Defendant's Motion to Dismiss (Docket No. 8) and Request for Judicial Notice (Docket No. 12) are denied as moot. The hearing currently calendared for August 16, 2010, is vacated and the matter taken off calendar

IT IS SO ORDERED.

# EXHIBIT 10

*Pope, et al. v. Wells Fargo Bank, N.A.*
Case No.: 2:10-cv-02807-WBS-KJM
DECLARATION OF MÓNICA BALDERRAMA IN SUPPORT OF PLAINTIFFS' REPLY TO
DEFENDANT'S OPPOSITION TO MOTION TO REMAND

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 10-1085 PA (PJWx) | | Date | September 17, 2010 |
|---|---|---|---|---|
| Title | Pamela Overfield, et al. v. Wells Fargo Bank, N.A. | | | |

---

Present: The Honorable    PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:              Attorneys Present for Defendants:

None                                                    None

**Proceedings:**        IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Remand (Docket No. 6) filed by plaintiffs Anthony Aguilar, Sumrina R. Ahmed, Ruben Amaro, Patricia Bauer, Benita Beshoar, Sally Betancourt, Imelda A. Bretado, Diana L. Brown, Dreama Brown, Robin Brown, Debra Delores Bruton, Tammy Byrd, Heidi M. Caccamise, Caryn Elizabeth Camerano, Jack D. Campbell, Catherine D. Carr, Roxanne Joyce Castro, William R. Cathcart, Arla M. Chalmers, Anup Arne Chandiram, Estevan Chantes, Linda Collier, Susan Corner, Nathan Correa, Jason Andrew Corsentino, Russell Csonka, Dean Damron, Mike A. Dauden, Allen Patch David, Valerie Derry, Nancy Dittemore, Francis Michael Dulay, Ingrid Escalante, Mario M. Estrada, David R. Fellner, James Flanagan, Dawn Michelle Friesell, Cynthia Garcia, David Garibay, Petra Gilmore, Carlos Alberto Gomez, Eric Griffiths, Jr., Guadalupe Guzman, Anh Ha, Nate Maher Habbas, Nicholas P. Halapoff, James Harrington, Rachael Hartley, Michael Holbrook, Kenneth R. Holz, James Horton, Jr., Kevin T. Hsu, Jimmy Yee Ping Huang, Marcus Hughes, Chante M. Irvin, Rodney L. Jacobson, Candance Jones, Shay Kosta, Junior Kwon, Corbett L. Laurie, Linsee Lear, Sandra Lewis, Jeffrey T. Liew, Mike Lindeblad, Michael A. Madison, Jason Edward Math, Jeffry Leroy Mather, David M. Maxon, Susan Thuy McGuinness, Allison McLane, Katherine Renee Meza, Stacey Kathryn Montague, Sohail K. Moosani, Claudia Ocegueda, Pamela Overfield, Jean Paradis, Paula Pena, Alan Rhein, Martin Roach, Barbara Roberson, Laurie Roos, Joel Robles, Deanne Ruelas, Vahid Salehi, Kristin Scott, Shahab Munir Siddiqui, Crystal Siraton, Concela Tarver, Charles B. Thompson, David Valencia, Marco Antonio Valenzuela, Miguel A. Valle, Arlene M. Villarin-Simonian, Karen Walsh, Vicki J. Walsh, Stephen E. Willis, Susanna W. Yu, and Patrick D. Zellar (collectively "Plaintiffs"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.

This action arises out of Plaintiffs' allegations that defendant Wells Fargo Bank, N.A. ("Defendant") misclassified them as exempt from overtime and failed to pay wages for overtime compensation. Plaintiffs were employed by Defendant as "Home Mortgage Consultants" sometime between February 10, 2001 and the present. During that time, Plaintiffs were paid on a commission sales basis and were never paid any overtime or premium pay. On June 2, 2010, Plaintiffs brought this action against Defendant in the Superior Court for the County of Orange, alleging violations of

---

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | SA CV 10-1085 PA (PJWx) | Date | September 17, 2010 |
|----------|-------------------------|------|--------------------|

| Title | Pamela Overfield, et al. v. Wells Fargo Bank, N.A. |
|-------|---------------------------------------------------|

(1) California Labor Code §§ 510 and 1198 for unpaid overtime; (2) California Labor Code §§ 2800 and 2802 for unpaid business expenses; (3) California Labor Code §§ 201 and 202 for wages not timely paid upon termination; (4) California Labor Code § 204 for wages not timely paid during employment; (5) California Labor Code § 226(a) for non-compliant wage statements; and (6) California Business & Professions Code §§ 17200, et seq.

