UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| MARIE POPE, AUDREY CHRISTINA EDISON, TIMOTHY L. MILLER, ANTHONY CHARLES MARTIN, RONALD REIZENSTEIN, JENNIFER RENAUD, JENNIFER ACHAN, CINDI MARTIN, RUBEN TORRES, ALFRED YOUNAN, FRANK CORTES, JOSEPH HOUSTON, ARTURO R. ORTEGA, RONNA I. WEBB, WILLIAM J. BLACKMAN, LESLIE G. SMITH, JOHN R. ELO, JACQUELINE ALLEN, ADRIAN JOHN DAHLSTEDT, SARAI SHAMAYIM CRAIN, BEVERLY MITCHELL, MARTHA E. MARTINEZ, EMMELY HENDERSON, LATANYA MORRIS, ROY O. MCCLISH, MATTHEW ALEXANDER, CHRISTEEN MEDINA FARLEY, and CHRISTOPHER PAUL DAVIS, all individuals, | NO. CIV. 2:10-2807 WBS KJM <br><br> MEMORANDUM AND ORDER RE: MOTIONS TO REMAND AND TO DISMISS |
| Plaintiffs, | |
| v. | |
| WELLS FARGO BANK, N.A., a Delaware corporation; and DOES 1 through 10, inclusive, | |
| Defendants. | |

----oo0oo----

1

Plaintiffs Marie Pope, Audrey Christina Edison, Timothy L. Miller, Anthony Charles Martin, Ronald Reizenstein, Jennifer Renaud, Jennifer Achan, Cindi Martin, Ruben Torres, Alfred Younan, Frank Cortes, Joseph Houston, Arturo R. Ortega, Ronna I. Webb, William J. Blackman, Leslie G. Smith, John R. Elo, Jacqueline Allen, Adrian John Dahlstedt, Sarai Shamayim Crain, Beverly Mitchell, Martha E. Martinez, Emmely Henderson, Latanya Morris, Roy O. McClish, Matthew Alexander, Christeen Medina Farley, and Christopher Paul Davis brought this action in state court against defendant Wells Fargo Bank, N.A. ("Wells Fargo"), arising out of plaintiffs' employment with Wells Fargo. Defendant removed the case to federal court, and plaintiffs now move to remand the case to state court. Defendant also moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, to strike pursuant to Rule 12(f), and for a more definite statement pursuant to Rule 12(e).

## I.   Factual and Procedural Background

This action arises out of plaintiffs' allegations that defendant misclassified them as exempt from overtime and failed to pay wages for overtime compensation. Plaintiffs were employed by defendant as Home Mortgage Consultants, Loan Originators, Loan Officers, Mortgage Specialists, Loan Consultants, Mortgage Consultants, Loan Processors, and Reverse Mortgage Specialists during the period between February 10, 2001 and the present. (Compl. ¶¶ 5, 13.) During that time, plaintiffs were paid on a commission sales basis and were never paid any overtime or premium pay. (Id. ¶ 15.) On October 1, 2010, plaintiffs brought

2

this action against defendant in the Superior Court for the
County of Solano, alleging (1) violations of California Labor
Code sections 510 and 1198 for unpaid overtime; (2) violations of
California Labor Code sections 2800 and 2802 for unpaid business
expenses; (3) violations of California Labor Code sections 201
and 202 for wages not timely paid upon termination; (4)
violations of California Labor Code section 204 for wages not
timely paid during employment; (5) violations of California Labor
Code section 226(a) for non-compliant wage statements; and (6)
violations of California's Unfair Competition Law ("UCL"),
Business and Professions Code sections 17200-17210, for
violations of California Labor Code sections 510, 1198, 226.7,
512(a), 2800, 2802, 201, 202, 204, and the Fair Labor Standards
Act, 29 U.S.C. §§ 206, 207.

Defendant filed a Notice of Removal on October 18,
2010, alleging that this court has federal question jurisdiction
over the matter. (Docket No. 1.) Plaintiffs now move to remand
on the basis that they have only alleged state law claims, and
defendants move to dismiss pursuant to Federal Rule of Civil
Procedure 12(b)(6), to strike pursuant to Rule 12(f), and for a
more definite statement pursuant to Rule 12(e).