Defendant filed a Notice of Removal on July 16, 2010, alleging that this Court has federal question jurisdiction over this matter. (Docket No. 1.) Plaintiffs maintain that Defendant has failed to meet its burden in establishing that there is federal subject matter jurisdiction. The Court agrees.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, a removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). The plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If a plaintiff can maintain his claim on both state and federal grounds, he may ignore the federal question and assert only a state law claim and thereby defeat removal. Hunter v. United Van Lines, 746 F.2d 635, 641 (9th Cir. 1984). A narrow exception to this general principle exists where a plaintiff uses "artful pleading" to disguise a federal claim as a state claim. Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987). However, the "artful pleading" doctrine is invoked "only in exceptional circumstances as it raises difficult issues of state and federal relationships and often yields unsatisfactory results." Salveson v. Western States Bankcard Association, 731 F.2d 1423, 1427 (9th Cir. 1984).

Defendant contends that federal jurisdiction exists here because federal law creates the cause of action and Plaintiffs' right to relief depends upon the resolution of a substantial question of federal law.

First, Defendant seems to argue that Plaintiffs have effectively alleged a separate federal claim by alleging violation of the UCL based on violation of a federal law. However, this argument fails. California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq., prohibits any

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SA CV 10-1085 PA (PJWx)                         Date    September 17, 2010

Title       Pamela Overfield, et al. v. Wells Fargo Bank, N.A.

"unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "By proscribing 'any unlawful' business practices, section 17200 'borrows' violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., 20 Cal.4th 163, 180 (1999) (internal quotations and citations omitted). As such, the "unlawful" prong of the UCL effectively turns a violation of the underlying law into a per se violation of the UCL. Id.

By contending that Plaintiffs have alleged a federal claim insofar as their UCL claim is based on FLSA, Defendant is asking that this Court treat UCL claims and the violations upon which they are based as one in the same. However, Defendant has not cited, and the Court has not found, any authority which supports this position. Indeed, Defendant's view seems to directly contradict the California Supreme Court's characterization of the UCL as a statute that "borrows" violations of other laws and makes them "independently actionable." Accordingly, the Court does not find that Plaintiffs have somehow alleged a federal cause of action by basing their UCL claim in part on Defendant's alleged violation of FLSA.

Defendant also argues that Plaintiffs' right to relief depends upon the resolution of a substantial question of federal law. More specifically, Defendant contends that because most of Plaintiffs' claims stem from their allegations that Defendant misclassified them as exempt from overtime compensation, and Plaintiffs' overtime claim is entirely dependent on an interpretation of the FLSA, the resolution of Plaintiffs' claims depends upon the resolution of whether Defendant violated the FLSA.

Defendant's argument is not persuasive. Although Defendant is correct in noting that most of Plaintiffs' claims stem from allegations that Defendant improperly classified them as exempt, there is no indication in the complaint that this misclassification is based on exemptions set forth in federal law, as opposed to California law. Further, the cases that Defendant cites in support of its argument are inapposite. Defendant cites to several cases in which courts have found that there was federal question jurisdiction over a UCL claim based upon an alleged violation of federal law. See, e.g., Brennan v. Southwest Airlines, 134 F.3d 1405, 1409 (9th Cir. 2004); People ex rel. Lockyer v. Dynegy Power Marketing, 375 F.3d 831, 846 n. 6 (9th Cir. 2004); Nat'l Credit Reporting Assn. v. Perian Information Solutions, Inc., 2004 U.S. Dist. LEXIS 17303 (N.D. Cal. July 21, 2004); Wiley v. Trendwest Resorts, Inc., 2005 U.S. Dist. LEXIS 35568 (N.D. Cal. May 3, 2005). However, each of these cases is distinguishable because they address UCL claims based on either the violation of a federal statute over which the federal courts have exclusive jurisdiction, or the violation of a single federal statute, with no allegations of state law violations. See Brennan, 134 F.3d at 1409-10 (finding that plaintiffs' action was actually a tax refund suit for which only the Internal Revenue Code could provide a remedy); Dynegy, 375 F.3d at 839-40 (finding that complaint was an attempt to enforce federal tariffs over which district courts have exclusive jurisdiction under the Federal Power Act); Nat'l Credit Reporting, 2004 U.S. Dist. LEXIS 17303 at *7 (finding that UCL claim required interpretation of the Sherman Act, which grants exclusive jurisdiction to the federal courts); Wiley, 2005 U.S. Dist. LEXIS 35568 at *6 (finding UCL