II. Discussion

    A.    Motion to Remand[1]

As a preliminary matter, the court notes that four

---

[1] Because the court must find that it has jurisdiction before it can rule on a motion to dismiss, the court first addresses plaintiffs' motion to remand the case to state court. See Ballesteros v. Charter Coll., LLC, No. CV 10-5735, 2010 WL 3929432, at *1 (C.D. Cal. Oct. 4, 2010).

cases identical to this one except as to the names of the plaintiffs have been remanded by Judge Percy Anderson in the Central District of California. (<u>See</u> Pls.' Mem. of P. & A. in Supp. of Mot. to Remand at 2:7-18.)  It would be inconsistent for this court to deny the motion to remand after four identical cases have been remanded by a federal district court.  As Judge Anderson explained, no grounds exist for conferring federal question jurisdiction.  <u>See</u> <u>Williams v. Wells Fargo Bank, N.A.</u>, No. CV 10-4761, 2010 WL 3184248 (C.D. Cal. Aug. 9, 2010). Plaintiffs do not bring a federal claim.  Their only reference to federal law is most generously viewed as an alternate theory of liability not necessary to the claim; it is more realistically viewed as a defensive tactic, not a theory of liability at all. Thus, the court must grant plaintiffs' motion to remand.

   Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution or by statute.  <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  However, a removed action must be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).

   Under 28 U.S.C. § 1331, the court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint rule."  <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 (1987).  Under the rule, "federal jurisdiction exists only when a

4

1  federal question is presented on the face of the plaintiff's
2  properly pleaded complaint." Id.  If the complaint does not
3  specify whether a claim is based on federal or state law, it is a
4  claim "arising under" federal law only if it is "clear" that it
5  raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480,
6  1485 (9th Cir. 1996).  The plaintiff is generally the "master of
7  the claim." Caterpillar, 482 U.S. at 392.

8      Plaintiffs do not bring any federal causes of action.
9  The only reference to federal law within the state law claims in
10 plaintiffs' Complaint is found in the claim for violations of
11 California's UCL, which mentions various state laws and one
12 federal law: the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§
13 206-207.

14     The UCL prohibits any "unlawful, unfair or fraudulent
15 business act or practice." Cal. Bus. & Prof. Code § 17200.  "By
16 proscribing 'any unlawful' business practice, 'section 17200
17 borrows violations of other laws and treats them as unlawful
18 practices' that the unfair competition law makes independently
19 actionable." Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.,
20 20 Cal. 4th 163, 180 (1999) (quoting State Farm Fire & Cas. Co.
21 v. Super. Ct., 45 Cal. App. 4th 1093, 1103 (2d Dist. 1996),
22 abrogated on other grounds by Cel-Tech, 20 Cal. 4th at 185).  As
23 such, the "unlawful" prong of the UCL effectively turns a
24 violation of the underlying law into an independently actionable
25 claim under state law. Id.  Thus, UCL claims and the violations
26 on which they are based are not one and the same.  Alleging that
27 defendant violated a federal law under the UCL does not mean that
28 plaintiffs have alleged a federal cause of action. See Fleenor

5

v. Cmty. One Fin., No. 2:10-cv-01302 GEB DAD, 2010 WL 2889767, at *2 (E.D. Cal. July 21, 2010) ("Plaintiff's alleged violations of federal law 'just shape [the] court's interpretation' of his section 17200 claim." (quoting Int'l Union of Operating Eng'rs v. Cnty. of Plumas, 559 F.3d 1041, 1045 (9th Cir. 2009))).

A narrow exception to the well-pleaded complaint rule exists where a plaintiff uses "artful pleading" to disguise a federal claim as a state claim. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987). The "artful pleading" doctrine is invoked "only in exceptional circumstances as it raises difficult issues of state and federal relationships and often yields unsatisfactory results." Salveson v. W. States Bankcard Ass'n, 731 F.2d 1423, 1427 (9th Cir. 1984), superseded on other grounds by 28 U.S.C. § 1441(e). That is not what plaintiff has done here.

The artful pleading doctrine applies in "(1) complete preemption cases, and (2) substantial federal question cases. Subsumed within this second category are those cases where the claim is necessarily federal in character, or where the right to relief depends on the resolution of a substantial, disputed federal question." Lippit v. Raymond James Fin. Serv., Inc., 340 F.3d 1033, 1041-42 (9th Cir. 2003) (internal citations omitted).[2] In determining whether a state law cause of action arises under federal law and confers federal question jurisdiction, the proper "question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal

---

[2] Defendant does not allege that the FLSA preempts state law.