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 10-1085 PA (PJWx) | Date | September 17, 2010 |
|---|---|---|---|

| Title | Pamela Overfield, et al. v. Wells Fargo Bank, N.A. |
|---|---|

claim gave rise to federal question jurisdiction because it was "premised solely on Plaintiffs' ability to prove that Defendant violated the FLSA").

Where a plaintiff has alleged a UCL claim based on both the violation of state and federal law, courts have found that federal question jurisdiction does not exist. See, e.g., Holliman v. Kaiser Foundation Health Plan, 2006 U.S. Dist. LEXIS 14627 at *13 (N.D. Cal. March 14, 2006) (finding no federal question jurisdiction where UCL claim was based on violations of California Labor Code and FLSA); Roskind v. Morgan Stanley Dean Witter & Co., 165 F.Supp.2d 1059, 1067 (N.D. Cal. April 11, 2001) (finding no federal question jurisdiction where UCL claim was based on "unfair" misrepresentations and violation of the National Association of Securities Dealers rules); Castro v. Providian Nat'l Bank, 2000 U.S. Dist. LEXIS 19062 at *8-9 (N.D. Cal. Dec. 29, 2000) (finding that even if plaintiffs were basing UCL claim on violation of federal Truth in Lending Act ("TILA") in addition to violations of California law, claim did not depend on question of federal law because jury could find violation of section 17200 without finding violation of TILA).

Here, Plaintiffs have alleged a UCL claim based on a number of "unlawful" acts, which include two FLSA violations in addition to nine violations of the California Labor Code. Because a single unlawful business practice may give rise to liability under the UCL, a jury could very well find that Defendant violated section 17200 without also finding that it violated the FLSA. As such, Plaintiffs' UCL claim does not depend upon the resolution of a question of federal law.

For the foregoing reasons, the Court grants Plaintiffs' Motion and remands this action to Orange County Superior Court, Case No. 00377574 for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c). Defendant's Motion to Dismiss (Docket No. 5), Request for Judicial Notice (Docket No. 9), and Motion to Stay (Docket No. 18) are denied as moot.

IT IS SO ORDERED.

# EXHIBIT 11

*Pope, et al. v. Wells Fargo Bank, N.A.*
Case No.: 2:10-cv-02807-WBS-KJM
DECLARATION OF MÓNICA BALDERRAMA IN SUPPORT OF PLAINTIFFS' REPLY TO
DEFENDANT'S OPPOSITION TO MOTION TO REMAND

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 10-1098 PA (PJWx) | Date | September 17, 2010 |
|---|---|---|---|