1  forum may entertain without disturbing any congressionally
2  approved balance of federal and state judicial responsibilities."
3  Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg, 545 U.S.
4  308, 314 (2005).  A claim raises a substantial federal question
5  when its resolution requires interpretation or application of
6  federal law.  Hendricks v. Dynegy Power Mktg., Inc., 160 F. Supp.
7  2d 1155, 1162 (S.D. Cal. 2001).

8       "When a claim can be supported by alternative and
9  independent theories--one of which is a state law theory and one
10 of which is a federal law theory--federal question jurisdiction
11 does not attach because federal law is not a necessary element of
12 the claim."  Rains v. Criterion Sys., Inc., 80 F.3d 339, 346 (9th
13 Cir. 1996).  Here, plaintiffs have alleged a UCL claim based on a
14 number of "unlawful" acts, which include two FLSA violations in
15 addition to nine violations of the California Labor Code.
16 Because a single unlawful business practice may give rise to
17 liability under the UCL, a jury could very well find that
18 defendant violated the UCL without also finding that it violated
19 the FLSA.  Thus, federal law is not a necessary element of
20 plaintiffs' claim.

21      Courts have consistently found that federal question
22 jurisdiction does not exist where a plaintiff has alleged a UCL
23 claim based on violations of both state and federal law.  See,
24 e.g., Fleenor, 2010 WL 2889767, at *2 (finding no federal
25 question jurisdiction where UCL claim pled violations of multiple
26 federal and California statutes because the federal violations
27 were not a "necessary element" of the claim); Pelloni v. WE:
28 Women's Entm't Network, No. CV 08-05612, 2008 WL 4501845, at *6

7

Case 2:10-cv-02807-WBS -KJM   Document 14   Filed 11/29/10   Page 8 of 12

1  (C.D. Cal. Oct. 5, 2008) ("Given the narrow judicial construction
2  of 'substantial federal question' jurisdiction, the mere fact
3  that the UCL claims <u>could</u> be derivative of FLSA or RICO claims
4  does not establish jurisdiction."); <u>Holliman v. Kaiser Found.</u>
5  <u>Health Plan</u>, No. C-06-0755, 2006 WL 662430, at *4 (N.D. Cal. Mar.
6  14, 2006) (finding no federal question jurisdiction where UCL
7  claim was based on violations of California Labor Code and FLSA);
8  <u>Roskind v. Morgan Stanley Dean Witter & Co.</u>, 165 F. Supp. 2d
9  1059, 1067 (N.D. Cal. 2001) (finding no federal question
10 jurisdiction where UCL claim was based on misleading statements
11 as well as violation of the National Association of Securities
12 Dealers rules); <u>Castro v. Providian Nat'l Bank</u>, No. C-00-4256,
13 2000 WL 1929366, at *3 (N.D. Cal. Dec. 29, 2000) (finding that
14 even if plaintiffs were basing UCL claim on violation of federal
15 Truth in Lending Act in addition to violations of California law,
16 claim did not depend on question of federal law because jury
17 could find UCL violation without finding violation of the Act);
18 <u>see also</u> <u>Briggs v. First Nat'l Lending Serv.</u>, No. C 10-00267,
19 2010 WL 962955, at *3 (N.D. Cal. Mar. 16, 2010); <u>Gebhard v. Bank</u>
20 <u>of Am., N.A.</u>, No. 2:09-CV-03159 GEB JFM, 2010 WL 580995, at *7
21 (E.D. Cal. Feb. 11, 2010).
22         In contrast, cases finding federal question
23 jurisdiction from a UCL claim based upon an alleged violation of
24 federal law have been based on either the violation of a federal
25 statute over which federal courts have exclusive jurisdiction or
26 the violation of a single federal statute with no allegations of
27 state law violations.  <u>See, e.g.</u>, <u>Cal. ex rel. Lockyer v. Dynegy,</u>
28 <u>Inc.</u>, 375 F.3d 831, 839-41 (9th Cir. 2004) (finding that