| Title | Sharon Sosa, et al. v. Wells Fargo Bank, N.A. |
|---|---|

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Remand (Docket No. 6) filed by plaintiffs Ankur Baishya, Irina Barbarov, Natalie Daliah Barrantes, Richard W. Barrera, Katrina Marie Barry, Bradley Mark Beaudette, Todd S. Bell, Irene Betancourt, Barbara Boukather, Barbara G. Bright, Harold Broughton, Melanie L. Buffington, Robert Allen Burke, Christopher R. Cacal, Anita Calvillo, Aloysius Casanas, Evelyn D. Chavez, Robert Chiuppi, Robert Weston Collins, Linnet Conley, Vadim Danilin, Raj K. Ditta, Julie Ann Donald, Melissa Escobar, Denine Fadell, Richard M. Faust, Curtis C. Garrett, Bryan John Gener, Everado Godoy, Jr., Lissette Gonzalez, Martin S. Greenman, Hanan O. Haddad, Natalie Henderson, William Gilbert Hernandez, Lizabeth Marie Hill, Ryan Christopher Holtz, Dustin M. Holzhausen, Chris Howell, Weldon R. Howlett, Abby Izurieta, Alberto J. Izurieta, Jennifer Maries Jumenez, John Kelly, John P. Lang, Sue E. Large, Edmond H. Lee, Kathleen Louise Lewis, Bill Ying Li, Lawrence Lien, Vicky J. Lopez, Darren William Manson, Deborah L. Marcoux, Chad James Matthews, Eileen McCracken, Dexter McLean, Daniel Quintin McMorrow, Stephen R. Metz, II, Jose Reyes Molina, Daun Monroe, Margaret Garcia Moreno, Susan Leslie Padfield, Ernest P. Page, Christina Peng, Bonnie Lois Perry, Barbara R. Potter, Heather Lee Presha, Nathaniel Adam Price, Catherine F. Rangel, William Reed, Alejandro Rodriguez, Edgar Alfredo Rosales, Christopher S. Ross, Bradford Paul Sanborn, Diane O. Santos, Traci Schram, Denis Schultz, Erminia Sedillo, Dan Shackelford, Lynnette Shaul, Beth Ann Slovak, Erick Sosa, Sharon Y. Sosa, Patrick Earl Stewart, Piyaresth Tangchaidee, Kristoffer R. Thompson, Javier Trevizo, Robert Conrad Trommler, Bill Vang, Giuseppe F. Visconti, Allison Vitug, Roy West, II, Vielka Alvarado Wiggins, Anthony R. Williams, Cynthia C. Yee, and Shuwen Zou (collectively "Plaintiffs"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.

This action arises out of Plaintiffs' allegations that defendant Wells Fargo Bank, N.A. ("Defendant") misclassified them as exempt from overtime and failed to pay wages for overtime compensation. Plaintiffs were employed by Defendant as "Home Mortgage Consultants" sometime between February 10, 2001 and the present. During that time, Plaintiffs were paid on a commission sales basis and were never paid any overtime or premium pay. On June 9, 2010, Plaintiffs brought this action against Defendant in the Superior Court for the County of Riverside, alleging violations of

Page 109

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | ED CV 10-1098 PA (PJWx) | Date | September 17, 2010 |
|---|---|---|---|

| Title | Sharon Sosa, et al. v. Wells Fargo Bank, N.A. |
|---|---|

(1) California Labor Code §§ 510 and 1198 for unpaid overtime; (2) California Labor Code §§ 2800 and 2802 for unpaid business expenses; (3) California Labor Code §§ 201 and 202 for wages not timely paid upon termination; (4) California Labor Code § 204 for wages not timely paid during employment; (5) California Labor Code § 226(a) for non-compliant wage statements; and (6) California Business & Professions Code §§ 17200, et seq.

Defendant filed a Notice of Removal on July 26, 2010, alleging that this Court has federal question jurisdiction. (Docket No. 1.) Plaintiffs maintain that Defendant has failed to meet its burden in establishing that there is federal subject matter jurisdiction. The Court agrees.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, a removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). The plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If a plaintiff can maintain his claim on both state and federal grounds, he may ignore the federal question and assert only a state law claim and thereby defeat removal. Hunter v. United Van Lines, 746 F.2d 635, 641 (9th Cir. 1984). A narrow exception to this general principle exists where a plaintiff uses "artful pleading" to disguise a federal claim as a state claim. Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987). However, the "artful pleading" doctrine is invoked "only in exceptional circumstances as it raises difficult issues of state and federal relationships and often yields unsatisfactory results." Salveson v. Western States Bankcard Association, 731 F.2d 1423, 1427 (9th Cir. 1984).

Defendant contends that federal jurisdiction exists here because federal law creates the cause of action and Plaintiffs' right to relief depends upon the resolution of a substantial question of federal law.