8

complaint was an attempt to enforce federal tariffs over which district courts have exclusive jurisdiction under the Federal Power Act); Brennan v. Sw. Airlines Co., 134 F.3d 1405, 1409-10 (9th Cir. 1998) (finding that plaintiffs' action was actually a tax refund suit for which only the Internal Revenue Code could provide a remedy); Wiley v. Trendwest Resorts, Inc., No. C 04-432, 2005 WL 1030220, at *2 (N.D. Cal. May 3, 2005) (finding UCL claim gave rise to federal question jurisdiction because it was "premised solely on Plaintiffs' ability to prove that Defendant violated the FLSA"); Nat'l Credit Reporting Ass'n v. Experian Info. Solutions, Inc., No. C04-01661, 2004 WL 1888769, at *3 (N.D. Cal. July 21, 2004) (finding that UCL claim required interpretation of federal antitrust laws).

   Defendant makes the attenuated argument that plaintiffs' UCL claim necessarily depends on federal law because "[w]ithout the FLSA claim, Plaintiffs would not have a maintainable overtime claim in the face of Defendant's exemption defenses." (Def.'s Opp'n to Pls.' Mot. to Remand at 14:23-24 (Docket No. 10).) There is no indication in the Complaint that plaintiffs necessarily rely on exemptions set forth in federal law, as opposed to California law. Defendant thus is essentially asking the court to judge the merits of the claim and find that only the federal basis is meritorious. The court must limit its jurisdictional analysis to the face of the Complaint. See Leo v. Alameda Cnty. Med. Ctr., No. C 06-03799, 2006 WL 2669001, at *2-3 (N.D. Cal. Sept. 18, 2006); see also Taylor v. Anderson, 234 U.S. 74, 75-76 (1914) (whether a case arises under federal law "must be determined from what necessarily appears in the plaintiff's

statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant might interpose"), quoted in Lippitt v. Raymond James Fin. Serv., 340 F.3d 1033, 1040 (9th Cir. 2003); Lippitt, 340 F.3d at 1043 ("While we express no opinion on whether Lippitt has made sufficiently detailed allegations of deception and fraud to survive in state court a demurrer or motion on the pleadings, his allegations are sufficient . . . to sustain the elements of his § 17200 claim without resort to federal law."). Thus, the court will not consider the merits of plaintiffs' state law claims in deciding whether to remand.

The availability of an exemption under state law is an affirmative defense for which a defendant bears the burden of proof. Ramirez v. Yosemite Water Co., 20 Cal. 4th 785, 795 (1999). For the court to find that plaintiffs' UCL claim necessarily depends on federal law, it would have to go through the substantive analysis of considering the affirmative defense, finding that plaintiffs were exempt under state law, and then considering plaintiffs' alternate theory of liability under federal law. Such an exercise on a motion to remand would be premature and improper.

Since plaintiffs' UCL claim does not depend upon the resolution of a question of federal law, the court does not have subject matter jurisdiction over the case. Accordingly, the court will grant plaintiffs' motion to remand. See Williams, 2010 WL 3184248 (remanding nearly identical case to state court for lack of subject matter jurisdiction).

B.   Costs and Attorney Fees

10

1           Plaintiffs request an award of costs and attorney fees incurred as a result of removal.  (Pls.' Notice of Mot. & Mot. to Remand; Mem. of P. & A. in Supp. Thereof at 1:24-27.)  Upon granting a motion for remand, a federal court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005).  The objective reasonableness of removal is measured at the time of removal.  <u>Valdes v. Wal-Mart Stores, Inc.</u>, 199 F.3d 290, 293 (5th Cir. 2000).

           Here, although defendant's arguments were ultimately found to lack merit, the court cannot conclude that defendant's removal lacked an objectively reasonable basis.  Accordingly, the court will deny plaintiffs' request for costs and attorney fees.

           IT IS THEREFORE ORDERED that plaintiffs' motion to remand be, and the same hereby is, GRANTED, and this action is hereby REMANDED to the Superior Court of the State of California, in and for the County of Solano.  Defendants' motion to dismiss, to strike, or for a more definite statement is therefore DENIED as moot.

           IT IS FURTHER ORDERED that plaintiffs' request for an award of costs and attorney fees be, and the same hereby is, DENIED.

11

1 | DATED:  November 24, 2010

```
                    _____
                    WILLIAM B. SHUBB
                    UNITED STATES DISTRICT JUDGE
```