First, Defendant seems to argue that Plaintiffs have effectively alleged a separate federal claim by alleging violation of the UCL based on violation of a federal law. However, this argument fails. California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq., prohibits any

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 10-1098 PA (PJWx) | Date | September 17, 2010 |
|---|---|---|---|

| Title | Sharon Sosa, et al. v. Wells Fargo Bank, N.A. | | |

"unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "By proscribing 'any unlawful' business practices, section 17200 'borrows' violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., 20 Cal.4th 163, 180 (1999) (internal quotations and citations omitted). As such, the "unlawful" prong of the UCL effectively turns a violation of the underlying law into a per se violation of the UCL. Id.

By contending that Plaintiffs have alleged a federal claim insofar as their UCL claim is based on FLSA, Defendant is asking that this Court treat UCL claims and the violations upon which they are based as one in the same. However, Defendant has not cited, and the Court has not found, any authority which supports this position. Indeed, Defendant's view seems to directly contradict the California Supreme Court's characterization of the UCL as a statute that "borrows" violations of other laws and makes them "independently actionable." Accordingly, the Court does not find that Plaintiffs have somehow alleged a federal cause of action by basing their UCL claim in part on Defendant's alleged violation of FLSA.

Defendant also argues that Plaintiffs' right to relief depends upon the resolution of a substantial question of federal law. More specifically, Defendant contends that because most of Plaintiffs' claims stem from their allegations that Defendant misclassified them as exempt from overtime compensation, and Plaintiffs' overtime claim is entirely dependent on an interpretation of the FLSA, the resolution of Plaintiffs' claims depends upon the resolution of whether Defendant violated the FLSA.

Defendant's argument is not persuasive. Although Defendant is correct in noting that most of Plaintiffs' claims stem from allegations that Defendant improperly classified them as exempt, there is no indication in the complaint that this misclassification is based on exemptions set forth in federal law, as opposed to California law. Further, the cases that Defendant cites in support of its argument are inapposite. Defendant cites to several cases in which courts have found that there was federal question jurisdiction over a UCL claim based upon an alleged violation of federal law. See, e.g., Brennan v. Southwest Airlines, 134 F.3d 1405, 1409 (9th Cir. 2004); People ex rel. Lockyer v. Dynegy Power Marketing, 375 F.3d 831, 846 n. 6 (9th Cir. 2004); Nat'l Credit Reporting Assn. v. Perian Information Solutions, Inc., 2004 U.S. Dist. LEXIS 17303 (N.D. Cal. July 21, 2004); Wiley v. Trendwest Resorts, Inc., 2005 U.S. Dist. LEXIS 35568 (N.D. Cal. May 3, 2005). However, each of these cases is distinguishable because they address UCL claims based on either the violation of a federal statute over which the federal courts have exclusive jurisdiction, or the violation of a single federal statute, with no allegations of state law violations. See Brennan, 134 F.3d at 1409-10 (finding that plaintiffs' action was actually a tax refund suit for which only the Internal Revenue Code could provide a remedy); Dynegy, 375 F.3d at 839-40 (finding that complaint was an attempt to enforce federal tariffs over which district courts have exclusive jurisdiction under the Federal Power Act); Nat'l Credit Reporting, 2004 U.S. Dist. LEXIS 17303 at *7 (finding that UCL claim required interpretation of the Sherman Act, which grants exclusive jurisdiction to the federal courts); Wiley, 2005 U.S. Dist. LEXIS 35568 at *6 (finding UCL

Page 111

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | ED CV 10-1098 PA (PJWx) | Date | September 17, 2010 |
|---|---|---|---|
| Title | Sharon Sosa, et al. v. Wells Fargo Bank, N.A. | | |

claim gave rise to federal question jurisdiction because it was "premised solely on Plaintiffs' ability to prove that Defendant violated the FLSA").

Where a plaintiff has alleged a UCL claim based on both the violation of state and federal law, courts have found that federal question jurisdiction does not exist. See, e.g., Holliman v. Kaiser Foundation Health Plan, 2006 U.S. Dist. LEXIS 14627 at *13 (N.D. Cal. March 14, 2006) (finding no federal question jurisdiction where UCL claim was based on violations of California Labor Code and FLSA); Roskind v. Morgan Stanley Dean Witter & Co., 165 F.Supp.2d 1059, 1067 (N.D. Cal. April 11, 2001) (finding no federal question jurisdiction where UCL claim was based on "unfair" misrepresentations and violation of the National Association of Securities Dealers rules); Castro v. Providian Nat'l Bank, 2000 U.S. Dist. LEXIS 19062 at *8-9 (N.D. Cal. Dec. 29, 2000) (finding that even if plaintiffs were basing UCL claim on violation of federal Truth in Lending Act ("TILA") in addition to violations of California law, claim did not depend on question of federal law because jury could find violation of section 17200 without finding violation of TILA).

Here, Plaintiffs have alleged a UCL claim based on a number of "unlawful" acts, which include two FLSA violations in addition to nine violations of the California Labor Code. Because a single unlawful business practice may give rise to liability under the UCL, a jury could very well find that Defendant violated section 17200 without also finding that it violated the FLSA. As such, Plaintiffs' UCL claim does not depend upon the resolution of a question of federal law.

For the foregoing reasons, the Court grants Plaintiffs' Motion and remands this action to Riverside County Superior Court, Case No. RIC10011491 for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c). Defendant's Motion to Dismiss (Docket No. 8), Request for Judicial Notice (Docket No. 10), and Motion to Stay (Docket No. 22) are denied as moot.

IT IS SO ORDERED.

# EXHIBIT 12

*Pope, et al. v. Wells Fargo Bank, N.A.*
Case No.: 2:10-cv-02807-WBS-KJM
DECLARATION OF MÓNICA BALDERRAMA IN SUPPORT OF PLAINTIFFS' REPLY TO
DEFENDANT'S OPPOSITION TO MOTION TO REMAND

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 10-1378 PA (PJWx) | Date | September 29, 2010 |
|---|---|---|---|
| Title | Renee Gagliano, et al. v. Wells Fargo Bank, N.A. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Wells Fargo Bank, N.A ("Defendant"). (Docket No. 1.) Defendant asserts that subject matter jurisdiction exists based on federal question jurisdiction. See 28 U.S.C. § 1331.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, a removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). The plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If a plaintiff can maintain his claim on both state and federal grounds, he may ignore the federal question and assert only a state law claim and thereby defeat removal. Hunter v. United Van Lines, 746 F.2d 635, 641 (9th Cir. 1984). A narrow exception to this general principle exists where a plaintiff uses "artful pleading" to disguise a federal claim as a state claim. Sullivan v. First Affiliated Sec., Inc., 813 F. 2d 1368, 1372 (9th Cir. 1987). However, the "artful pleading" doctrine is invoked "only in exceptional circumstances as it raises difficult issues of state and federal relationships and often yields unsatisfactory results." Salveson v. Western States Bankcard Association, 731 F.2d 1423, 1427 (9th Cir. 1984).

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 10-1378 PA (PJWx) | Date | September 29, 2010 |
|---|---|---|---|

| Title | Renee Gagliano, et al. v. Wells Fargo Bank, N.A. |
|---|---|

Here, Defendant contends that federal question jurisdiction exists because the resolution of Plaintiffs Renee Gagliano, Jeanne Wells, and Richard Phipps' claims depends upon the resolution of whether Defendant violated the Federal Labor Standards Act. However, as the parties are aware, the Court has already decided in other, identical actions involving the same counsel and the same Defendant, that the right to relief does not depend upon the resolution of a substantial question of federal law. See Denetrice Williams, et al. v. Wells Fargo Bank, N.A., CV 10-4761 PA (PJWx); Sharon Sosa, et al. v. Wells Fargo Bank, N.A., ED CV 10-1098 PA (PJWx); Pamela Overfield, et al. v. Wells Fargo Bank, N.A., SA CV 10-1085 PA (PJWx). Similar to the plaintiffs in Sosa, Williams, and Overfield, Plaintiffs here have alleged a UCL claim based on a number of "unlawful" acts, which include two FLSA violations in addition to nine violations of the California Labor Code. Because a single unlawful business practice may give rise to liability under the UCL, a jury could very well find that Defendant violated section 17200 without also finding that it violated the FLSA. As such, the Court concludes that Plaintiffs' UCL claim does not depend upon the resolution of a question of federal law.

Defendant has failed to meet its burden of showing that federal question jurisdiction exists over this action. Accordingly, the Court remands this action to San Bernardino County Superior Court, Case No. 1008071 for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

# EXHIBIT 13

*Pope, et al. v. Wells Fargo Bank, N.A.*
Case No.: 2:10-cv-02807-WBS-KJM
DECLARATION OF MÓNICA BALDERRAMA IN SUPPORT OF PLAINTIFFS' REPLY TO
DEFENDANT'S OPPOSITION TO MOTION TO REMAND



1  Kevin J. McInerney, Esq. (46941)
   kevin@mcinerneylaw.net
2  Kelly McInerney, Esq. (200017)
   kelly@mcinerneylaw.net
3  Charles A. Jones, Esq. (224915)
   caj@mcinerneylaw.net
4  McINERNEY & JONES
   18124 Wedge Parkway #503
5  Reno, NV 89511
   Telephone:    (775) 849-3811
6  Facsimile:    (775) 849-3866

7  James F. Clapp, Esq. (145814)
   jclapp@sdlaw.com
8  Marita Murphy Lauinger, Esq. (199242)
   mlauinger@sdlaw.com
9  Zachariah P. Dostart, Esq. (255071)
   zdostart@sdlaw.com
10 DOSTART CLAPP GORDON & COVENEY, LLP
   4370 La Jolla Village Drive, Suite 970
11 San Diego, CA 92122
   Telephone:    (858) 623-4200
12 Facsimile:    (858) 623-4299

13 *Attorneys for Plaintiff*

14

15                    UNITED STATES DISTRICT COURT

16                   NORTHERN DISTRICT OF CALIFORNIA

17 DENA LAWLESS SANCHEZ,            Civil Case No. 10   0909

18          Plaintiff,
                                    Filed as a Tag-Along Case to MDL
19     v.                           No. 06-1770 Assigned to the
                                    Honorable Marilyn Hall Patel
20 WELLS FARGO BANK, N.A.,
                                    COMPLAINT FOR:
21          Defendant.
                                    1.) Violation of the Fair Labor
22                                      Standards Act (29 U.S.C. §207);
                                    2.) Violation of California Labor Code
23                                      §§ 510 and 1194; and
                                    3.) Violation of California Business and
24                                      Professions Code §17200, *et seq.*

25

26

27

28

                                                        COMPLAINT

# I.
## THE PARTIES

1.     The Plaintiff, Dena Lawless Sanchez, is and at all times relevant has been a resident and citizen of the State of California.  Between approximately October 2002 and March 2004, the Plaintiff was employed by the Defendant Wells Fargo Bank, N.A. as a Home Mortgage Consultant ("HMC"), during which time she was employed under the name Dena Lawless. Plaintiff worked at the Defendant's offices located in San Jose, California and Menlo Park, California.

2.     The Defendant Wells Fargo Bank, N.A. is a business entity incorporated in a state other than California and headquartered in San Francisco, California.  The Defendant operates, as a separate division, an entity headquartered outside the State of California which sells and originates home mortgage loans.  At all times relevant, the Defendant Wells Fargo Bank, N.A. (hereinafter "Wells") employed the Plaintiff in the State of California as a Home Mortgage Consultant to originate and produce mortgage loans.

3.     Since February 11, 2005, the Plaintiff was a putative class member in an action entitled *Mevorah v. Wells Fargo*, Case No. 3:05-cv-01175-MHP, which action subsequently became a part of MDL Coordination Proceeding No. M:06-cv-01770-MHP.  Class certification in *Mevorah* was denied by the Honorable Marilyn Hall Patel on January 13, 2010.  Plaintiff asserts that during the pendency of the *Mevorah* action as a class suit, the statute of limitations was tolled.

# II.
## JURISDICTION AND VENUE

4.     The federal court has jurisdiction over this action pursuant to Title 28, U.S.C. Section 1331 because a violation of the Fair Labor Standards Act (Title 29, U.S.C. Section 207) is alleged.

-1-                                                        COMPLAINT

5.      Venue is proper in the Northern District of California because this action is filed as a tag-along action to MDL No. M:06-cv-01770-MHP, *In re Wells Fargo Home Mortgage Consultant Overtime Litigation.* The Honorable Marilyn Hall Patel is the judge assigned to this MDL proceeding. Venue is also proper in the Northern District of California because the Defendant is headquartered in this district.

### III.
### STATEMENT OF FACTS

6.      The Plaintiff was employed by the Defendant as an HMC in California between approximately October 2002 and March 2004. During this period of time, the Plaintiff worked and was assigned to Wells offices located in San Jose, California and Menlo Park, California.

7.      While employed as an HMC, the Plaintiff was engaged in originating and producing home loans. Her primary role was selling and this was performed from fixed locations.

8.      The Defendant compensated the Plaintiff on a commission sales basis and did not monitor the hours or activities of the Plaintiff. The Defendant paid the Plaintiff based upon loans that actually closed and recorded. Defendant never paid the Plaintiff any overtime or premium pay despite the fact that the Plaintiff routinely worked in excess of eight hours per day and in excess of forty (40) hours per week. Rather, the Defendant classified the Plaintiff as overtime exempt.

9.      The Plaintiff was, in fact, at all times relevant a non-exempt employee under both the Fair Labor Standards Act and the California Labor Code. Defendant's misclassification and failure to pay Plaintiff overtime was willful because Wells never monitored her actual work activities to determine whether she was an exempt worker.

\\\

\\\

-2-                                                                    COMPLAINT

## IV.
### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
(Failure to Pay Overtime)

10.     Plaintiff re-alleges the preceding paragraphs of this complaint and hereby incorporates them by reference.

11.     The Defendant improperly and unlawfully treated the Plaintiff during her employment between approximately October 2002 and March 2004 as a worker exempt from the protection of the overtime laws and particularly the overtime protection provided by the Fair Labor Standards Act, Title 29, U.S.C. Section 207.  The Defendant failed to pay the Plaintiff overtime wages as required and is therefore liable to her for all such sums including attorneys' fees and costs.  Because the Defendant's failure was willful in that it made no effort to monitor the actual activities or hours worked, the Defendant is liable for liquidated damages or, alternatively, for interest on the unpaid overtime wages.

## V.
### SECOND CAUSE OF ACTION
### VIOLATION OF THE CALIFORNIA LABOR CODE §§510 AND 1194
(Failure to Pay Overtime)

12.     Plaintiff re-alleges the preceding paragraphs of this complaint and hereby incorporates them by reference.

13.     Defendant's misclassification of the Plaintiff as overtime exempt between 2002 and 2004 was unlawful because it was in violation of the California Labor Code §§510 and 1194.  Defendant is therefore liable to the Plaintiff for overtime wages, interest thereon, costs, and reasonable attorneys' fees.

\\\

\\\

\\\

-3-                                          COMPLAINT

# VI.
## THIRD CAUSE OF ACTION
### VIOLATION OF THE UNFAIR BUSINESS PRACTICES ACT, BUSINESS AND PROFESSIONS CODE §17200, *ET SEQ.*

14.    Plaintiff re-alleges the preceding paragraphs of this complaint and hereby incorporates them by reference.

15.    The Defendant's failure to pay overtime as mandated by the Fair Labor Standards Act and the Defendant's failure to pay overtime as required by the California Labor Code constituted unlawful and unfair business practices.  These failures to pay overtime also constituted an attempt by the Defendant to gain unfair competitive advantage over other lenders because the Defendant misclassified all its Home Mortgage Consultants as overtime exempt and paid none of them the overtime or premium pay required under the law.

16.    Accordingly, Defendant is liable to the Plaintiff for restitution of all overtime pay with interest thereon and costs.

### PRAYER

Wherefore, the Plaintiff prays for the following relief:

1.   For overtime or premium pay as calculated under the Fair Labor Standards Act plus liquidated damages thereon or, alternatively, interest thereon;

2.   For payment of overtime wages as calculated under the California Labor Code with interest thereon, costs, and reasonable attorneys' fees;

3.   For restitution of all overtime wages due Plaintiff under the California Unfair Business Practices Act with interest thereon and costs; and

-4-

COMPLAINT

4. For such other and further relief as this Court may deem appropriate.

Dated: March 2, 2010

Respectfully submitted,

MCINERNEY & JONES
DOSTART CLAPP GORDON & COVENEY LLP

By: _____

Kelly McInerney
*Attorneys for Plaintiff*

-5-                                    COMPLAINT